

ROPES & GRAY LLP
PRUDENTIAL TOWER
800 BOYLSTON STREET
BOSTON, MA  02199-3600
WWW.ROPESGRAY.COM

October 5, 2012

Robert A. Skinner
T +1 617 951 7560
F +1 617 235 0434
robert.skinner@ropesgray.com

**VIA ECF**

The Honorable Claire C. Cecchi
United States District Court Judge
Martin Luther King Jr. Federal Building & U.S. Courthouse
50 Walnut Street
Newark, NJ 07101

      Re:    *Lincoln Adventures, LLC v. Those Certain Underwriters at Lloyd's, London*,
             No. 2:08-cv-00235-CCC-PS (Tag-Along in MDL No. 1663)

Dear Judge Cecci:

      We write on behalf of Certain Underwriters at Lloyd's, London named as defendants in the above-referenced tag-along action (the "Syndicates"), who have filed an appeal from a September 23, 2012 order entered by Magistrate Judge Shwartz requiring class-wide discovery (the "Discovery Order").[1]  *See* Dkt. No. 2232.  By way of this letter, the Syndicates respectfully request that the Court stay the Discovery Order while it considers this appeal.  As required by Local Civil Rule 72.1(C)(1)(B), the Syndicates sought an appeal in the first instance from Judge Shwartz, which she denied on the record during the status conference on October 3, 2012.

      Though the Syndicates have provided discovery specific to the *Lincoln Adventures* Plaintiffs' insurance placements, Judge Shwartz's Discovery Order compels sweeping and virtually unlimited class-wide discovery of all *other* U.S.-based insureds over an eleven-year period by October 24, 2012.  As addressed in further detail in the Syndicates' appeal, the Syndicates respectfully submit the Discovery Order is in error and the circumstances in *Lincoln Adventures* materially differ from those presented earlier in this MDL.  In brief, class-wide discovery is improper here because Plaintiffs' claims mirror those rejected by the Third Circuit's ruling and because the named Plaintiffs' own insurance placements were not even subject to contingent commissions.  Yet, notwithstanding these differences, the Discovery Order compels the Syndicates to respond to requests for detailed policy-level data regarding every insurance placement with any Syndicate by anyone in the United States over more than a decade (1997-2007), demands that for

---

[1] The defendants in this action who are parties to this submission are the following syndicates:  33, 102, 382, 435, 510, 570, 609, 623, 727, 958, 1003, 1084, 1096, 1183, 1245, 1886, 2001, 2003, 2020, 2623, 2791, and 2987.

ROPES & GRAY LLP

- 2 -                                                                                          October 5, 2012

several of the Syndicates encompass thousands, and in some cases tens of thousands, of insurance placements.  The Syndicates' preliminary investigation indicates that compliance with the Discovery Order implicates non-operational databases and back up storage tapes that would be difficult and costly to restore, as well as off-site paper records that would be unduly burdensome to review.  Beyond that, the Discovery Order further compels responses to over 57 document requests for wide-ranging categories of documents for that same period, supposedly relevant to contingent commissions, but extending well beyond that topic to disclosure of broker compensation generally and other unrelated subjects.  Complying with the Discovery Order therefore requires an enormously burdensome search through paper and electronic records of 23 different Syndicates, as well as searches of their electronic databases.

Crucially, the November 5, 2012 return date for the Syndicates' appeal will occur *after* the October 24, 2012 deadline presently set for compliance with the Discovery Order.  Consequently, the very burden sought to be prevented by the Syndicates' appeal has already begun to be imposed, and will be fully imposed before the appeal is even decided.  The Court can avoid that Catch-22 by staying the Discovery Order now pending consideration of the Syndicates' appeal.

Respectfully submitted,

*/s/ Robert A. Skinner*
Robert A. Skinner

cc:     All MDL counsel via ECF