**Robbins Geller Rudman & Dowd LLP**

| Atlanta | Chicago | Melville | Philadelphia | San Francisco |
| Boca Raton | Manhattan | Nashville | San Diego | Washington, DC |

Carmen A. Medici
cmedici@rgrdlaw.com

July 13, 2018

VIA ECF

The Hon. Magistrate Judge Joseph A. Dickson
United States District Court
   for the District of New Jersey
Martin Luther King, Jr. Building
   & U.S. Courthouse
50 Walnut Street, Room MLK 2D
Newark, NJ 07101

      Re:   *Lincoln Adventures, LLC v. Those Certain Underwriters at Lloyd's London*,
             No. 2:08-cv-00235-CCC-JAD

Dear Judge Dickson:

      On behalf of the Plaintiffs, I write in response to Your Honor's June 25, 2018 order following a call the same day requiring the parties to submit brief letters addressing the impact of the District Court's August 23, 2017 motion to dismiss opinion on the pending motions to compel.

      The June 25, 2018 order also required the production of certain contracts with Xchanging. Defendants produced the sample contracts, which make clear they have the right to request and/or access information from Xchanging, and that Defendants have control over the data Plaintiffs seek for purposes of Rule 34. The contract with Ins-Sure (the company who owns Xchanging) states:



REDACTED TEXT

      The parties are meeting and conferring on the scope of a data production. If those discussions do not bear fruit, we will promptly request the Court's intervention.

      With respect to the remaining pending motions, as we discussed on the June 25 call, the most efficient path forward is for the Court to rule on what has been referred to as the "scope"

**Robbins Geller**
**Rudman & Dowd LLP**

The Hon. Magistrate Judge Joseph A. Dickson
July 13, 2018
Page 2

motion, which was jointly submitted by the parties on April 26, 2013 (ECF 2495), with further correspondence submitted by the Plaintiffs on June 5, 2013 (ECF 2530). Because this motion is of fundamental importance to the case, the contours of any ruling resolving it would necessarily affect all of the other pending motions. And as the Court's Opinion on the Motion to Dismiss (ECF 2877) makes clear, that motion must be resolved in favor of the Plaintiffs.

Plaintiffs' motion to compel seeks the production of certain horizontal agreements among the Defendants referred to as "compensation agreements," particularly those referred to as lineslips and "binding authorities."[1] ECF 2495 at 2. It is the lack of disclosure of these agreements, which contained additional non-standard commissions, and which were the product of collusion rather than competition, that form the basis of Plaintiffs' case. The Court recognized as much in its Motion to Dismiss Opinion. There the Court described Plaintiffs' claims: "According to Plaintiffs, Lloyd's represents to its customers that . . . its syndicates 'compete for business, thus offering choice, flexibility and continuing innovation.' (SAC ¶69). However, the SAC describes several mechanisms the syndicates use to collaborate, rather than compete, with each other to determine pricing: open market placements, *lineslips, and binding authorities*. (*Id*. ¶¶74-75)." ECF 2877 at 3 (emphasis added). The Court went on: "Plaintiffs contend the Lloyd's Brokers and coverholders contribute to and conceal the anticompetitive nature of the Lloyd's Market in exchange for commissions that they do not disclose to their clients. (SAC ¶¶120-21). . . . Brokers and coverholders earn commissions by achieving volume and/or profit targets, and for placing insurance pursuant to *lineslips and binding authorities* as described above. (*Id*. ¶123). . . . [C]lients in the United States, including Plaintiffs, were not aware these commissions were being paid. (*Id.* ¶153)." ECF 2877 at 8-9 (emphasis added).

It is these very agreements, which make up the core of Plaintiffs' case that Defendants refuse to turn over.[2]

Prior to the Court's denial of the Motion to Dismiss, Defendants argued (starting at ECF 2495 at 9), that these agreements were irrelevant (*id*. at 9-16), and producing them would be overly burdensome. *Id.* at 17. Though not completely clear, at oral argument on June 25, it appears that Defendants have pivoted from their plainly wrong position in the briefing that the information sought has "nothing to do with their theory of the case" (ECF 2495 at 9) and is "in no way relevant to Plaintiffs' claim" and instead now rely primarily on the burden argument. Given

---

[1]   Binding authorities are also known as "coverholder agreements."

[2]   This is not the first time that Defendants have refused to turn over fundamental, relevant discovery. *See* ECF 2201 (ordering Defendants to respond to discovery on a class-wide, rather than individual, basis).

1452345_1

Robbins Geller
Rudman & Dowd LLP

The Hon. Magistrate Judge Joseph A. Dickson
July 13, 2018
Page 3

the Court's Motion to Dismiss Opinion, it is no wonder Defendants have abandoned the relevance argument. But they have also failed to show the burden arguments have merit. Moreover, without the relevance argument to lean on, Defendants' burden argument simply falls flat.[3] Though Defendants assert they have produced "nearly two million pages" (ECF 2495 at 16), the bulk of that, 1.6 million pages, was produced by a single Defendant – Syndicate 2488. The remaining Defendants produced an average of less than 17,000 pages each. More importantly, those paltry productions contain few of the key horizontal agreements among competitors that were not disclosed to US policyholders. Because these documents are central to Plaintiffs' claims, this key evidence of conspiracy in the possession of Defendants must be produced.

Put simply, and in the Court's own words, "[t]he compensation agreements are relevant to the scheme because the allegation that Lloyd's Brokers received substantial undisclosed compensation from Defendants shows they may have misled clients . . . ." ECF 2877 at 16. Plaintiffs' motion should be granted.

Once this motion is resolved, Plaintiffs request that the Court order the parties to meet and confer on the remaining motions, which are detailed in ECF 2530. Because of the ruling on the motion to dismiss, the passage of time, and the settlements with certain Defendants, the parties should be able to greatly narrow the pending disputes.

Should Your Honor desire, we are available for a hearing at your convenience.

Very truly yours,

CARMEN A. MEDICI

CAM:sll

cc: All Counsel (via ECF)

---

[3] The cases Defendants relied on in support of their burden argument (ECF 2495 at 17-18) are inapposite. For example, unlike *Eisai Inc. v. Sanofi-Aventis U.S., LLC*, No. 08-4168, 2012 WL 1299379 (D.N.J. Apr. 16, 2012), Plaintiffs here are not seeking **additional** documents from hundreds of additional custodians to supplement similar documents already produced. Nor can Defendants here claim that the costs of producing these documents would exceed the amount in controversy. In short, Defendants failed to establish that they meet any of the requirements of Fed. R. Civ. P. 26(b)(2)(C).

1452345_1