UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

Chambers of
**Joseph A. Dickson**
United States Magistrate Judge

Martin Luther King, Jr. Federal Bldg.
& U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07102
(973-645-2580)

### LETTER ORDER

August 23, 2018

*All counsel of record via ECF*

Re: **Lincoln Adventures, LLC v. Those Certain Underwriters at Lloyd's London**
    **Civil Action No. 2:08-cv-00235 (CCC) (JAD)**

Dear Counsel:

This matter comes before the Court upon Plaintiff's motion to compel the production of certain document discovery in *Lincoln Adventures, LLC v. Those Certain Underwriters at Lloyd's London*, No. 2:08-cv-00235 ("*Lincoln Adventures*"), a tag-along case action to MDL No. 1663. (ECF No. 2495).[1] Upon careful consideration of the parties' submissions and for the reasons stated below, Plaintiff's informal motion to compel, (ECF No. 2495), is **GRANTED** in part.

### I. BACKGROUND

This Order concerns all Plaintiffs in *Lincoln Adventures* and the remaining Defendant Syndicates. On April 19, 2013, Plaintiffs met and conferred with counsel for seventeen Defendants, during which meeting a dispute arose as to the scope of discovery in this case. (*See* Apr. 26, 2013 Letter at 3, ECF No. 2495). On April 26, 2013, the parties submitted a joint letter setting forth (a) Plaintiffs' motion to compel production of certain documents pursuant to

---

[1] Citations prefaced with "*Lincoln Adventures*" correspond to Civil Action No. 2:08-cv-00235. All other citations correspond to Civil Action No. 2:04-cv-05184.

1

outstanding discovery demands, and (b) Defendants' response to same. (ECF No. 2495). In the April 26, 2013, letter, Plaintiffs sought more complete responses to their requests for documents "relevant to Plaintiffs' claims regarding all types of agreements with contingent commission clauses, including, but not limited to, coverholder and binding authority agreements and lineslip agreements." (Plaintiffs' Proposed Order, ECF No. 2495-1).

On June 28, 2013, the Court issued an Order staying Plaintiffs' motion to compel until the District Court resolved a pending motion to dismiss. (ECF No. 2547). On September 26, 2013, Plaintiffs separately moved to compel Defendants' production of "policy-level data including Contingent Commissions paid" which were processed through a third-party vendor "Xchanging." (ECF No. 2579). The District Court administratively terminated the pending motion to dismiss on November 13, 2013, to allow for parallel briefing on a related motion to amend. (ECF No. 2612). On June 27, 2014, the District Court continued the administrative termination of the motion to dismiss and administratively terminated the related motion to amend to allow for mediation to proceed. (ECF No. 2654). On March 28, 2017, Defendants filed a renewed motion to dismiss the operative complaint. (ECF No. 2763). The District Court issued an Order denying Defendants' motion to dismiss on August 23, 2017. (ECF No. 2787).

The parties have made numerous attempts at mediation, most recently in April of 2018 before retired Judge Layne Philips. (*See, e.g., Lincoln Adventures* ECF No. 50). On May 16, 2018, Plaintiffs submitted a letter representing that the April mediation before Judge Philips was partially successful, resulting in settlements in principal with a number of Defendants, but that the parties were unable to reach a resolution regarding certain other Defendants. (ECF No. 2902).

On June 25, 2018, this Court held a telephone conference, at which the parties represented that the issues raised in Plaintiffs' April 2013 application were of fundamental importance to

resolving the remainder of this case. Based on the parties' discussion on the June 25, 2018, conference call, the Court Ordered supplemental briefing on the scope of outstanding discovery disputes and the parties' preferred procedure for resolution of those disputes. (ECF No. 2905). The parties submitted supplemental briefing setting forth their positions on the current posture of Plaintiffs' April 2013 motion to compel. (*Lincoln Adventures* ECF Nos. 54, 57, 58, and 59).

In Plaintiffs' July 13, 2018, supplemental submission, Plaintiffs renew their position previously set forth in the April 26, 2013, joint letter and again request the production of "certain horizontal agreements among the Defendants referred to as 'compensation agreements,' particularly those referred to as lineslips and 'binding authorities.'" (*Lincoln Adventures* ECF No. 54 at 2). Plaintiffs assert that these documents are relevant and discoverable because "[i]t is the lack of disclosure of these agreements, which contained additional non-standard commissions, and which were the product of collusion rather than competition, that form the basis of the Plaintiffs' case." (*Id.*).

In their July 13, 2018, letter, Plaintiffs also renew their previous demand for the "policy-level data including Contingent Commissions paid" which had been stored on the systems of Defendants' third party vendor "Xchanging." (*Id.* at 1). Plaintiffs assert that, to the extent that Defendants themselves have not maintained a complete set of "policy-level" data on the alleged "contingent commissions," Defendants are required to produce this data in the form in which it was processed and/or stored by Defendants' vendor "Xchanging." (*Lincoln Adventures* ECF Nos. 54, 60). Plaintiffs argue that any relevance objections regarding this "Xchanging" data were previously disposed of in the District Court's August 23, 2017, Opinion, (ECF No. 2877), and that sample contracts between Xchanging and certain Defendants show that Defendants "have the right

to request and/or access" the relevant data from Xchanging itself. (*Lincoln Adventures* ECF No. 54).

For the reasons stated below, Plaintiffs' request is granted as to the production of lineslips and binding authorities, with certain limitations.

## II. ANALYSIS

Federal Rule of Civil Procedure 26, as amended, states:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

FED. R. CIV. P. 26(b)(1). The amendment removes the prior provision that states, "[f]or good cause, the court may order discovery of any matter relevant to the subject matter involved in the action", and instead creates a proportionality standard. The Advisory Committee's Note states, "[p]roportional discovery relevant to any party's claim or defense suffices, given a proper understanding of what is relevant to a claim or defense." FED. R. CIV. P. 26(b) advisory committee's note to 2015 amendment. The amendment aimed to cure the prior misapplication of the Rule, in which litigants interpreted Rule 26 as suggesting that anything is "fair game" in discovery. *See* June 2014 RULES REPORT, http://www.uscourts.gov/rules-policies/archives/committee-reports/reports-judicial-conference-september-2014, n. 2, at II (a)(2)(d) ("Some even disregard the reference to admissibility, suggesting that any inquiry 'reasonably calculated' to lead to something helpful in the litigation is fair game in discovery. The proposed amendment will eliminate this incorrect reading of Rule 26(b)(1) while preserving the rule that inadmissibility is not a basis for opposing discovery of relevant information.").

4

The lineslips and binding authorities are relevant pursuant to any reasonable reading of Federal Rule of Civil Procedure 26(b). It is not necessary that the Court find that these documents have a "tendency to make a fact more or less probable" (FED. R. EVID. 401); rather, it is only important that the Court find the Federal Rule of Civil Procedure 26(b) standard is met in that these documents are "relevant to [the Plaintiffs'] claim[s]."

Although the parties emphasized different aspects of the various agreements, it is sufficient to note that Defendants state that the binding authority agreements provide that the "coverholder has underwriting discretion to set the terms of coverage, including price. While the form of compensation to the coverholder varies, with some agreements including a profit commission, the payment to coverholders is for the underwriting of policies." (Letter from Matthew M. Burke dated July 24, 2018 at 2-3).

Furthermore, lineslips contain information regarding compensation to the brokers. (*Id.* at 4). This case, as set forth by the District Court in her Honor's opinion denying Defendants' motion to dismiss, concerns an alleged conspiracy between Defendants and insurance brokers to "conceal the allegedly non-competitive nature of the Lloyd's Market." (ECF No. 2877 at 2). The District Court specifically found that the binding authorities and lineslips "are relevant to the [alleged] scheme." (*Id.* at 16). These documents, which address the relationship between the various Defendants as well as pricing of the coverages and sometimes compensation to certain brokers, are clearly discoverable. (*See* Letter from Carmen A. Medici dated July 25, 2018 at 3).

While Defendants all argue that searching and producing the lineslips will be unduly burdensome, they do not provide sufficient information to allow the Court to find that production of the lineslips and binding authority agreements will be disproportionate to the needs of the case.

Defendants do not explain how long it will take, how much it will cost, and how either of these two relate to the amount in controversy.

### III. CONCLUSION

Defendants are hereby ordered to produce lineslips and binding authorities. The Court recognizes that Defendants have already produced some number of these documents. Although the Court agrees that the documents are relevant, it is not clear to the Court why Plaintiffs need *all* lineslips and binding authority agreements. Accordingly, the parties shall meet and confer to determine how Defendants can search for and produce a random sampling of the documents in issue. The sampling should cover all years in question.[2]

The Court will render its decision regarding the production of "Xchanging" data at the hearing scheduled for Thursday, August 30, 2018, at 11:30 am.

**SO ORDERED**

_____
JOSEPH A. DICKSON, U.S.M.J.

cc:  Hon. Claire C. Cecchi, U.S.D.J.

---

[2] If the documents will be used by Defendants' experts to calculate damages, that factor may be used in determining the size of the sample.

6