SCOTT+SCOTT
ATTORNEYS AT LAW LLP
JONATHAN M. ZIMMERMAN
JOSEPH P. GUGLIELMO
The Helmsley Building
230 Park Avenue, 17th Floor
New York, NY 10169
Telephone:  212/223-6444
212/223-6334 (fax)
jzimmerman@scott-scott.com
jguglielmo@scott-scott.com

SCOTT+SCOTT
ATTORNEYS AT LAW LLP
ERIN GREEN COMITE
156 South Main Street
PO Box 192
Colchester, CT 06415
Telephone:  860/537-5537
860/537-4432 (fax)
ecomite@scott-scott.com

*Attorneys for Objectors Stephen G. Aquilina,
Luciana J. Aquilina, Audra M. Lane, and Scott K. Lane*

[Additional counsel on signature page.]

UNITED STATES DISTRICT COURT

DISTRICT OF NEW JERSEY

| | |
|---|---|
| LINCOLN ADVENTURES, LLC, a Delaware Limited Liability Company, and MICHIGAN MULTI-KING, INC., a Michigan Corporation, on Behalf of Themselves and All Those Similarly Situated,<br><br>　　　　　　　　　　Plaintiffs,<br><br>　vs.<br><br>THOSE CERTAIN UNDERWRITERS AT LLOYD'S, LONDON MEMBERS OF SYNDICATES, *et al.*,<br><br>　　　　　　　　　　Defendants. | No. 2:08-cv-00235-CCC-JAD<br><br><u>CLASS ACTION</u><br><br>**CONDITIONAL OBJECTION TO STIPULATION OF PARTIAL CLASS ACTION SETTLEMENT** |

# **TABLE OF CONTENTS**

INTRODUCTION ...................................................................................................1

BACKGROUND ....................................................................................................3

    A.    Factual Predicate to the *Aquilina* and Hawaii State Court Actions ......3

    B.    The Settlement's Release ..................................................................6

    C.    Hawaii Plaintiffs' Claims Are Not Based on the Same Factual Predicate as the Claims in *Lincoln Adventures* .......................................7

# **TABLE OF AUTHORITIES**

**PAGE(S)**

**CASES**

*Class Plaintiffs v. City of Seattle*,
  955 F.2d 1268 (9th Cir. 1992), *cert. denied*,
  *Hoffer v. City of Seattle*, 506 U.S. 953 (1992)......................................................8

*Grimes v. Vitalink Commc'ns Corp.*,
  17 F.3d 1553 (3rd Cir. 1994) ................................................................................8

*In re Prudential Ins. Co. of Am. Sales Practices Litig. Agent Actions*,
  148 F.3d 283 (3d. Cir. 1998) ................................................................................7

*People of the State of N.Y. ex rel. Spitzer v. Aon Corp.*,
  No. 02CV05184, 2005 WL 3741531 (D.N.J. Mar. 3, 2005)..............................10

*People of the State of N.Y. ex rel. Spitzer v. Marsh & McLennan Cos., Inc.*,
  No. 04403342, 2004 WL 3628855 (N.Y. Sup. Ct. Oct. 14, 2004).....................10

**OTHER AUTHORITIES**

Joseph B. Treaster, *Broker Accused of Rigging Bids for Insurance*,
  N.Y. TIMES (Oct. 15, 2004) ...............................................................................10

Objectors Stephen G. Aquilina and Luciana J. Aquilina (the "Aquilinas") and Audra M. Lane and Scott K. Lane (the "Lanes"), by and through their undersigned counsel, hereby conditionally object to the Settlement[1] pending clarification from a Settling Defendant regarding the definition of the Release contained in the Settlement.

## INTRODUCTION

The Aquilinas and Lanes are plaintiffs in a class action pending in the District of Hawaii, captioned *Aquilina v. Certain Underwriters at Lloyd's London*, No. 1:18-cv-00496 (D. Haw.) ("*Aquilina*"). *See* Declaration of Joseph P. Guglielmo ("Guglielmo Decl."), Ex. A, *Aquilina* Complaint. Separately, the Aquilinas, Lanes, and numerous other Hawaii homeowners are plaintiffs in individual actions pending in Hawaii state court ("Hawaii State Court Actions"). *Id*., Exs. B (Lanes' state court complaint ("*Lane* Complaint")) and C (list of Hawaii State Court Actions). *Aquilina* and the Hawaii State Court Actions relate to surplus lines homeowner's insurance policies that were underwritten by Certain Underwriters of Lloyd's, London who are members of certain known and mostly unknown syndicates ("Lloyd's"?). *See generally Aquilina* Complaint and *Lane* Complaint. Of the known defendant

---

[1] All undefined capitalized terms have the same meaning as those set forth in the Stipulation of Partial Class Action Settlement ("Stipulation"), filed in this Action (referred to herein as "*Lincoln Adventures*") on April 19, 2019. ECF No. 89-2.

1

syndicates,[2] Syndicate 1183, is a named defendant in *Aquilina* and at least some of the Hawaii State Court Actions, as well as a named Settling Defendant in *Lincoln Adventures*. *See generally id*. Accordingly, since the plaintiffs in *Aquilina* and at least some of the Hawaii State Court Actions (collectively, "Hawaii Plaintiffs") have a policy of insurance subscribed to by a Settling Defendant, Hawaii Plaintiffs appear to be Settlement Class Members. Stipulation ¶40.

In advance of today's deadline to object to the Settlement, plaintiffs' counsel in *Aquilina*, on behalf of all of the Hawaii Plaintiffs, endeavored to confirm with the parties to the *Lincoln Adventures* Settlement that the Release does not release the claims pending in *Aquilina* and the Hawaii State Court Actions. Guglielmo Decl. ¶6. For the reasons outlined below, Hawaii Plaintiffs do not believe that they have brought claims that "could have been advanced" in *Lincoln Adventures*. Stipulation ¶32. Additionally, Hawaii Plaintiffs believe that the claims asserted in the Hawaii State Court Actions are specifically excluded from the definition of Released Claims, which states: "Releasing Plaintiffs' Claims or Unknown Claims for . . . ***coverage under Contracts of Insurance issued to a Settlement Class Member*** . . . by a Released Defendant[.]" *Id*.[3] Counsel's discussions regarding the clarification

---

[2]   The syndicates that subscribed to the Lanes' surplus lines insurance policy are 2003, 318, 4020, 2121, 2007, 1183, 1729. Lloyd's has not identified the syndicates that subscribed to the Aquilinas' surplus lines insurance policy.

[3]   Unless otherwise indicated, all emphasis is added and citations omitted.

2

Hawaii Plaintiffs seek have been productive. These discussions, however, are still ongoing as of the evening of today's objection deadline. Therefore, due to the impact of the bar order contained in the Settlement and proposed final approval order and judgment (Stipulation §XIII), Hawaii Plaintiffs are compelled to preserve their rights and hereby conditionally object to the Settlement's Release. Pending the outcome of further discussions with Syndicate 1183 concerning the clarification Hawaii Plaintiffs seek regarding the scope of the Release, Hawaii Plaintiffs reserve the right to substantively respond in support of their objection in advance of the hearing on final approval of the Settlement.

## BACKGROUND

### A.   Factual Predicate to the *Aquilina* and Hawaii State Court Actions

In May 2018, Kilauea Volcano on the Big Island of Hawaii, which has been erupting continuously since 1983, erupted from new fissures, displacing hundreds of residents in the lower Puna District of Hawaii Island. *Aquilina* Complaint ¶7; *Lane* Complaint ¶¶24-26. As people throughout the world became aware through the images of loss and media interviews, these residents suffered tremendously. *Id.* Thousands of residents were displaced and over 700 homes were lost due to fire or rendered a total loss due to destruction, inhabitability, and a lack of structural integrity. *Id.* Residents not only lost their homes, but many lost virtually everything

3

they owned. *Id.* With such catastrophic losses come extreme and debilitating emotional distress, anxiety, and panic. *Id.*

To make matters even worse, many Hawaii homeowners discovered in the aftermath of this tragedy that they unknowingly were sold surplus lines homeowner's insurance that did not provide coverage for the losses they suffered, due to the lava-related exclusions included in the surplus lines policies and post-claim coverage denials. *Aquilina* Complaint ¶8; *Lane* Complaint ¶¶51-88. These surplus lines insurance policies were issued and underwritten by Lloyd's, including Syndicate 1183, which is a Settling Defendant in *Lincoln Adventures*. *Aquilina* Complaint ¶26; *Lane* Complaint ¶8.

In the aftermath of the 2018 Kilauea Volcano eruption, Hawaii homeowners filed claims for benefits under their Lloyd's surplus lines policies. *See, e.g.*, *Lane* Complaint ¶¶51-88. Overwhelmed by the number of claims, Lloyd's and its agents failed to timely respond to Hawaii homeowners' claims and also indiscriminately applied the lava exclusion contained in the Lloyd's policies to deny coverage for homes that never were impacted by lava flows. *Id.* As a result, numerous Hawaii homeowners with Lloyd's policies filed the Hawaii State Court Actions against certain syndicates, brokers, and adjusters to obtain coverage they believe they were wrongly denied and for bad faith arising out of Lloyd's handling of the claims from these policies. Guglielmo Decl., Ex. C.

4

These surplus lines policies, however, never should have been placed in the first instance. *See generally Aquilina* Complaint. Surplus lines insurance is supposed to be a "last resort." *Id.* ¶46. Hawaii law requires a diligent search for non-surplus lines insurance to be performed before surplus lines insurance is placed. *Id.* ¶¶43-47. This was not done. *Id.* ¶¶50-58. Therefore, on December 21, 2018, the Aquilinas (individually and on behalf of all others similarly situated) and Lanes (individually and as Trustees of the Lane Family Trust, dated March 28, 1998, and on behalf of all other similarly situated) (collectively, "Aquilina Plaintiffs") filed a putative class action in federal district court in Hawaii, alleging claims against certain known, and potentially many unknown, syndicates that operate in the Lloyd's insurance market, as well as certain brokers that place Lloyd's insurance in Hawaii. *See Aquilina* Complaint. The Aquilina Plaintiffs allege that Lloyd's, with the broker defendants as their agents, among other things, failed to perform the required due diligence (or ensure it was performed) and issued surplus lines policies that contained coverage amounts that were artificially inflated above the ceiling for other coverage. *Id.* ¶¶3-5, 16, 57-58, 68, 76. This misconduct served to reduce loss ratios and payouts for claims since the policies inevitably included a lava exclusion. *Id.* ¶¶6, 59, 61, 75. As a result, Aquilina Plaintiffs and the class paid for homeowner's insurance that was essentially worthless because it excluded necessary coverage for damage caused by volcanic eruption. *Id.* ¶¶2, 8, 75-76. Had defendants informed

5

Aquilina Plaintiffs and the class of the availability of other insurance, they would have purchased more comprehensive policies that insured against these perils. *Id.* ¶¶10, 15-16, 66, 70, 76. The Aquilina Plaintiffs therefore seek a return of the premiums paid for the unlawfully placed insurance and injunctive and other equitable relief on behalf of the class. *Id.* ¶¶76, 80.

### B. The Settlement's Release

Syndicate 1183 is one of the *Lincoln Adventures* Settling Defendants and also is a named defendant in *Aquilina* and the Hawaii State Court Actions. The *Lincoln Adventures* Settlement purports to be on behalf of "all persons and entities in the United States (including its territories) who, from January 1, 1997 through March 25, 2019, purchased or renewed a Contract of Insurance with any Lloyd's Syndicates named as a Defendant in the Action." Stipulation ¶40. The Lanes (and potentially the Aquilinas and other putative class members in *Aquilina*) and at least some of the Hawaii State Court Plaintiffs purchased surplus lines contracts of insurance subscribed to by Syndicate 1183 (and potentially other presently unknown syndicates that also are Settling Defendants) during the designated time period, and therefore, are potentially Settlement Class Members in *Lincoln Adventures*. As such, Hawaii Plaintiffs also are potentially within the definition of "Releasing Plaintiff(s)" and "Released Plaintiff(s)." *Id.* ¶¶34, 36.

The center of this potential controversy revolves around the definition of "Released Claims," which is defined as follows:

> "Released Claims" means each and every Claim, including any Unknown Claim, that was advanced or could have been advanced in the Action, including, but not limited to: (a) claims relating to broker compensation, so-called "contingent commissions," commissions paid on lineslips, alleged overriders, alleged steering, and alleged bid-rigging arising from or related to the purchase or renewal of any Contract of Insurance; (b) claims relating to the structure and subscription nature of the Lloyd's market and the Society of Lloyd's and its Franchise Performance Directorate and any successor, and the Lloyd's Market Association and its predecessors, including, but not limited to, Federal and State RICO, antitrust, fraud, unfair business practices, and consumer protection claims; and (c) the defense, conduct, and settlement of the Action. Provided, however, that (a) "Released Claims" shall not include Releasing Plaintiffs' Claims or Unknown Claims for, or Released Defendants' defenses to, coverage under Contracts of Insurance issued to a Settlement Class Member (including either Plaintiff) or Releasing Plaintiff by a Released Defendant; and (b) Releasing Plaintiffs and Releasing Defendants will retain the right to enforce this Agreement and Exhibits, Preliminary and Final Approval Orders, Judgment, and other orders or judgments issued by the Court relating to Notice or the Settlement.

*Id.* ¶32.

### C. Hawaii Plaintiffs' Claims Are Not Based on the Same Factual Predicate as the Claims in *Lincoln Adventures*

"[A] federal court may release claims which are not in the complaint provided they are based on the '***same factual predicate***.'" *In re Prudential Ins. Co. of Am. Sales Practices Litig. Agent Actions*, 148 F.3d 283, 326 n.82 (3d. Cir. 1998) (citing *Grimes v. Vitalink Commc'ns Corp.*, 17 F.3d 1553, 1563 (3rd Cir. 1994); *Class Plaintiffs v. City of Seattle*, 955 F.2d 1268, 1287-88 (9th Cir. 1992), *cert. denied*,

7

*Hoffer v. City of Seattle*, 506 U.S. 953 (1992)).  The cases cited in *Prudential* by the Third Circuit in support of the proposition that a court may release unpleaded claims make clear that the unpleaded claims must arise from the "same nucleus of operative facts" as the pleaded claims.  *Grimes*, 17 F.3d at 1563; *Seattle*, 955 F.2d at 1288.

Hawaii Plaintiffs believe their claims are not based on the same factual predicate as the *Lincoln Adventures* claims, and thus, are not within the scope of the definition of Released Claims.  The Hawaii State Court Actions are claims for coverage under the Lloyd's policies.  *Aquilina* is a putative class action seeking the return of premiums paid for unlawfully placed insurance that contained inadequate coverage for property damage that can be caused by lava in an area where an active volcano has been continuously erupting since 1983.  *Lincoln Adventures* is a very different case.

Unlike the Hawaii State Court Actions, *Lincoln Adventures* is not a case involving a dispute over coverage, and, specifically, the indiscriminate application of a lava exclusion, under Lloyd's policies.  And, *Lincoln Adventures* does not allege that Lloyd's acted in bad faith to delay and deny benefits under its policies.  Thus, the Hawaii State Court Actions could not have been advanced in *Lincoln Adventures*.  Moreover, the definition of Released Claims appears to exclude claims for coverage: "(a) 'Released Claims' shall not include Releasing Plaintiffs' Claims or Unknown

8

Claims for . . . coverage under Contracts of Insurance issued to a Settlement Class Member . . . by a Released Defendant[.]" Stipulation ¶32.

Unlike *Aquilina*, *Lincoln Adventures* is not about the violation of state statutory requirements to perform a diligent search before placing surplus lines insurance and improper inflation of coverage amounts that served to exempt homeowners from coverage under the Hawaii Property Insurance Association ("HPIA"), and therefore, make them eligible for Lloyd's surplus lines coverage. The heart of the claims in *Aquilina* is that homeowners were wrongly placed in insurance that is inadequate for their needs as residents in Lava Zones 1 and 2 in Hawaii, which the U.S. Geological Survey had deemed to be areas highly prone to be impacted by volcanic activity. Thus, like the Hawaii State Court Actions, *Aquilina* can be characterized as a type of coverage claim (*i.e.*, the wrong coverage), which would be excluded from the Settlement Release.

Nevertheless, a potential controversy exists that stems from the fact that there is an overlapping defendant (Syndicate 1183) and that the definition of Released Claims uses the words "broker compensation" and "alleged steering," which are concepts also alleged in *Aquilina*. However, *Lincoln Adventures* alleges specific misconduct that resulted in "alleged steering" and unlawful "broker commissions" that is entirely different than the misconduct underlying *Aquilina*. First, the brokers involved in the alleged misconduct in *Lincoln Adventures* are some of the largest

9

and most prominent brokerages in the world – for example, Marsh & McClennan Companies, Inc. and Aon Corp, who were prosecuted by then-New York Attorney General Eliot Spitzer.[4]  The focus of the claims in *Lincoln Adventures* is the alleged conspiracy to conceal the lack of competition for insurance sold in the United States through the Lloyd's market, whereby the façade of competition is facilitated, in part, through contingent commission agreements between syndicates and brokers.  In contrast, the brokers in *Aquilina* are two retail brokers located in Hawaii and a wholesale broker based in California that have been sued not only for their own actions, but also as agents whose actions can be imputed to Lloyd's. *Aquilina* alleges the broker defendants failed to perform a diligent search before placing surplus lines insurance and improperly inflated coverage amounts in order to place Lloyd's policies.  The placement of surplus lines insurance through the Lloyd's market is always going to include brokers who are paid commissions, but it does not necessarily follow that all claims arising from syndicate and broker misconduct arise from the same factual predicate.  When the *Lincoln Adventures* and *Aquilina*

---

[4]   *See People of the State of N.Y. ex rel. Spitzer v. Marsh & McLennan Cos., Inc.*, No. 04403342, 2004 WL 3628855 (N.Y. Sup. Ct. Oct. 14, 2004); *People of the State of N.Y. ex rel. Spitzer v. Aon Corp.*, No. 02CV05184, 2005 WL 3741531 (D.N.J. Mar. 3, 2005); Joseph B. Treaster, *Broker Accused of Rigging Bids for Insurance*, N.Y. TIMES (Oct. 15, 2004), https://www.nytimes.com/2004/10/15/business/broker-accused-of-rigging-bids-for-insurance.html.

10

pleadings in their totality are compared to one another, it is clear the claims in *Aquilina* could not have been advanced in *Lincoln Adventures*.

Therefore, to the extent that Hawaii Plaintiffs do not receive the clarification they seek from Syndicate 1183 that their claims do not fall within the scope of the definition of Released Claims, Hawaii Plaintiffs reserve the right to substantively respond in support of the objection in advance of the hearing on final approval of the Settlement.

DATED:  August 28, 2019                     Respectfully submitted,
                                            SCOTT+SCOTT
                                            ATTORNEYS AT LAW LLP

                                             */s/ Jonathan M. Zimmerman*
                                            JONATHAN M. ZIMMERMAN
                                            JOSEPH P. GUGLIELMO
                                            The Helmsley Building
                                            230 Park Avenue, 17th Floor
                                            New York, NY 10169
                                            Telephone:  212/223-6444
                                            212/223-6334 (fax)
                                            jzimmerman@scott-scott.com
                                            jguglielmo@scott-scott.com

                                            SCOTT+SCOTT
                                            ATTORNEYS AT LAW LLP
                                            ERIN GREEN COMITE
                                            156 South Main Street
                                            PO Box 192
                                            Colchester, CT 06415
                                            Telephone:  860/537-5537
                                            860/537-4432 (fax)
                                            ecomite@scott-scott.com

11

FOSTER LAW OFFICES, LLC
JEFFREY E. FOSTER
P.O. Box 127
Captain Cook, HI 96704
Telephone: 808/348-7800
808/443-0277 (fax)
fosterlaw@gmail.com

WOOD LAW FIRM, LLC
E. Kirk Wood
P.O. Box 382434
Birmingham, AL 35238-2434
Telephone: 205/908-4906
866/747-3905 (fax)
ekirkwood1@bellsouth.net

*Attorneys for Objectors Stephen G. Aquilina, Luciana J. Aquilina, Audra M. Lane, and Scott K. Lane*

13

## **CERTIFICATION OF SERVICE**

I hereby certify that on August 28, 2019, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the email addresses denoted on the Electronic Mail Notice List.

                                           */s/ Jonathan M. Zimmerman*
                                           JONATHAN M. ZIMMERMAN