ROBBINS GELLER RUDMAN
  & DOWD LLP
RACHEL L. JENSEN
ALEXANDRA S. BERNAY
CARMEN A. MEDICI
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone: 619/231-1058
619/231-7423 (fax)

Attorneys for Plaintiffs

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEW JERSEY

| | |
|---|---|
| LINCOLN ADVENTURES, LLC, a Delaware Limited Liability Company, and MICHIGAN MULTI-KING, INC., a Michigan Corporation, on Behalf of Themselves and All Those Similarly Situated,<br><br>   Plaintiffs,<br><br>vs.<br><br>THOSE CERTAIN UNDERWRITERS AT LLOYD'S, LONDON MEMBERS OF SYNDICATES, et al.<br><br>   Defendants. | No. 2:08-cv-00235-CCC-JAD<br><br><u>CLASS ACTION</u><br><br>JUDGMENT PURSUANT TO FED. R. CIV. P. 54(b) |

Pursuant to Rule 54(b) of the Federal Rules of Civil Procedure and consistent with the terms of this Court's Order Finally Approving Partial Class Action Settlement of this date (the "**Final Approval Order**"), judgment is hereby entered as follows:

1.  **Defined Terms.** Unless otherwise noted, capitalized terms herein shall have the same meaning accorded them in the Final Approval Order and the Stipulation of Partial Class Action Settlement ("Agreement") referenced therein.

2.  **Entry of Judgment.** Because it is in the best interests of the Settlement Class Members that the Partial Settlement proceeds be disbursed as soon as possible, and because the Partial Settlement resolves all claims as to the Settling Defendants, the Court expressly directs that, pursuant to Fed. R. Civ. P. 54(b), there is no just reason for delay and judgment as provided herein be entered as to less than all parties and all claims in the Action.

3.  **Dismissal of Claims.** All claims against the Settling Defendants in this Action are dismissed with prejudice according to the terms of the Agreement and the Final Approval Order, without fees or costs to any of the Settling Parties, except as otherwise provided in the Final Approval Order or the Court's order addressing Plaintiffs' Motion for an Award of Attorneys' Fees, Expenses/Charges, and Service Awards ("Fee Motion").

4. **Permanent Injunction.** All Settlement Class Members, along with their respective current, former or future, direct and indirect parents, subsidiaries, affiliates, directors, officers, principals, employees, agents, attorneys, executors, administrators, beneficiaries, predecessors, successors, heirs and assigns, are permanently enjoined from filing, commencing, prosecuting, continuing to prosecute, intervening in, participating in (as Settlement Class Members or otherwise) or receiving any benefits or other relief from any other action, arbitration or administrative, regulatory or other proceeding against any one or more of the Released Defendants that is based upon, arises out of or relates in any way to any of the Released Claims. All persons or entities are permanently enjoined from filing, commencing, prosecuting or continuing to prosecute any other putative class action against any or all Released Defendants on behalf of any of the Settlement Class Members if such action is based upon, arises out of or relates in any way to any of the Released Claims.

5. **Bar Order.** In accordance with the Final Approval Order:

(a) (i) Any and all persons and entities are permanently barred, enjoined and restrained from commencing, prosecuting, continuing to prosecute or asserting any claim (including any claim for indemnification, contribution or attorneys' fees) against any of the Released Defendants where the alleged injury to the barred person or entity is based upon that person's or entity's alleged liability to

the Settlement Class or any of the Settlement Class Members, (ii) any and all Released Defendants are permanently barred, enjoined and restrained from commencing, prosecuting, continuing to prosecute or asserting any claim (including any claim for indemnification or contribution) against a person barred by subdivision (a)(i) of this Paragraph where the Released Defendant's alleged injury is based solely upon the Released Defendant's alleged liability to the Settlement Class or any of the Settlement Class Members other than with respect to claims related to coverage under Contracts of Insurance issued by Released Defendants to Plaintiffs or any Settlement Class Members, and (iii) there shall be a judgment-reduction credit reducing any judgment that the Settlement Class or any of the Settlement Class Members might obtain against any barred person or entity in connection with any of the Released Claims by the greater of the settlement amount paid by the Settling Defendants or an amount that corresponds to the Settling Defendants' percentage of responsibility for the loss to the Settlement Class or any of the Settlement Class Members.

(b)   Notwithstanding Paragraph (a), above, or anything else in the Agreement or the Final Approval Order, nothing shall release, interfere with, limit or bar the assertion by any Released Defendant of any claim for insurance coverage under any insurance or indemnity policy that provides coverage in connection with the matters at issue or which could have been at issue in the Action.

6. **Retention of Jurisdiction by the Court.** Without in any way affecting the finality of the Final Approval Order, this Court expressly retains exclusive and continuing jurisdiction as to all matters relating to the administration, consummation, enforcement and interpretation of the Agreement, the Partial Settlement, the Final Approval Order, and the Order on the Fee Motion for any other necessary purposes. Nothing herein shall constitute a basis for nor give rise to personal jurisdiction over (i) any of the Settling Defendants (including their respective current, former or future, direct and indirect parents, subsidiaries and affiliates) whose corporate headquarters, place of incorporation/organization or principal place of business is located outside the United States, to the extent such jurisdiction does not already exist; or (ii) any of the Settling Defendants over which the Court does not otherwise have personal jurisdiction. Any Settlement Class Member who wishes to appeal this Judgment (if such appeal will delay the distribution of Awards to the Settlement Class) shall post a bond with this Court in an amount to be determined by the Court as a condition of prosecuting such appeal.

DATED: October 3, 2019

_____
THE HONORABLE CLAIRE C. CECCHI
UNITED STATES DISTRICT JUDGE