**Zwerling, Schachter & Zwerling,** LLP
Counselors at Law

**Robert S. Schachter**
rschachter@zsz.com

October 21, 2022

VIA ECF

The Hon. Magistrate Judge Edward S. Kiel
United States District Court for the District of New Jersey
Martin Luther King, Jr. Building & U.S. Courthouse
50 Walnut Street, Room PO 08
Newark, NJ 07101

41 Madison Avenue
New York, NY 10010
tel.  212•223•3900
fax  212•371•5969

    Re: *Lincoln Adventures, LLC, et al. vs Those Certain Underwriters at Lloyd's, London*
       No. 2:08-cv-235 (D.N.J.)

Dear Magistrate Judge Kiel:

    Pursuant to the Court's Order dated September 5, 2022 (ECF No. 217), and in advance of the October 26, 2022 status conference, the parties submit this joint letter regarding the status of discovery and other issues.

**Plaintiffs' Position**

    Since the last conference on August 31, 2022, the parties have made progress toward the completion of depositions. Plaintiffs have completed five depositions and reached an agreement on two additional depositions that have been scheduled. There are presently disputes (or potential disputes) concerning three witnesses as set forth below.

    1. <u>Deposition of Jonathan Gale (Catlin)</u>

    The parties have reached an agreement with respect to the deposition of Jonathan Gale of Catlin. However, due to scheduling conflicts of Mr. Gale, the deposition has been scheduled for January 24, 2023 (beyond the January 20, 2023 deadline for the completion of discovery).

    While Plaintiffs are amenable to conducting the deposition on that date, Plaintiffs wish to reserve their rights to seek an additional Catlin deposition as contemplated by the Court's September 2, 2022 Order (ECF No. 216) ("Sept. 2 Order"). That Order provides, in relevant part:

> Following the completion of the 30(b)(1) depositions of Catlin, Chaucer and Tokio Marine Kiln, the parties are to conduct a further meet and confer concerning any requests by Plaintiffs for additional depositions.

*Id*. 2.

**Zwerling, Schachter & Zwerling,** LLP
Counselors at Law

The Hon. Magistrate Judge Edward S. Kiel
October 21, 2022
Page 2

Accordingly, Plaintiffs seek to reserve the same rights they would have if the deposition had been conducted before January 20, 2023.

2. Deposition of John Fowle (Chaucer)

Plaintiffs seek to take the deposition of John Fowle. Defendant objects to this request because Mr. Fowle is the current CEO of Chaucer. However, Mr. Fowle did not become CEO until after the end of the Class Period. Prior to assuming that position, Mr. Fowle served in key positions at Chaucer from 2002 through 2016 – virtually the entire Class Period – including Chief Underwriting Officer, Active Underwriter, Deputy Active Underwriter, and Head of Specialist Lines.

Those positions all involved personal and unique knowledge of issues that are central to this litigation. This is evidenced in documents produced by Chaucer where Mr. Fowle was the direct recipient of information concerning broker remuneration issues, Board discussions and decisions, Syndicate business plans, and the LMA (the association comprised of representatives from all Defendant Syndicates that Plaintiffs allege served as a key facilitator of the illegal scheme at issue here).[1] In fact, with respect to the approval of certain Chaucer business plans during the Class Period, Mr. Fowle was the sole Chaucer employee communicating with Lloyd's.

Prior to seeking Mr. Fowle's deposition, Plaintiffs proposed several other Chaucer employees as witnesses. However, Defendant asserted that those individuals were no longer employed by or affiliated with Chaucer. Instead, Defendant offered an alternative witness, David Lee. Based on a review of the documents produced by Chaucer, Mr. Lee appears to be inadequate. He was not employed by Chaucer in the early years of the Class Period and does not appear in any of the documents referred to above.

Mr. Fowle's unique knowledge of facts directly related to the issues in this litigation, and all from the period when he served in positions that make him an ideal witness – particularly in comparison to Defendant's proposed witness – far outweigh any basis for excusing him from being deposed.

Plaintiffs are prepared to fully brief Chaucer's argument that the Apex doctrine precludes Mr. Fowle's deposition. We do note however, "courts in the Third Circuit have found the apex doctrine inapplicable when an executive has personal knowledge of the subject matter." *Donovan Realty, LLC v. Campers Inn Holding Corp.*, 2022 WL 4586132,

---

[1] Chaucer's insistence on Plaintiffs identifying specific documents relating to Mr. Fowle is misplaced. Chaucer is aware of Mr. Fowle's role as Chaucer produced those very documents.

**Zwerling, Schachter & Zwerling,** LLP
Counselors at Law

The Hon. Magistrate Judge Edward S. Kiel
October 21, 2022
Page 3

at *3 (E.D. Pa. Sept. 29, 2022). Here, there is no dispute that Mr. Fowle has personal knowledge of the subject matters in question. Moreover, there does not appear to be any other currently employed Chaucer witness with the same level of personal knowledge for the duration of the Class Period.

3. Deposition of Charles Franks (Tokio Marine Kiln)

The parties have agreed that Charles Franks of Tokio Marine Kiln ("Kiln") will be deposed on a mutually agreeable date. Defendant maintains that it will not agree to produce any other Kiln witness for deposition. However, as set forth above with respect to the Catlin witness, the Sept. 2 Order provides for "a further meet and confer concerning any requests by Plaintiffs for additional depositions" following the deposition of the agreed-upon Kiln deponent.

Accordingly, Plaintiffs seek to reserve their rights under the Sept. 2 Order to request an additional Kiln deposition.

**Defendants' Position**

Pursuant to the Court's September 2, 2022 Order (ECF No. 216) (the "Order"), the Syndicates have presented for deposition the six witnesses from Meacock, MAP and Chubb, with the exception of one witness whose deposition is scheduled to be taken in November. Order, ¶ 1. In addition, the parties have reached agreement on the one additional witness from Catlin and Tokio Marine Kiln to be deposed. Order, ¶ 2. Because of scheduling difficulties, the parties have agreed that, with the Court's permission, the deposition of the Catlin witness will be taken on January 24, 2023, four days after the deadline for completion of fact discovery.

The only outstanding issue is the one additional witness from Chaucer on which the parties were to meet and confer. *Id*.

Plaintiffs have requested the deposition of John Fowle. Mr. Fowle is the current Chief Executive Officer of Chaucer. In this role, Mr. Fowle has responsibility for the management, direction and strategic development of the organization. As the party seeking to depose a high-level executive, Plaintiffs must demonstrate exceptional circumstances justifying the deposition. Under the Apex doctrine, courts in the Third Circuit consider whether the executive has unique knowledge and whether the information sought can be obtained from lower-level employees or through less burdensome means. *See Ford Motor Co. v. Edgewood Properties, Inc.*, 2011 WL 2517133 at *3 (D.N.J. June 23, 2011).

At the outset of the parties' meet and confer following the issuance of the Order,

**Zwerling, Schachter & Zwerling,** LLP
Counselors at Law

The Hon. Magistrate Judge Edward S. Kiel
October 21, 2022
Page 4

Chaucer requested that Plaintiffs identify the information it sought in a deposition so that Chaucer could assist in identifying the appropriate witness. For example, Chaucer requested that Plaintiffs identify the documents on which it sought testimony or used to identify the now former employees whose depositions they previously requested. Plaintiffs declined to do so. Once it was clear that Plaintiffs had elected not to share this information, Chaucer proposed a witness (David Lee) for Plaintiffs' consideration. Mr. Lee has been employed by Chaucer since 2004, and thus covers virtually all of the proposed class period. Moreover, Mr. Lee is a senior underwriter at Chaucer and may provide testimony as to how insurance policies are underwritten in the Lloyd's Market, which is the heart of Plaintiffs' claim. Plaintiffs, however, rejected the offer of Mr. Lee's deposition.

Under the Apex doctrine, courts may prohibit the deposition of a high-level executive where the executive has no unique knowledge of the events in dispute that cannot be obtained from other, lower-level employees in the organization. *See Younes v. 7–Eleven, Inc.*, 2015 WL 12844446, at *2–3 (D.N.J. Aug. 19, 2015) (denying motion to depose 7–Eleven's President and CEO and its former Executive VP and COO who had no personal and unique knowledge that could not be obtained from other witnesses); *Ciarrocchi v. Unum Group*, 2009 WL 10676631, at *4 (D.N.J. Aug. 27, 2009) (denying motions for depositions of two current high-level executives who had no unique knowledge regarding plaintiff's claim which could not be obtained from lower level employees who plaintiff declined to depose). The relevant time period to assess the application of the Apex doctrine is when the deposition is sought. Thus, Plaintiffs' point that Mr. Fowle was not CEO during the alleged class period is irrelevant.

The test for permitting depositions of high-level executives such as Mr. Fowle is (1) whether the executive has personal and unique knowledge on relevant subjects and (2) whether the information sought can be obtained from lower-level employees. Plaintiffs have failed to satisfy either prong of the test. When asked to provide the documents on which they sought testimony, Plaintiff declined to provide them to Defendants. Plaintiffs told Chaucer during the meet and confer that Mr. Fowle appears in a number of documents relating to the issues in this case. By declining to identify those documents, Chaucer is unable to confirm that they relate to any subjects on which Mr. Fowle has unique knowledge or to identify any other, lower-level employees with such knowledge. Documents relating to broker remuneration issues, syndicate business plans, and the LMA, referenced above in Plaintiffs' position, are common to any number of potential Chaucer witnesses and are not unique to Mr. Fowle. Apparently, the only document identified by Plaintiffs unique to Mr. Fowle is a form letter from Chaucer's regulator, the Corporation of Lloyd's, approving a syndicate business plan, which has no relevance here and does not justify the taking of his deposition. Plaintiffs did indicate that they wished to depose Mr. Fowle because he was the active underwriter for one of the syndicates in the case. However, Mr. Fowle filled this role during only a portion of the class period, and there are a number of underwriters at Chaucer

**Zwerling, Schachter & Zwerling, LLP**
Counselors at Law

The Hon. Magistrate Judge Edward S. Kiel
October 21, 2022
Page 5

who are able to provide testimony on relevant issues. In fact, Chaucer has offered the deposition of a senior underwriter who has worked at Chaucer since 2004. Plaintiffs have not satisfied the test for deposing a CEO under the Apex doctrine.

Plaintiffs already have deposed one sitting CEO of Chaucer when they deposed Robert Stuchberry in 2013. Having disrupted Chaucer's organization once to provide discovery in this case, Plaintiffs should not be allowed to depose another Chaucer CEO. Plaintiffs have not identified any unique knowledge that Mr. Fowle has that cannot be provided by another witness.

Chaucer requests that the Court not permit Plaintiffs to depose Mr. Fowle and instead take the deposition of Mr. Lee or identify another non-senior executive whose deposition they wish to take.

Once the depositions discussed above are completed, Plaintiffs will have taken nine depositions of the Syndicates since September 2022, in addition to the forty-five depositions they took previous to this date. Plaintiffs have had more than adequate time and opportunity for deposition and other discovery. The Syndicates reserve the right to oppose any further requests for depositions. Fact discovery should close as currently scheduled in January 2023.

Respectfully submitted,

*Counsel for Plaintiffs*

/s/ *Robert S. Schachter*
Robert S. Schachter
Zwerling, Schachter & Zwerling, LLP

/s/ *Rachel L. Jensen*
Rachel L. Jensen
Robbins Geller Rudman & Dowd LLP

*Counsel for Syndicates 510, 727, 1084, 1096, 1245, and 2488*

/s/ *Matthew M. Burke*
Matthew M. Burke
Robinson & Cole LLP

*Counsel for Syndicates 1003, 2003, 2020, and 2791*

/s/ *Thomas F. Bush*
Thomas F. Bush
Freeborn & Peters LLP

cc:   All counsel of record (via ECF)