ROBBINS GELLER RUDMAN
  & DOWD LLP
RACHEL L. JENSEN
ALEXANDRA S. BERNAY
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

DISTRICT OF NEW JERSEY

| | |
|---|---|
| LINCOLN ADVENTURES, LLC, a Delaware Limited Liability Company, and MICHIGAN MULTI-KING, INC., a Michigan Corporation, on Behalf of Themselves and All Those Similarly Situated,<br><br>      Plaintiffs,<br><br>vs.<br><br>THOSE CERTAIN UNDERWRITERS AT LLOYD'S, LONDON MEMBERS OF SYNDICATES, et al.<br><br>      Defendants. | No. 2:08-cv-00235-CCC-ESK<br><br>CLASS ACTION<br><br>ORDER PRELIMINARILY APPROVING PROPOSED PARTIAL CLASS ACTION SETTLEMENT AND PRELIMINARILY CERTIFYING A CLASS FOR SETTLEMENT PURPOSES |

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS**:

1. **Settlement Class Findings**. For purposes of the Settlement[1] only (and without addressing the merits of Plaintiffs' claims or the Settling Defendants' or non-settling Defendants' defenses), the Court preliminarily finds that the requirements of the Federal Rules of Civil Procedure, the United States Constitution, the Rules of the Court, and any other applicable law have been met insofar as:

(a) The identity of certain of the members of the Settlement Class defined in §2(b) below (the "Settlement Class Members") is ascertainable from the records of the Settling Defendants, and the size of the Settlement Class is so numerous that their joinder before the Court would be impracticable. The Court therefore finds preliminarily that the numerosity requirement of Federal Rule of Civil Procedure 23(a)(1) is satisfied for settlement purposes only.

(b) Plaintiffs have alleged one or more questions of fact and law common to the Settlement Class, including whether the Settling Defendants violated RICO and state statutes and/or common law by allegedly making certain misrepresentations and engaging in a deceptive scheme to conceal the claimed lack of competition in the Lloyd's London Market, as described in the Court's Opinion, dated

---

[1] Unless otherwise stated, all capitalized terms have the meaning given to them in the Stipulation of Partial Class Action Settlement ("Settlement Agreement").

August 23, 2017 (Docket Entry No. 2877).  Accordingly, based upon these allegations, the Court finds preliminarily that the commonality requirement of Federal Rule of Civil Procedure 23(a)(2) is satisfied for settlement purposes only.

(c) Plaintiffs have alleged that the Settling Defendants engaged in uniform misconduct affecting Settlement Class Members.  Based upon these allegations, the Court finds preliminarily that the claims of Plaintiffs are typical of the claims of the Settlement Class, and that Plaintiffs, along with Co-Lead Counsel and other Plaintiffs' Counsel representing Plaintiffs, will fairly and adequately protect the interests of the Settlement Class.  Accordingly, the Court finds preliminarily that the typicality and adequacy requirements of Federal Rule of Civil Procedure 23(a)(3) and (4) are satisfied for settlement purposes only.

(d) The Court finds preliminarily that, for settlement purposes only, questions of law or fact common to the Settlement Class Members predominate over questions affecting only individual members of the Settlement Class and that a class action resolution in the manner proposed in the Settlement Agreement would be superior to other available methods for a fair and efficient adjudication of the Lawsuit. Accordingly, the Court finds preliminarily that the requirements of Federal Rule of Civil Procedure 23(b)(3) are satisfied for settlement purposes only.

(e) The Court does not address or make any findings herein as to whether a plaintiff class may be certified in the Action for any purpose other than for

purposes of this Settlement. This Order shall not be construed or used as an admission, concession or declaration in the Action, including, but not limited to, any motion or request for certification of a plaintiff class in the Action.

2. **Preliminary Certification of Settlement Class**.

(a) Based on the findings set forth in §1, above, the Court preliminarily certifies the Settlement Class under Federal Rule of Civil Procedure 23(b)(3).

(b) The class shall consist of all persons and entities in the United States (including its territories) who, between January 1, 1997 through June 15, 2023, purchased or renewed a Contract of Insurance with any Lloyd's Syndicates named as a Defendant in the Action. Excluded from the Settlement Class are Released Defendants, Defendants formerly named as such in the Action, all Lloyd's syndicates, Opt-outs, and judges presiding over the Action and their immediate families (the "Settlement Class").

(c) Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, Plaintiffs are preliminarily certified as the Class Representatives, and Co-Lead Counsel is preliminarily certified as Class Counsel.

3. **Findings Regarding Proposed Settlement**. The Court finds that (a) the Settlement Agreement resulted from extensive arm's-length negotiations conducted

with the assistance of the Hon. Layn R. Phillips that were held after Plaintiffs' Counsel had conducted substantial discovery; and (b) the Settlement is sufficiently fair, reasonable and adequate to warrant sending to Settlement Class Members notice of the Action, the Settlement Agreement, the Settlement and the Fairness Hearing.

4. **Fairness Hearing**. The Court hereby schedules the Fairness Hearing for December 14, 2023, at 11:30 a.m. Eastern Time, in Courtroom 5B of the Martin Luther King Building & U.S. Courthouse, 50 Walnut St., Newark, NJ 07101 to consider, among other things:

(a) Whether the Settlement Class should be finally certified as a class for settlement purposes only;

(b) Whether the Settlement should be approved as fair, reasonable and adequate and the Action dismissed with prejudice as to the Settling Defendants pursuant to the terms of the Settlement Agreement;

(c) Whether the Notice Plan (Exhibits D, E, and H to the Settlement Agreement): (i) constitutes the best practicable notice; (ii) constitutes notice that is reasonably calculated, under the circumstances, to apprise Settlement Class Members of (1) the pendency of the Action, (2) the effect of the Settlement Agreement, including the release defined and described in §XI thereof (the "Release"), (3) their right to object to the Settlement, the Plan of Allocation (Exhibit F), the application by Plaintiffs' Counsel for an award of attorneys' fees and expenses ("Attorneys' Fee and

Expense Award") and/or service awards to the named Plaintiffs ("Service Awards"), (4) their right to exclude themselves from the Settlement Class as described in §11 below, and (5) their right to appear at the Fairness Hearing; (iii) was reasonable and constitutes due, adequate and sufficient notice to persons entitled to notice; and (iv) meets all applicable requirements of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Rules of this Court and any other applicable law;

(d) Whether Plaintiffs and Plaintiffs' Counsel have adequately represented the Settlement Class for purposes of entering into and implementing the Settlement Agreement;

(e) Whether Settlement Class Members, on behalf of themselves, their respective current, former or future, direct or indirect parents, subsidiaries, affiliates, directors, officers, principals, employees, agents, attorneys, executors, administrators, beneficiaries, predecessors, successors, heirs and assigns should be bound by the Release and the judgment reduction provisions of §XI of the Settlement Agreement;

(f) Whether Settlement Class Members, on behalf of themselves, their respective current, former or future, direct or indirect parents, subsidiaries, affiliates, directors, officers, principals, employees, agents, attorneys, executors, administrators, beneficiaries, predecessors, successors, heirs and assigns should be permanently barred, enjoined and restrained from filing, commencing, prosecuting, continuing to

prosecute, intervening in, participating in (as Settlement Class Members or otherwise) or receiving any benefits or other relief from any other action, arbitration or other proceeding brought against any or all of the Released Defendants defined in §II.33 of the Settlement Agreement that is based upon, arises out of or relates to any of the Released Claims defined in §II.32 of the Settlement Agreement;

    (g) Whether a Bar Order as described in §XI.B.2 of the Settlement Agreement should be entered that, among other things, provides that (i) any and all persons and entities are permanently barred, enjoined and restrained from commencing, prosecuting, continuing to prosecute or asserting any claim (including any claim for indemnification, contribution or attorneys' fees) against any of the Released Defendants where the alleged injury to the barred person or entity is based upon that person's or entity's alleged liability to the Settlement Class or any of the Settlement Class Members, (ii) any and all Released Defendants are permanently barred, enjoined and restrained from commencing, prosecuting, continuing to prosecute or asserting any claim (including any claim for indemnification or contribution) against a person barred by subsection (g)(i) of this Section where the Released Defendant's alleged injury is based solely upon the Released Defendants' alleged liability to the Settlement Class or any of the Settlement Class Members other than with respect to claims related to coverage under Contracts of Insurance issued by Released Defendants to Plaintiffs or any Settlement Class Members, and (iii) there

- 6 -

shall be a judgment-reduction credit reducing any judgment that the Settlement Class or any of the Settlement Class Members might obtain against any barred person or entity in connection with any of the Released Claims by the greater of the settlement amount paid by the Settling Defendants or an amount that corresponds to the Settling Defendants' percentage of responsibility for the loss to the Settlement Class or any of the Settlement Class Members; and

    (h)    Whether Plaintiffs' Counsel's application for an Attorneys' Fee and Expense Award and for Service Awards should be approved.

The Court reserves the right to continue the Fairness Hearing without further written notice.

    5.    **Notice to Settlement Class Members**.  Notice of the Action, the Settlement Agreement, the Settlement, and the Fairness Hearing shall be provided to Settlement Class Members as follows:

    (a)    The names and/or addresses of the Settlement Class Members shall be obtained, in the first instance by reference to data in the possession of the Claims Administrator provided previously in conjunction with the 2019 Settlement.

    (b)    Additional names and/or addresses of the Settlement Class Members shall be obtained, to the extent reasonably available, from an electronic search of the underwriting systems of the Settling Defendants by August 9, 2023.

(c) Each Settling Defendant shall write to those coverholders acting on its behalf that wrote a majority of the Settling Defendant's business under binding authorities during the **five-year period from October 1, 2017, to September 30, 2022.** Each Settling Defendant shall request that these coverholders provide to the Claims Administrator, to the extent reasonably available, names and addresses of policyholders to which insurance policies were issued on behalf of the Settling Defendant under binding authorities for this five-year period.

(d) The identity and/or addresses for certain of the Settlement Class Members will not be identifiable through reasonable effort due to data and collection issues with the records of the Settling Defendants. Therefore, to inform Settlement Class Members of their rights relating to the Settlement, the Claims Administrator (as defined in §7, below) will undertake the additional steps set forth in sub-sections (e) and (f) below to notify the Settlement Class Members of the Settlement.

(e) Following the Claims Administrator's receipt from the Settling Defendants of the reasonably available names and/or addresses of Settlement Class Members, the Claims Administrator shall conduct searches of the names that do not have addresses by searching through databases available to it, including vendor databases and databases associated with other settlements in this case. Then the Claims Administrator shall provide Notice of the Action, the Settlement Agreement, notice of the Settlement and the Fairness Hearing to Settlement Class Members via:

(1) the mailing of the Summary Notice, in the form annexed as Exhibit E to the Settlement Agreement (the "Summary Notice"), to those Settlement Class Members for which addresses may be obtained through reasonable efforts identified above on or before August 23, 2023; (2) posting of the Long-form Notice, substantially in the form annexed as Exhibit D to the Settlement Agreement, and the Summary Notice at www.SyndicateSettlement.com, a website dedicated to this Settlement on or before September 3, 2023; (3) publication of the Summary Notice in selected media as set forth in Exhibit H to the Settlement Agreement on or before September 3, 2023; and (4) digital notice as described in Exhibit H to the Settlement Agreement from the Notice Date through the claims deadline (the "Digital Notice"). All of the dissemination dates described above shall be within specified time periods or as close thereto as reasonably possible.

(f)  Any mailed Summary Notice returned to the Claims Administrator with an updated address shall be re-mailed to the addressee as soon as practicable.

(g)  No later than July 20, 2023 ("Notice Date"), Co-Lead Counsel shall cause the Long-form Notice, Claim Form and a link to the Settlement Website to be posted on their respective firm websites.

(h)  At or before the Fairness Hearing, Co-Lead Counsel and/or the Claims Administrator shall file with the Court proof of (i) mailing of the Summary Notice, (ii) publication of the Summary Notice, (iii) posting of the Long-form Notice

on the website www.SyndicateSettlement.com and on Co-Lead Counsel's firms' websites, and (iv) implementation of the Digital Notice.

6.  **Findings Concerning Notice**.  The Court finds that notice given in the form and manner set forth in §5, above, is the best practicable notice and is reasonably calculated, under the circumstances, to apprise Settlement Class Members of (a) the Action, (b) the Settlement Agreement, (c) the Settlement, (d) their right to object to the Settlement, the Plan of Allocation, the application for an Attorneys' Fee and Expense Award or Service Awards, (e) their right to be heard in connection therewith at the Fairness Hearing, and (f) their right to exclude themselves from the Settlement Class.  The Court further finds that the Summary Notice, the Long-form Notice, and the Digital Notice, respectively, are written simply and plainly and will be readily understandable by Settlement Class Members and that the Summary Notice, the Long Form Notice, and the Digital Notice, and the manner of disseminating the Notices are reasonable, constitute due, adequate and sufficient notice to all persons or entities entitled to be provided with notice, and meet the requirements of the Federal Rules of Civil Procedure (including Fed. R. Civ. P. 23(c)(2) and (e)), the United States Constitution (including the Due Process Clause), the Rules of this Court and any other applicable law.

7. **Claims Administrator**. The Court appoints A.B. Data, Ltd. as the claims administrator who will act on behalf of the Court for the purpose of assisting in the implementation of the Settlement.

8. **Attorneys' Fee and Expense Award**.

Plaintiffs' Counsel may file an application for an Attorneys' Fee and Expense Award and for Service Awards no later than November 9, 2023. These applications shall be posted to the Settlement website promptly after filing.

9. **Settling Defendants' Communications with Settlement Class**.

The Settling Defendants may communicate with a Settlement Class Member who is a current, past, or prospective insured regarding a purchase or renewal of an insurance product. The Settling Defendants may communicate with a Settlement Class Member as may be otherwise necessary to conduct its normal business. If any Settlement Class Member has a question about the Settlement, the Settling Defendants agree to refer him, her, or it to the Claims Administrator or Co-Lead Counsel.

10. **Claim Forms.**

Settlement Class Members who wish to participate in the Settlement shall complete and submit Claim Forms in accordance with the instructions contained therein. Unless the Court orders otherwise, all Claim Forms must be postmarked or submitted electronically no later than December 21, 2023. Any Settlement Class Member who does not timely submit a Claim Form within the time provided for, shall

be barred from sharing in the distribution of the proceeds of the Settlement Fund, unless otherwise ordered by the Court.  Notwithstanding the foregoing, Co-Lead Counsel may, in their discretion, accept late-submitted claims for processing by the Claims Administrator so long as distribution of the Net Settlement Fund to Authorized Claimants is not materially delayed thereby.

11. **Requests for Exclusion from the Settlement Class**.

(a) Any Settlement Class Member who wishes to be excluded from the Settlement Class must mail by first class mail with proper postage, or deliver, a written request for exclusion, postmarked or delivered to the attention of the Claims Administrator no later than November 23, 2023.  A list of the persons and entities requesting exclusion shall be provided by the Claims Administrator to the Settling Parties and to the Court no later than November 30, 2023.

(b) A request for exclusion must include the Settlement Class Member's: (i) name, (ii) address, (iii) telephone number, (iv) email address (if applicable), and (v) information about each Contract of Insurance related to the Settlement, including (1) the insurer(s) that issued the Contract of Insurance, (2) policy number, (3) face amount of each Contract of Insurance, (4) annual premium, and (5) effective date and expiration date for each policy.

(c) Any Settlement Class Member who does not submit a timely request for exclusion in accordance with the above requirements shall be bound by the Release and by all proceedings, orders, and judgments in this Action.

12. **Objections to the Settlement, Plan of Allocation, Attorneys' Fee and Expense Award or Service Awards**.

(a) Any Settlement Class Members that wish to object to or comment on the fairness, reasonableness or adequacy of the Settlement, the Plan of Allocation, any term(s) of the Settlement Agreement or to the application for an Attorneys' Fee and Expense Award or Service Awards must serve on Co-Lead Counsel and respective counsel for the Settling Defendants and file with the Court a statement of his, her or its objection or comment; *provided* that such statement of objection or comment must be received no later than November 23, 2023.

(b) Any statement of objection shall provide evidence of the Settlement Class Member's membership in the Settlement Class and shall state the specific reason(s), if any, for each such objection, including any legal support and evidence that the Settlement Class Member wishes to introduce in support of such objection.

(c) Settlement Class Members may file an objection on his, her or its own or through an attorney hired at his, her or its own expense. If the Settlement Class Member hires an attorney in connection with filing an objection to the

Settlement, the attorney must serve on Co-Lead Counsel and respective counsel for the Settling Defendants, and file with the Court a notice of appearance; *provided* that any such notice of appearance must be received by Co-Lead Counsel and respective counsel for the Settling Defendants no later than November 23, 2023.

(d) Only a Settlement Class Member that files and serves a written objection pursuant to this §12 may appear at the Fairness Hearing, either in person or through an attorney hired at the Settlement Class Member's own expense, to object to the fairness, reasonableness or adequacy of (i) the Settlement, (ii) the Plan of Allocation, (iii) any term of the Settlement Agreement, or (iv) the application for an Attorneys' Fee and Expense Award or Service Awards.

(e) Any Settlement Class Member that fails to comply with any of the provisions of this §12 shall waive and forfeit any and all rights that the Settlement Class Member may otherwise have to appear separately at the Fairness Hearing and/or to object to the Settlement, and shall be bound by all of the terms of the Settlement Agreement and by all proceedings, orders and judgments in this Action.

13. **Filing of Opening and Reply Briefs**.

All opening briefs and supporting documents in support of the Settlement, the Plan of Allocation, and Plaintiffs' Counsel's application for an Attorneys' Fees and Expense Award and for Service Awards shall be filed by November 9, 2023. Replies to any objections shall be filed by December 7, 2023.

14. **Preliminary Injunctions**.

All Settlement Class Members, along with their respective current, former or future, direct and indirect parents, subsidiaries, affiliates, directors, officers, principals, employees, agents, attorneys, executors, administrators, beneficiaries, predecessors, successors, heirs and assigns, are preliminarily enjoined from filing, commencing, prosecuting, continuing to prosecute, intervening in, participating in (as class members or otherwise) or receiving any benefits or other relief from any other action, arbitration or administrative, regulatory or other proceeding against any one or more of the Released Defendants that is based upon, arises out of or relates in any way to any of the Released Claims defined in §II.32 of the Settlement Agreement. All persons or entities are preliminarily enjoined from filing, commencing, prosecuting or continuing to prosecute any other putative class action against any or all such Released Defendants on behalf of any of the Settlement Class Members if that action is based upon, arises out of or relates in any way to any of the Released Claims defined in §II.32 of the Settlement Agreement. The Court finds that issuance of this preliminary injunction is necessary and appropriate in aid of the Court's jurisdiction over this Action and the Settlement.

15. **Binding Effect**.

All Settlement Class Members, along with their respective current, former or future, direct and indirect parents, subsidiaries, affiliates, directors, officers,

principals, employees, agents, attorneys, executors, administrators, beneficiaries, predecessors, successors, heirs and assigns, will be bound by all proceedings, orders and judgments relating to the Settlement Agreement and the Settlement, even if such Settlement Class Members have previously initiated or subsequently initiate litigation, arbitration or other proceedings, or have any other claim against any or all of the Released Defendants relating to any of the Released Claims.

16. **Termination of the Settlement**.

(a) This Order shall become null and void, and shall be without prejudice to the rights of the Settling Parties, each of which shall be restored to the position it occupied immediately before the Court entered this Order, if: (i) the Settlement is not finally approved by the Court, or does not become final due to a ruling from any appellate court; or (ii) as to any Settling Parties for whom the Settlement Agreement is terminated, the Settlement Agreement does not become effective in accordance with its terms or is otherwise terminated.

(b) In the event that this Order shall become null and void pursuant to this §16, the Settlement Agreement and this Order shall be of no force or effect as to any Settling Party for whom §16 of this Order applies and shall not be construed or used as an admission, concession or declaration by or against any of the Settling Parties of any fault, wrongdoing, breach or liability, or as a waiver by any of the Settling Parties of any claims or defenses, including, but not limited to, any argument

against the certification of a plaintiff class in the Action for any purpose other than settlement. Notwithstanding this §16, the terms of §§XVI.5 and XVII.5 of the Settlement Agreement shall not be affected if this Order becomes null and void.

DATED: July 10, 2023            /s/Claire C. Cecchi
                                _____
                                THE HONORABLE CLAIRE C. CECCHI
                                UNITED STATES DISTRICT JUDGE