ROBBINS GELLER RUDMAN
  & DOWD LLP
RACHEL L. JENSEN
ALEXANDRA S. BERNAY
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)

Attorneys for Plaintiffs

[Additional counsel appear on signature page.]

UNITED STATES DISTRICT COURT

DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| LINCOLN ADVENTURES, LLC, a Delaware Limited Liability Company, and MICHIGAN MULTI-KING, INC., a Michigan Corporation, on Behalf of Themselves and All Those Similarly Situated, | ) ) ) ) ) ) | No. 2:08-cv-00235-CCC-ESK<br><br>CLASS ACTION<br><br>MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION FOR FINAL APPROVAL OF PARTIAL CLASS ACTION SETTLEMENT |
| Plaintiffs, | ) ) ) | |
| vs. | ) ) | Motion Return Date:  December 14, 2023 |
| THOSE CERTAIN UNDERWRITERS AT LLOYD'S, LONDON MEMBERS OF SYNDICATES, et al. | ) ) ) ) | |
| Defendants. | ) ) ) | |

4858-7068-5579.v2

# TABLE OF CONTENTS

**Page**

I.     INTRODUCTION ....................................................................................1

II.    RELEVANT PROCEDURAL HISTORY ......................................................3

       A.    Post-2019 Settlement Litigation against the Settling Defendants.........3

       B.    Arm's Length Negotiations with the Settling Defendants....................4

       C.    Preliminary Approval of the Current Partial Settlement and
             Notice Procedures.......................................................................5

III.   OVERVIEW OF THE PARTIAL SETTLEMENT BENEFITS ....................5

IV.    APPLICABLE LEGAL STANDARDS.........................................................6

V.     THE PARTIAL SETTLEMENT WARRANTS FINAL APPROVAL ..........8

       A.    Plaintiffs and Class Counsel Have Adequately Represented the
             Settlement Class for over a Decade ................................................8

       B.    The Partial Settlement Is the Result of Arm's-Length
             Negotiations by Experienced Counsel ............................................9

       C.    The Settlement Relief Is Fair, Reasonable, and Adequate.................11

       D.    The Risk Factors Support Final Approval .........................................13

             1.    The Proposed Method of Distributing Relief Is Fair and
                   Effective..........................................................................14

             2.    The Terms of Attorneys' Fees and Expenses Are Fair............15

             3.    The Parties Have No Other Agreements Besides Opt
                   Outs ................................................................................17

       E.    Class Notice Satisfied Rule 23 and Due Process ...............................17

       F.    The Court Should Certify the Settlement Class .................................21

VI.    CONCLUSION.....................................................................................22

4858-7068-5579.v2

# TABLE OF AUTHORITIES

**Page**

## CASES

*Bredbenner v. Liberty Travel, Inc.*,
 2011 WL 1344745 (D.N.J. Apr. 8, 2011) .......................................................10

*Castro v. Sanofi Pasteur Inc.*,
 2017 WL 4776626 (D.N.J. Oct. 23, 2017) ......................................................14

*Curiale v. Lenox Grp., Inc.*,
 2008 WL 4899474 (E.D. Pa. Nov. 14, 2008) ....................................................6

*Eisen v. Carlisle & Jacquelin*,
 417 U.S. 156 (1974) ........................................................................................20

*Girsh v. Jepson*,
 521 F.2d 153 (3d Cir. 1975) ........................................................................8, 12

*In re Aetna UCR Litig.*,
 2013 WL 4697994 (D.N.J. Aug. 30, 2013) ......................................................10

*In re Aggrenox Antitrust Litig.*,
 2017 WL 4278788 (D. Conn. Sept. 19, 2017)..............................................9, 10

*In re AremisSoft Corp. Sec. Litig.*,
 210 F.R.D. 109 (D.N.J. 2002)......................................................................17, 21

*In re Caterpillar, Inc.*,
 2016 WL 7173814 (D.N.J. Sept. 20, 2016)......................................................15

*In re Cendant Corp. Litig.*,
 264 F.3d 201 (3d Cir. 2001) ..............................................................................6

*In re Currency Conversion Fee Antitrust Litig.*,
 263 F.R.D. 110 (S.D.N.Y. 2009), *aff'd sub nom.*,
 *Priceline.com Inc. v. Silberman*,
 405 F. App'x 532 (2d Cir. 2010) ..................................................................9, 11

*In re Genworth Fin. Sec. Litig.*,
 2016 WL 7187290 (E.D. Va. Sept. 26, 2016) ..................................................16

- ii -

**Page**

*In re Ins. Brokerage Antitrust Litig.*,
   282 F.R.D. 92 (D.N.J. 2012)................................................................13

*In re Ins. Brokerage Antitrust Litig.*,
   297 F.R.D. 136 (D.N.J. 2013)........................................................15, 16

*In re Liquid Aluminum Sulfate Antitrust Litig.*,
   2019 WL 7375288 (D.N.J. Nov. 7, 2019) .........................................15

*In re NASDAQ Mkt.-Makers Antitrust Litig.*,
   187 F.R.D. 465 (S.D.N.Y. 1998) .......................................................11

*In re Pet Food Prods. Liab. Litig.*,
   629 F.3d 333 (3d Cir. 2010) ................................................................6

*In re Philips/Magnavox TV Litig.*,
   2012 WL 1677244 (D.N.J. May 14, 2012)..........................................10

*In re Prudential Ins. Co. Am. Sales Prac. Litig. Agent Actions*,
   148 F.3d 283 (3d Cir. 1998) ...........................................................8, 21

*In re TFT-LCD (Flat Panel) Antitrust Litig.*,
   2011 WL 7575004 (N.D. Cal. Dec. 27, 2011)....................................16

*In re Warfarin Sodium Antitrust Litig.*,
   391 F.3d 516 (3d Cir. 2004) ................................................................6

*McDonough v. Horizon Blue Cross Blue Shield of N.J.*,
   641 F. App'x 146 (3d Cir. 2015) .........................................................6

*Meredith Corp. v. SESAC, LLC*,
   87 F. Supp. 3d 650 (S.D.N.Y. 2015) ..................................................11

*Mylan Pharms., Inc. v. Warner Chilcott Pub. Ltd.*,
   2014 WL 12778314 (E.D. Pa. Sept. 15, 2014)....................................14

*Sullivan v. DB Invs., Inc.*,
   667 F.3d 273 (3d Cir. 2011) ................................................................6

- iii -

**Page**

*Varacallo v. Mass. Mut. Life Ins. Co.*,
226 F.R.D. 207 (D.N.J. 2005)............................................................................11

*Vista Healthplan, Inc. v. Cephalon, Inc.*,
2020 WL 1922902 (E.D. Pa. Apr. 21, 2020)....................................................15

## STATUTES, RULES AND REGULATIONS

28 U.S.C.
§1711............................................................................................................17

Federal Rules of Civil Procedure
Rule 23 ............................................................................................*passim*
Rule 23(c)(2)................................................................................................18
Rule 23(c)(2)(B)(v).........................................................................................2
Rule 23(e)....................................................................................3, 6, 18
Rule 23(e)(2).......................................................................6, 7, 8, 12
Rule 23(e)(2)(A)............................................................................................8
Rule 23(e)(2)(B)............................................................................................9
Rule 23(e)(2)(C).......................................................................11, 12
Rule 23(e)(2)(C)(ii).....................................................................................14
Rule 23(e)(2)(C)(iii)....................................................................................15
Rule 23(e)(2)(C)(iv)....................................................................................17
Rule 23(e)(3).......................................................................................7, 12

Plaintiffs respectfully submit this memorandum in support of their motion for final approval of the proposed Partial Class Action Settlement ("Partial Settlement") with Defendant Lloyd's Syndicates 510, 1084, 1096, and 1245 (the "Settling Defendants") in this Action.[1]

## I.    INTRODUCTION

Since the Court granted preliminary approval of the proposed Partial Settlement and approved the dissemination of class notice, the reaction of the Settlement Class has been overwhelmingly positive:  to date, there have been zero objections and only a single exclusion.[2]  This strongly favors final approval of the Partial Settlement.

This Partial Settlement follows the nearly $22 million settlement approved in 2019 ("2019 Partial Settlement") with four additional defendants and provides $7.9 million in additional monetary relief to the Settlement Class in exchange for dismissal of those defendants only.  Thus, if this Partial Settlement is finally approved, the Settlement Class will have received nearly $30 million to date.  Further, the litigation will continue against Defendant Syndicates 727, 1003, 2003, 2020, 2488, and 2791

---

[1]    All capitalized terms that are not otherwise defined herein have the same meanings ascribed to them in the Stipulation of Partial Class Action Settlement, dated June 15, 2023 ("Agreement").  ECF 273-2.  Citations and internal quotations are omitted and emphasis is added throughout unless otherwise noted.

[2]    *See* Declaration of Mark Cowen Regarding Notice Administration ("Cowen Decl."), ¶21, submitted herewith.

- 1 -

(the "Remaining Defendants"), so the Settlement Class may well obtain additional recoveries in the future.

This Partial Settlement is the product of extensive arm's-length negotiations by highly experienced counsel with the assistance of the Court-appointed Mediator, the Honorable Layn R. Phillips (ret.) (hereafter "Judge Phillips"). *See* MDL 1663 ECF 2198. The negotiations were informed by this Court's ruling on the motions to dismiss, discovery rulings in the case, the investigation and discovery conducted to date, expert analysis, and the extensive record in this case.

As part of the Partial Settlement, the Settling Parties agree to the certification of the following proposed Federal Rule of Civil Procedure ("Rule") 23(b)(3) class for settlement purposes only:

> All persons and entities in the United States (including its territories) who, from January 1, 1997 through June 15, 2023, purchased or renewed a Contract of Insurance with any Lloyd's Syndicates named as a Defendant in the Action. Excluded from the Settlement Class are Released Defendants, Defendants formerly named as such in the Action, all Lloyd's syndicates, Opt-outs, and judges presiding over the Action and their immediate families (the "Settlement Class").

Pursuant to the terms of the Agreement and Rule 23(c)(2)(B)(v), all members of the Settlement Class have an opportunity to opt out or object by November 23, 2023. Further, Settlement Class Members are treated equitably as each is entitled to file a claim for a *pro rata* share of the net recovery based on the amount of premium paid for insurance. The Partial Settlement does not release any claims against the

Remaining Defendants, not does it release any claims arising before or after the Class Period.

This Partial Settlement readily satisfies Rule 23(e).  It is a fair, reasonable, and adequate resolution for the Settlement Class with respect to the Settling Defendants and balances the objective of securing the highest possible recovery with recognition of the risks and costs of continued litigation.

This Court has already preliminarily found that the Partial Settlement is fair, adequate, and reasonable.  ECF 280.  Plaintiffs respectfully submit that the Court should confirm its findings and issue final approval of the Partial Settlement.

## II.    RELEVANT PROCEDURAL HISTORY

The Court is very familiar with the extensive procedural history of this matter, which was detailed in the filings submitted in support of the 2019 Partial Settlement. *See* ECF 89-1 at 12-17.

### A.    Post-2019 Settlement Litigation against the Settling Defendants

Since the 2019 Partial Settlement, counsel for Plaintiffs have engaged in extensive discovery, including propounding additional document requests, producing and reviewing new documents, taking and defending a dozen depositions from summer 2022 through winter 2023.  *See* Joint Declaration of Rachel L. Jensen and Robert S. Schachter in Support of Plaintiffs' Motions for: (1) Final Approval of Partial

Class Action Settlement; and (2) an Award of Attorneys' Fees and Expenses and Service Awards ("Joint Decl."), ¶¶18-66, submitted herewith.

On October 14, 2020, Judge Kiel denied, in part, Defendants' motion for a protective order with respect to certain categories of documents resulting in the production of additional documents. *See* Joint Decl., ¶50.

On March 10, 2022, Judge Kiel also granted in part Plaintiffs' motion to compel the production of certain documents that Defendants had withheld for years based on assertions of privilege and also denied, in part, Defendants' motion for a protective order with respect to certain categories of documents. *See* ECF 197, ¶57.

In May 2022, Plaintiffs filed their class certification motion with supporting expert testimony, demonstrating that a nationwide class under the civil RICO statute is readily certifiable. *See* ECF 207-208; Joint Decl., ¶¶19-29. In connection with their class-certification motion, counsel for Plaintiffs defended the deposition of their expert, Economist Dr. Gareth J. Macartney, Ph.D., and deposed three of Defendants' experts about class-certification issues. *See* Joint Decl., ¶¶8, 31.[3]

### B.    Arm's Length Negotiations with the Settling Defendants

Following the 2019 Partial Settlement, the parties re-engaged in settlement talks with Judge Phillips, culminating in an all-day mediation in April 2023 in New York.

---

[3] Following the Court's administrative termination of the motions for class certification and to exclude expert testimony to allow for the service of rebuttal expert reports, on June 12, 2023, Plaintiffs filed a renewed motion for class certification. ECF 266-267.

4858-7068-5579.v2

Joint Decl., ¶10.  Following the day-long mediation, on April 12, 2023, the Mediator made a double-blind proposal, which Plaintiffs and the Settling Defendants accepted. *Id.*, ¶10.

### C.   Preliminary Approval of the Current Partial Settlement and Notice Procedures

The Court preliminarily approved this Partial Settlement on July 10, 2023.  *See* ECF 280.  The Court's preliminary approval order found that this Partial Settlement preliminarily met the requirements of Rule 23.  *See id.* at 1-3.  The Court further preliminarily certified the Settlement Class.  *See id.* at 3, ¶2.  And the Court scheduled a Fairness Hearing (*id.*, ¶4), directed notice be issued to the Settlement Class Members (*id.*, ¶5), named a claims administrator (*id.*, ¶7), and detailed how requests for exclusion (*id.*, ¶11) and objections to the Partial Settlement be handled (*id.*, ¶12).

## III.   OVERVIEW OF THE PARTIAL SETTLEMENT BENEFITS

The proposed Partial Settlement provides for significant relief to the Settlement Class, in addition to nearly $22 million from the 2019 Partial Settlement.  The current Partial Settlement Amount of $7.9 million, together with interest earned thereon since the funds were deposited in an escrow account, less Court-approved attorneys' fees and litigation expenses, service awards, settlement administration expenses, taxes and tax expenses (the "Net Settlement Amount"), will be distributed on a *pro rata* basis to those Settlement Class Members who submit timely and valid Claim Forms to the Claims Administrator.

4858-7068-5579.v2

## IV.   APPLICABLE LEGAL STANDARDS

Rule 23(e) requires court approval of a class action settlement and a finding that it is "fair, reasonable, and adequate."   Fed. R. Civ. P. 23(e) & (e)(2).   The Partial Settlement readily meets this standard.

The Third Circuit has repeatedly emphasized there is strong presumption in favor of class action settlements "because they promote the amicable resolution of disputes and lighten the increasing load of litigation faced by the federal courts." *Sullivan v. DB Invs., Inc.*, 667 F.3d 273, 311 (3d Cir. 2011); *accord In re Pet Food Prods. Liab. Litig.*, 629 F.3d 333, 351 (3d Cir. 2010); *In re Warfarin Sodium Antitrust Litig.*, 391 F.3d 516, 535 (3d Cir. 2004).   Thus, in reviewing the proposed Partial Settlement, the Court should consider that "'there is an overriding public interest in settling class action litigation, and it should therefore be encouraged.'"   *McDonough v. Horizon Blue Cross Blue Shield of N.J.*, 641 F. App'x 146, 150 (3d Cir. 2015) (quoting *Warfarin*, 391 F.3d at 535); *see also Curiale v. Lenox Grp., Inc.*, 2008 WL 4899474, at *5 (E.D. Pa. Nov. 14, 2008).

The Third Circuit has held that an initial "presumption of fairness" exists if this Court finds that: (1) the negotiations occurred at arm['s] length; (2) there was sufficient discovery; (3) the proponents of the settlement are experienced in similar litigation; and (4) only a small fraction of the class objected.   *In re Cendant Corp. Litig.*, 264 F.3d 201, 232 n.18 (3d Cir. 2001).

4858-7068-5579.v2

Rule 23(e)(2), as amended in 2018, sets forth the following factors for assessing

the fairness, reasonableness, and adequacy of a class action settlement:

(A)   the class representatives and class counsel have adequately represented the class;

(B)   the proposal was negotiated at arm's length;

(C)   the relief provided for the class is adequate, taking into account:

    (i)   the costs, risks, and delay of trial and appeal;

    (ii)   the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims;

    (iii)   the terms of any proposed award of attorney's fees, including timing of payment; and

    (iv)   any agreement required to be identified under Rule 23(e)(3); and

(D)   the proposal treats class members equitably relative to each other.

Fed. R. Civ. P. 23(e)(2). As the Advisory Committee noted, the new Rule 23(e)(2)

factors are intended to focus attention on a shorter list of factors:

> A lengthy list of factors can take on an independent life, potentially distracting attention from the central concerns that inform the settlement-review process. A circuit's list might include a dozen or more separately articulated factors. Some of these factors – perhaps many – may not be relevant to a particular case or settlement proposal. Those that are relevant may be more or less important to the particular case. Yet counsel and courts may feel it necessary to address every factor on a given circuit's list in every case. The sheer number of factors can distract both the court and the parties from the central concerns that bear on review under Rule 23(e)(2).

> This amendment therefore directs the parties to present the settlement to the court in terms of a shorter list of core concerns, by

focusing on the primary procedural considerations and substantive qualities that should always matter to the decision whether to approve the proposal.

Fed. R. Civ. P. 23, Advisory Committee Notes, 2018 Amends., subdivision (e)(2).

These Rule 23(e)(2) factors are similar to those set forth in *Girsh v. Jepson*, 521 F.2d 153, 157 (3d Cir. 1975), and *In re Prudential Ins. Co. Am. Sales Prac. Litig. Agent Actions*, 148 F.3d 283, 323-24 (3d Cir. 1998).

By any metric, the relevant factors are satisfied as to the Partial Settlement here.

## V.     THE PARTIAL SETTLEMENT WARRANTS FINAL APPROVAL

As explained in the preliminary approval memorandum (ECF 273-1), and further below, the relevant factors in assessing the fairness, reasonableness, and adequacy of a class action settlement are all satisfied here and weigh in favor of final approval.

### A.     Plaintiffs and Class Counsel Have Adequately Represented the Settlement Class for over a Decade

First, Plaintiffs and their counsel have adequately represented the Settlement Class by diligently prosecuting and resolving this Action on their behalf for well over a decade.  *See* Fed. R. Civ. P. 23(e)(2)(A).

In preliminarily approving the Partial Settlement, the Court found that Plaintiffs and Co-Lead Counsel, along with other plaintiffs' counsel, have fairly and adequately protected the interests of the Settlement Class.  *See* ECF 280.  Indeed, as detailed in Co-Lead Counsel's Joint Declaration, Plaintiffs and their counsel have zealously

- 8 -

protected the interests of the Settlement Class for over decade, persisting despite a lengthy stay early on, years of motion practice, international discovery disputes, and depositions and mediations on two continents.[4]  For their part, Plaintiffs have actively prosecuted the Action alongside their counsel, and have diligently and selflessly served the Settlement Class throughout.  *See* Joint Decl., ¶15.

The Settlement Class has been, and will remain, adequately represented.

### B.   The Partial Settlement Is the Result of Arm's-Length Negotiations by Experienced Counsel

Second, this Partial Settlement is entitled to a presumption of fairness as it was negotiated at arm's length by experienced counsel.  *See* Fed. R. Civ. P. 23(e)(2)(B); *see, e.g.*, *In re Aggrenox Antitrust Litig.*, 2017 WL 4278788, at \*3 (D. Conn. Sept. 19, 2017) (settlement resulting from arm's-length negotiations between experienced counsel entitled to a presumption of fairness); *In re Currency Conversion Fee Antitrust Litig.*, 263 F.R.D. 110, 122 (S.D.N.Y. 2009) (same), *aff'd sub nom.*, *Priceline.com Inc. v. Silberman*, 405 F. App'x 532 (2d Cir. 2010).

Here, in preliminarily approving the Partial Settlement, the Court found that "the Settlement Agreement resulted from extensive arm's-length negotiations conducted with the assistance of the Hon. Layn R. Phillips" after substantial discovery.  ECF 280 at 3-4.  Indeed, Judge Phillips' issuance of a mediator's proposal

---

[4]   The concurrently filed declarations highlight the work since the 2019 Partial Settlement.  For the work done prior to that settlement, *see* ECF 105-2.

that the parties accepted is evidence that the settlement is collusion-free. *See Bredbenner v. Liberty Travel, Inc.*, 2011 WL 1344745, at *10 (D.N.J. Apr. 8, 2011) ("Participation of an independent mediator in settlement negotiations virtually insures that the negotiations were conducted at arm's length and without collusion between the parties."); *see also, e.g.*, *Aggrenox*, 2017 WL 4278788, at *3; *In re Aetna UCR Litig.*, 2013 WL 4697994, at *11 (D.N.J. Aug. 30, 2013) ("[S]essions with a respected and experienced mediator, gave counsel on both sides ample opportunity to adequately assess the strengths of their respective positions and facilitated serious and informed negotiations.").

Further, in agreeing to the mediator's proposal, Plaintiffs and their counsel were mindful of the risks of continued litigation that inhere in any complex case as well as the strengths and weaknesses of the claims and defenses here in light of the discovery conducted to date, expert analysis, and this Court's able guidance. *See* Joint Decl., ¶¶12-13; *see, e.g.*, *In re Philips/Magnavox TV Litig.*, 2012 WL 1677244, at *11 (D.N.J. May 14, 2012) ("Where this negotiation process follows meaningful discovery, the maturity and correctness of the settlement become all the more apparent.").

Finally, Class Counsel have decades of relevant experience prosecuting complex class actions and believe that the Partial Settlement is in the best interests of the Settlement Class. *See* Joint Decl., ¶8 & Exs. to Plaintiffs' Counsel's declarations

- 10 -

submitted herewith.   This informed judgment of Class Counsel is entitled to considerable weight.  *See Varacallo v. Mass. Mut. Life Ins. Co.*, 226 F.R.D. 207, 240 (D.N.J. 2005) ("Class Counsel's approval of the Settlement also weighs in favor of the Settlement's fairness."); *Currency Conversion*, 263 F.R.D. at 122 (citing the "extensive" class action experience of counsel).  Counsel's views are even weightier where, as here, many of the attorneys representing Plaintiffs have been involved in this case since the start.  *See, e.g.*, *Meredith Corp. v. SESAC, LLC*, 87 F. Supp. 3d 650, 662 (S.D.N.Y. 2015) (settlement procedurally fair where, due to experienced counsel and extensive discovery, "counsel on both sides were well-situated to thoughtfully assess the potential outcomes of the case and the likelihoods of each occurring"); *In re NASDAQ Mkt.-Makers Antitrust Litig.*, 187 F.R.D. 465, 474 (S.D.N.Y. 1998) (courts give "great weight" to the recommendations of counsel "who are most closely acquainted with the . . . underlying litigation").

This factor also weighs in favor of final approval of the Partial Settlement.

## C.    The Settlement Relief Is Fair, Reasonable, and Adequate

Third, this Partial Settlement provides fair, reasonable, and adequate relief to the Settlement Class.  *See* Fed. R. Civ. P. 23(e)(2)(C).

Indeed, in preliminarily approving the Partial Settlement, the Court found that "the Settlement is sufficiently fair, reasonable and adequate to warrant sending to Settlement Class Members notice of the Action, the Settlement Agreement, the

Settlement and the Fairness Hearing." ECF 280 at 4. Nothing has changed to alter the Court's conclusion. All applicable factors point toward finding the Partial Settlement relief to be fair, reasonable, and adequate.

Amended Rule 23(e)(2), like the Third Circuit's decision in *Girsh*, considers the adequacy of the settlement relief taking into account certain factors, including:

> (i)  the costs, risks, and delay of trial and appeal;
>
> (ii)  the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims;
>
> (iii)  the terms of any proposed award of attorney's fees, including timing of payment; and
>
> (iv)  any agreement required to be identified under Rule 23(e)(3).

Fed. R. Civ. P. 23(e)(2)(C).

Here, the Partial Settlement provides for significant monetary relief. The Settlement Amount of $7.9 million, with interest earned thereon, less attorneys' fees and expenses, service awards, notice and administration expenses, and taxes and associated expenses, will be distributed to those Settlement Class Members who submit timely and valid Claim Forms to the Claims Administrator. This factor also weighs in favor of final approval of the Partial Settlement.

4858-7068-5579.v2

### D.      The Risk Factors Support Final Approval

There is no disputing that $7.9 million in monetary relief, coupled with the prior 2019 Partial Settlement of nearly $22 million with an opportunity for further relief from the Remaining Defendants, is a good outcome here.  Indeed, this Action was filed over a decade ago, stayed for five years, and could take years more to obtain relief through litigation.  *See In re Ins. Brokerage Antitrust Litig.*, 282 F.R.D. 92, 103 (D.N.J. 2012) ("By reaching a favorable Settlement with most of the remaining Defendants prior to the disposition of Defendants' renewed dismissal motions or even an eventual trial, Class Counsel have avoided significant expense and delay, and have also provided an immediate benefit to the Settlement Class.").

Further, while Plaintiffs believe their claims are strong, they acknowledge, as always, there are risks to recovery.  Given the ongoing litigation against the Remaining Defendants, we will not detail the specific litigation risks here.  It is worth pointing out, however, that Defendants have argued that damages are zero or a *de minimus* amount for various reasons.  *See, e.g.*, MDL 1663 ECF 2763-1 at 42.

The relief provided under the Partial Settlement is adequate under all the circumstances.  This resolution with the Settling Defendants balances the risks, costs, and delay inherent in complex cases, and carries the possibility of a further recovery from the Remaining Defendants at a later time.  This Partial Settlement is in the best interests of the Settlement Class.  Final approval is, therefore, warranted.

### 1.  The Proposed Method of Distributing Relief Is Fair and Effective

The Partial Settlement also warrants final approval because the proposed methods for processing claims and distributing relief to Settlement Class Members are fair and reasonable.  *See* Fed. R. Civ. P. 23(e)(2)(C)(ii).

First, the claims process is streamlined and designed to be as convenient to Settlement Class Members as possible.  The Claim Form is straightforward, and Settlement Class Members can submit such forms online through the Settlement Website.  *See* Cowen Decl., ¶¶15-16.

Second, the Plan of Allocation describes the equitable distribution of the Net Settlement Fund to Settlement Class Members that submit valid Claims.  *See* ECF 273-2 at 105.  Specifically, the Net Settlement Fund will be allocated on a *pro rata* basis based on the total dollar amount paid by a Settlement Class Member for a qualifying policy in proportion to the total dollar value of all valid Claims submitted. *See id.*  This type of allocation methodology has been approved in similar cases.  *See, e.g.*, *Castro v. Sanofi Pasteur Inc.*, 2017 WL 4776626, at *2, *7 (D.N.J. Oct. 23, 2017) (approving plan of distribution which determined *pro rata* shares of settlement fund based on class members' purchases of product); *Mylan Pharms., Inc. v. Warner Chilcott Pub. Ltd.*, 2014 WL 12778314, at *5 (E.D. Pa. Sept. 15, 2014).

Importantly, the Agreement does not release any claims against any Remaining Defendant, nor does it release any claim arising before or after the Class Period.  *See*

ECF 273-2 at 18-19.   For all these reasons, the Plan of Allocation is fair and reasonable and warrants the Court's final approval.

### 2.   The Terms of Attorneys' Fees and Expenses Are Fair

This Partial Settlement warrants final approval for the additional reason that the proposed terms of the attorneys' fees and expenses to be awarded to Plaintiffs' Counsel are fair.   *See* Fed. R. Civ. P. 23(e)(2)(C)(iii).

Class Counsel are concurrently filing an application for attorneys' fees and expenses detailing the terms of the requested fee and expense award.   By way of overview, as explained in the Class Notices, they will request attorneys' fees not to exceed one-third of the Settlement Amount and payment of their litigation expenses of $1.6 million, the amount set forth in the Class Notices.

Plaintiffs' fee and expense request is in line with the 2019 Partial Settlement approved by this Court and in other recent cases in this Circuit.   *See* ECF 126 at 2; *see also Vista Healthplan, Inc. v. Cephalon, Inc.*, 2020 WL 1922902, at *33 (E.D. Pa. Apr. 21, 2020) (awarding 33.3% recovery of attorneys' fees and $2,663,468 in expenses); *In re Liquid Aluminum Sulfate Antitrust Litig.*, 2019 WL 7375288, at *4 (D.N.J. Nov. 7, 2019) (awarding 33.3% recovery of attorneys' fees and $1,175,125 in expenses); *In re Caterpillar, Inc.*, 2016 WL 7173814, at *3 (D.N.J. Sept. 20, 2016) (awarding 33.3% recovery of attorneys' fees and $1,426,776 in expenses); *In re Ins. Brokerage Antitrust Litig.*, 297 F.R.D. 136, 155 (D.N.J. 2013) (awarding 33% of

$10.5 million partial settlement fund in attorneys' fees and $1,023,188.76 in litigation expenses).

The requested litigation expenses reflect the substantial costs reasonably incurred by Plaintiffs for over a decade of litigation against foreign defendants. This undertaking has necessitated the outlay of over $2 million for the common benefit of Settlement Class Members in expert costs and the pursuit of document and deposition discovery. *See generally* Joint Declaration.

Plaintiffs will also ask that any award of fees and expenses be paid at the time the Court makes its award, consistent with the 2019 Partial Settlement, the settlements in MDL 1663, and other class action cases. *Compare* ECF 89-2 at 52 *with* ECF 273-2 at 44 (providing for the payment of attorneys' fees within five days of the later of the entry of the order awarding fees and expenses or entry of the final approval order); *see also In re Ins. Brokerage Antitrust*, 297 F.R.D. 136; *In re Genworth Fin. Sec. Litig.*, 2016 WL 7187290, at *2 (E.D. Va. Sept. 26, 2016) (ordering that "attorneys' fees and [l]itigation [e]xpenses awarded above may be paid to Lead Counsel immediately upon entry of this Order"); *In re TFT-LCD (Flat Panel) Antitrust Litig.*, 2011 WL 7575004, at *1 (N.D. Cal. Dec. 27, 2011) ("Federal courts . . . routinely approve settlements that provide for payment of attorneys' fees prior to final disposition in complex class actions.").

Plaintiffs respectfully request that the Court approve the requested attorneys' fees to compensate Class Counsel for their hard work and skill in obtaining this result, and the many hours of work that remain going forward with respect to this Partial Settlement until every last Settlement Class Member cashes his or her check.

### 3. The Parties Have No Other Agreements Besides Opt Outs

Rule 23(e)(2)(C)(iv) requires the disclosure of any agreement made in connection with the proposal. Here, the Agreement constitutes the entirety of the Settling Parties' agreement, except for the customary "blow provision" that specifies the threshold number of individual opt outs to trigger the Settling Defendants' termination rights under the Agreement. *See* ECF 273-2 at 52. This factor also weighs in favor of final approval.

### E. Class Notice Satisfied Rule 23 and Due Process[5]

Finally, the Class Notice disseminated in connection with this Partial Settlement satisfies Rule 23 and due process. *See, e.g.*, *In re AremisSoft Corp. Sec. Litig.*, 210 F.R.D. 109, 119 (D.N.J. 2002) ("In order to satisfy due process, notice to class members must be reasonably calculated under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.").

---

[5] The Settling Defendants complied with the notice requirements of the Class Action Fairness Act of 2005, 28 U.S.C. §1711, *et seq. See* ECF 279.

In granting preliminary approval of the Partial Settlement, the Court approved the comprehensive Notice Plan for dissemination to the Settlement Class. *See* ECF 280 at 11; *see also* Affidavit of Elaine Pang (ECF 273-4) (describing Notice Plan). In doing so, the Court found that such notice, which combines individual, direct notice (via mail and/or email), publication notice, internet advertising through a digital media campaign and website notice, together with a toll-free telephone number, email and postal address, "constitute due, adequate and sufficient notice to all persons or entities entitled to be provided with notice, and meet the requirements of the Federal Rules of Civil Procedure (including Fed. R. Civ. P. 23(c)(2) and (e))" and due process. ECF 280 at 11.

Pursuant to the Court's Preliminary Approval Order, and in compliance with Rule 23, the Court-appointed Claims Administrator, A.B. Data, Ltd., has implemented the Notice Plan, which included direct notice to all known Settlement Class Members and a robust print publication and online media campaign. *See* Cowen Decl.[6] Starting on August 23, 2023, the Claims Administrator mailed the Notice to all Settlement Class Members for whom valid and accurate addresses could be obtained, totaling more than 238,000 mailings. *See id.*, ¶6. For the 5,184 Notices returned as

---

[6] For a detailed explanation as to how addresses were obtained for Settlement Class Members, *see* Affidavit of Linda V. Young (ECF 89-4) and Cowen Decl., ¶¶3-4.

undeliverable, the Claims Administrator located 402 updated addresses, and coordinated remailing of the Notices to the updated addresses.  *Id.*, ¶¶8-9.

In addition, the Claims Administrator published the Summary Notice in the nationwide print versions of the following publications:

| Publication | Publishing Date |
|---|---|
| *The Wall Street Journal* | September 5, 2023 |
| *The Wall Street Journal* | September 18, 2023 |
| *The New York Times* | September 5, 2023 |
| *The New York Times* | September 18, 2023 |
| *USA Today* | September 5, 2023 |
| *USA Today* | September 18, 2023 |
| *Business Insurance* | October 1, 2023 |

Cowen Decl., ¶10.

Then, beginning on September 1, 2023, the Claims Administrator launched an ongoing digital media campaign.  *Id.*, ¶¶11-12.  To date, more than 21.4 million internet advertisements have been purchased and disseminated over desktop and mobile devices via the Google Display Network, AdWords (Search) and LinkedIn. *Id.*, ¶12.  The consumer publication and internet advertising alone has an estimated reach of approximately 71% of U.S. adults who are involved in the purchase of business insurance.  *Id.*, ¶13.  That does not include the additional reach of the Claims Administrator's direct notice efforts.

The Claims Administrator has also used the case website (www.SyndicateSettlement.com) and a toll-free hotline and email address to provide

all the information that Settlement Class Members need to know about the Partial Settlement, including downloadable copies of the Summary Notice, Long-Form Notice, Claim Form and the Agreement. *Id.*, ¶¶14, 18, 20. The case website advises Settlement Class Members of the Action, the terms of the Partial Settlement, their rights and options in connection with the Partial Settlement, and the method and dates by which they may: (i) object to the Partial Settlement, Plan of Allocation, the award of attorneys' fees and expenses or service awards, (ii) request exclusion from the Settlement Class, and (iii) submit a Claim Form to participate in the Partial Settlement. Additionally, Settlement Class Members are advised of the date and time of the Fairness Hearing to be heard with respect to any objection. *Id.*, ¶15. The Settlement Website also provides a straightforward process for submitting Claim Forms online. *Id.*, ¶16.

As of November 7, 2023, the Settlement Website had received 23,276 unique visitors; the toll-free number had received 1,382 calls; and the Claims Administrator had received 331 emails. *Id.*, ¶¶17-20. As of November 7, 2023, more than 1,300 Settlement Class Members have completed a Claim Form online using the Settlement Website.

As the Court found in the Preliminary Approval Order, the Notice Plan constitutes "the best notice practicable under the circumstances including individual notice to all members who can be identified through reasonable effort." *Eisen v.*

*Carlisle & Jacquelin*, 417 U.S. 156, 173 (1974); *Prudential*, 148 F.3d at 326-27;

*AremisSoft*, 210 F.R.D. at 119 ("In order to satisfy due process, notice to class members must be reasonably calculated under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.").

Plaintiffs respectfully ask the Court to conclude that the Notice Plan was implemented in accordance with its Preliminary Approval Order and confirm its finding that the Notice Plan was adequate and satisfied Rule 23 and Due Process.

### F.   The Court Should Certify the Settlement Class

In presenting the Partial Settlement for preliminary approval, Plaintiffs requested the Court's certification of the Settlement Class for settlement purposes so that the Notice Plan could be implemented.  In the Preliminary Approval Order, the Court preliminarily certified the Settlement Class for settlement purposes.  *See* ECF 280.  Again, nothing has changed to alter the propriety of the Court's certification of the Settlement Class.

Accordingly, for all the reasons stated here and in the preliminary approval memorandum (ECF 273-1), incorporated herein by reference, Plaintiffs respectfully request that the Court affirm its certification of the Settlement Class and its appointment of the Class Representatives and Class Counsel for purposes of carrying out this Partial Settlement.

## VI.    CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court: (1) find

the Notice Plan complies with Rule 23 and due process and was the best notice

practicable under the circumstances; (2) grant final approval of the Partial Settlement;

(3) confirm final certification of the Settlement Class for purposes of effectuating the

Partial Settlement and the appointment of Plaintiffs as Class Representatives and Co-

Lead Counsel as Class Counsel; and (4) approve the Plan of Allocation.

DATED:  November 9, 2023                     Respectfully submitted,

                                              ROBBINS GELLER RUDMAN
                                                & DOWD LLP
                                              RACHEL L. JENSEN
                                              ALEXANDRA S. BERNAY


                                                  s/ Rachel L. Jensen
                                              ────────────────────────
                                                RACHEL L. JENSEN

                                              655 West Broadway, Suite 1900
                                              San Diego, CA  92101
                                              Telephone:  619/231-1058
                                              619/231-7423 (fax)

                                              ROBBINS GELLER RUDMAN
                                                & DOWD LLP
                                              PAUL J. GELLER
                                              120 East Palmetto Park Road, Suite 500
                                              Boca Raton, FL  33432
                                              Telephone:  561/750-3000
                                              561/750-3364 (fax)

- 22 -

ZWERLING, SCHACHTER
  & ZWERLING, LLP
ROBERT S. SCHACHTER
JUSTIN M. TARSHIS
41 Madison Avenue
New York, NY  10010
Telephone:  212/223-3900
212/371-5969 (fax)

LIEFF CABRASER HEIMANN
  & BERNSTEIN, LLP
DAN DRACHLER
1215 Fourth Avenue, Suite 1350
Seattle, WA 98161
Telephone:  206/895-5005
206/895-3131 (fax)

COHN LIFLAND PEARLMAN
  HERRMANN & KNOPF LLP
PETER S. PEARLMAN
Park 80 West – Plaza One
250 Pehle Avenue, Suite 401
Saddle Brook, NJ  07663
Telephone:  201/845-9600
201/845-9423 (fax)

BONNETT, FAIRBOURN, FRIEDMAN
  & BALINT, P.C.
H. SULLIVAN BUNCH
2325 E. Camelback Road, Suite 300
Phoenix, AZ  85016
Telephone:  602/274-1100
602/274-1199 (fax)

FOOTE, MIELKE, CHAVEZ
  & O'NEIL, LLC
ROBERT M. FOOTE
KATHLEEN C. CHAVEZ
10 West State Street, Suite 200
Geneva, IL  60134
Telephone:  630/232-7450
630/232-7452 (fax)

4858-7068-5579.v2

CAFFERTY CLOBES MERIWETHER
  & SPRENGEL LLP
ELLEN MERIWETHER
205 N. Monroe Street
Media, PA  19063
Telephone:  (215) 864-2800
215/864-2810 (fax)

Attorneys for Plaintiffs

4858-7068-5579.v2