ROBBINS GELLER RUDMAN
& DOWD LLP
RACHEL L. JENSEN
ALEXANDRA S. BERNAY
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

DISTRICT OF NEW JERSEY

| | |
|---|---|
| LINCOLN ADVENTURES, LLC, a Delaware Limited Liability Company, and MICHIGAN MULTI-KING, INC., a Michigan Corporation, on Behalf of Themselves and All Those Similarly Situated, | No. 2:08-cv-00235-CCC-ESK |
| Plaintiffs, | CLASS ACTION |
| vs. | FINAL ORDER APPROVING PARTIAL CLASS ACTION SETTLEMENT |
| THOSE CERTAIN UNDERWRITERS AT LLOYD'S, LONDON MEMBERS OF SYNDICATES, et al. | |
| Defendants. | |

**WHEREAS**, all capitalized terms herein not otherwise defined below shall have the same meaning as ascribed to them in the Stipulation of Partial Class Action Settlement ("Settlement Agreement"); and

**WHEREAS**, on July 10, 2023, the Court entered the Preliminary Approval Order (ECF 280), which:

1. Preliminarily approved the Settlement;

2. Preliminarily certified a Settlement Class, defined in §3 below, in accordance with Federal Rule of Civil Procedure 23(b)(3) for settlement purposes only;

3. Directed that the Claims Administrator provide notice to advise the members of the Settlement Class (the "Settlement Class Members") of: (i) the pendency of the Action; the Settlement Agreement; the Settlement; the Plan of Allocation; the application by Plaintiffs' Counsel for an Attorneys' Fee and Expense Award and/or Service Awards, (ii) their right to exclude themselves from the Settlement Class, and (iii) their right to appear at the Fairness Hearing; and

4. Scheduled a hearing for December 14, 2023, at which the Court would consider the fairness of the foregoing and any objections thereto; and

**WHEREAS**, the Court held a hearing on December 14, 2023, at which the Court considered:

(a) Whether the Settlement Class should be finally certified as a class for settlement purposes only;

(b) Whether the Settlement should be approved as fair, reasonable and adequate and the Action be dismissed with prejudice as to the Settling Defendants pursuant to the terms of the Settlement Agreement;

(c) Whether the Notice Plan: (i) constituted the best practicable notice; (ii) constituted notice that is reasonably calculated, under the circumstances, to apprise Settlement Class Members of (1) the pendency of the Action, (2) the effect of the Settlement Agreement, including the release described in Appendix B attached hereto (the "Release"), (3) their right to object to the Settlement, the Plan of Allocation, and/or the application by Plaintiffs' Counsel for an Attorneys' Fee and Expense Award and/or Service Awards, (4) their right to exclude themselves from the Settlement Class, and (5) their right to appear at the Fairness Hearing; (iii) was reasonable and constituted due, adequate and sufficient notice to persons entitled to notice; and (iv) met all applicable requirements of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Rules of this Court and any other applicable law;

(d) Whether Plaintiffs and Plaintiffs' Counsel have adequately represented the Settlement Class for purposes of entering into and implementing the Settlement Agreement;

(e) Whether Settlement Class Members, on behalf of themselves, their respective current, former or future, direct or indirect parents, subsidiaries, affiliates, directors, officers, principals, employees, agents, attorneys, executors, administrators, beneficiaries, predecessors, successors, heirs and assigns should be bound by the Release;

(f) Whether Settlement Class Members, on behalf of themselves, their respective current, former or future, direct or indirect parents, subsidiaries, affiliates, directors, officers, principals, employees, agents, attorneys, executors, administrators, beneficiaries, predecessors, successors, heirs and assigns should be permanently barred, enjoined and restrained from filing, commencing, prosecuting, continuing to prosecute, intervening in, participating in (as Settlement Class Members or otherwise) or receiving any benefits or other relief from any other action, arbitration or other proceeding brought against any or all of the Released Defendants defined in §II.33 of the Settlement Agreement that is based upon, arises out of or relates to any of the Released Claims defined in §II.32 of the Settlement Agreement;

(g) Whether a Bar Order as described in §XI.B.2 of the Settlement Agreement should be entered that, among other things, provides that: (i) any and all persons and entities are permanently barred, enjoined and restrained from commencing, prosecuting, continuing to prosecute or asserting any claim (including any claim for indemnification, contribution, or attorneys' fees) against any of the

Released Defendants where the alleged injury to the barred person or entity is based upon that person's or entity's alleged liability to the Settlement Class or any of the Settlement Class Members; (ii) any and all Released Defendants are permanently barred, enjoined and restrained from commencing, prosecuting, continuing to prosecute or asserting any claim (including any claim for indemnification or contribution) against a person barred where the Released Defendant's alleged injury is based solely upon the Released Defendant's alleged liability to the Settlement Class or any of the Settlement Class Members other than with respect to claims related to coverage under Contracts of Insurance issued by Released Defendants to Plaintiffs or any Settlement Class Members; and (iii) there shall be a judgment-reduction credit reducing any judgment that the Settlement Class or any of the Settlement Class Members might obtain against any barred person or entity in connection with any of the Released Claims by the greater of the settlement amount paid by the Settling Defendants or an amount that corresponds to the Settling Defendants' percentage of responsibility for the loss to the Settlement Class or any of the Settlement Class Members; and

(h) Whether Plaintiffs' Counsel's application for an Attorneys' Fee and Expense Award and for Service Awards should be approved.

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

1. **Incorporation of Settlement Agreement and Orders.** This Order expressly incorporates by reference and makes a part hereof the Preliminary Approval Order and the Settlement Agreement (including all of the exhibits annexed thereto) that was filed with this Court on June 30, 2023. ECF 273-2.

2. **Jurisdiction.** The Court has personal jurisdiction over all Settlement Class Members and has subject matter jurisdiction over this Action, including, without limitation, jurisdiction to approve the Settlement Agreement, the Settlement, the Plan of Allocation, certification of the Settlement Class for settlement purposes, and to dismiss the Action with prejudice as to the Settling Defendants, ***provided, however***, that such jurisdiction to enforce the Settlement Agreement, the Settlement and this Order shall not constitute a basis for or give rise to personal jurisdiction over (a) any of the Settling Defendants (including their respective current, former or future, direct and indirect parents, subsidiaries and affiliates) whose corporate headquarters, place of incorporation/organization or principal place of business is located outside the United States, to the extent such jurisdiction does not already exist, or (b) any of the Settling Defendants over which the Court does not otherwise have personal jurisdiction.

3. **Final Settlement Class Certification.** The Settlement Class, which is hereby finally certified for settlement purposes under Federal Rule of Civil Procedure 23(b)(3), consists of all persons and entities in the United States (including its

territories) who, between January 1, 1997 through June 15, 2023, purchased or renewed a Contract of Insurance with any Lloyd's Syndicates named as a Defendant in the Action. Excluded from the Settlement Class are Released Defendants, Defendants formerly named as such in the Action, all Lloyd's syndicates, Opt-outs, and judges presiding over the Action and their immediate families.

4. **Adequacy of Representation.** Plaintiffs and Plaintiffs' Counsel have fully and adequately represented the Settlement Class for purposes of entering into and implementing the Settlement and have satisfied the requirements of Federal Rule of Civil Procedure 23(a)(4).

5. **Fairness, Reasonableness & Adequacy of Settlement.** The Settlement Agreement was entered into in good faith and is fully and finally approved as fair, reasonable and adequate as to, and in the best interests of, each of the Settling Parties and the Settlement Class Members, and in full compliance with all applicable requirements of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Rules of the Court and any other applicable law. The Settling Parties and their respective counsel are hereby directed to implement and consummate the Settlement according to its terms and provisions.

6. **Adequacy of Notice.** The Court finds that the methodology employed in disseminating the Notices and the Claim Form satisfies the directives set forth in the Preliminary Approval Order and that they were simply written and readily

understandable. The Court further finds that the Notices and the dissemination of the Notices employed: (a) constituted the best practicable notice; (b) constituted notice that was reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Action, of the effect of the Settlement Agreement (including the Release set forth in Appendix B hereto and defined in §9, below), of their rights to object to the Settlement and to appear at the Fairness Hearing, and of their right to exclude themselves from the Settlement Class; (c) were reasonable and constituted due, adequate and sufficient notice to persons entitled to notice; and (d) met all applicable requirements of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Rules of this Court and any other applicable law.

7. **Plan of Allocation**. The Plan of Allocation, set forth in the Settlement Agreement at Exhibit F and the Long-form Notice, is approved as a fair and reasonable method to allocate the Settlement's proceeds among Settlement Class Members. Co-Lead Counsel, through the Claims Administrator, are directed to implement and administer the Plan of Allocation in accordance with its terms and provisions.

8. **Binding Effect**. The terms of the Settlement Agreement, the Settlement, this Order, and all proceedings, other orders and judgments relating to the Settlement Agreement and the Settlement, shall be forever binding on Plaintiffs and all

Settlement Class Members, on behalf of themselves, their respective parents, subsidiaries, affiliates, directors, officers, principals, employees, agents, attorneys, executors, administrators, beneficiaries, predecessors, successors, heirs and assigns.

9. **Release.** The Settlement Class Members, on behalf of themselves and the Released Plaintiffs, are bound by the Release set forth in §XI of the Settlement Agreement and annexed as Appendix B to this Order (the "Release").

10. **Permanent Injunction.** All Settlement Class Members, along with their respective current, former or future, direct and indirect parents, subsidiaries, affiliates, directors, officers, principals, employees, agents, attorneys, executors, administrators, beneficiaries, predecessors, successors, heirs and assigns, are permanently enjoined from filing, commencing, prosecuting, continuing to prosecute, intervening in, participating in (as Settlement Class Members or otherwise) or receiving any benefits or other relief from any other action, arbitration or administrative, regulatory or other proceeding against any one or more of the Released Defendants that is based upon, arises out of or relates in any way to any of the Released Claims. All persons or entities are permanently enjoined from filing, commencing, prosecuting or continuing to prosecute any other putative class action against any or all Released Defendants on behalf of any of the Settlement Class Members if such action is based upon, arises out of or relates in any way to any of the Released Claims. The Court finds that issuance

of this permanent injunction is necessary and appropriate in aid of the Court's jurisdiction over this Action and the Settlement.

11. **Bar Order.**

(a) (i) Any and all persons and entities are permanently barred, enjoined and restrained from commencing, prosecuting, continuing to prosecute or asserting any claim (including any claim for indemnification, contribution or attorneys' fees) against any of the Released Defendants where the alleged injury to the barred person or entity is based upon that person's or entity's alleged liability to the Settlement Class or any of the Settlement Class Members; (ii) any and all Released Defendants are permanently barred, enjoined and restrained from commencing, prosecuting, continuing to prosecute or asserting any claim (including any claim for indemnification or contribution) against a person barred by subdivision (a)(i) of this Paragraph where the Released Defendant's alleged injury is based solely upon the Released Defendant's alleged liability to the Settlement Class or any of the Settlement Class Members other than with respect to claims related to coverage under Contracts of Insurance issued by Released Defendants to Plaintiffs or any Settlement Class Members; and (iii) there shall be a judgment-reduction credit reducing any judgment that the Settlement Class or any of the Settlement Class Members might obtain against any barred person or entity in connection with any of the Released Claims by the greater of the settlement amount paid by the Settling Defendants or an amount that

corresponds to the Settling Defendants' percentage of responsibility for the loss to the Settlement Class or any of the Settlement Class Members.

(b) Notwithstanding Paragraph (a), above, or anything else in the Settlement Agreement or this Order, nothing shall release, interfere with, limit or bar the assertion by any Released Defendant of any claim for insurance coverage under any insurance or indemnity policy that provides coverage in connection with the matters at issue or which could have been at issue in the Action.

12. **Administrative Expenses.** The Preliminary Approval Order authorized the Settling Parties to retain A.B. Data, Ltd. as the Claims Administrator whose fees and expenses associated with the implementation and administration of the Settlement are to be paid solely from the Settlement Fund.

13. **Attorneys' Fee and Expense Award.** Plaintiffs' Counsel are hereby awarded attorneys' fees of $2,630,699.00 and expenses in the amount of $1,600,000.00, which amounts shall be paid in their entirety from the Settlement Fund, in accordance with the terms of the Settlement Agreement. The Attorneys' Fee and Expense Award shall constitute the sole aggregate compensation for all Plaintiffs' Counsel with respect to the Settlement and all claims against the Settling Defendants. This §13 covers, without limitation, any and all claims for attorneys' fees and expenses, costs or disbursements incurred by Co-Lead Counsel, Plaintiffs' Counsel or any other counsel of record representing Plaintiffs or Settlement Class Members in

this Action, or incurred by Plaintiffs or Settlement Class Members, or any of them, in connection with or related in any manner to this Action, the Settlement, the administration of the Settlement, and/or the Released Claims, except to the extent otherwise specified in this Order or the Settlement Agreement.

14. **Service Awards.** The Court approves Plaintiffs' Counsel's request for a Service Award in the amount of $5,000 for each of the Plaintiffs, which shall be paid solely from the Settlement Fund.

15. **No Admissions.** Neither this Order, the Settlement Agreement, the negotiations leading to the execution of the Settlement Agreement, other documents referred to in this Order, nor any action undertaken to implement this Order is, may be construed as, may be offered as, may be received as, may be used as, or may be deemed to be evidence of any kind in this Action, any other action, or any other judicial, administrative, regulatory or other proceeding of any liability or wrongdoing whatsoever on the part of any person or entity, including, but not limited to, the Settling Defendants, or as a waiver by the Settling Defendants of any applicable defense. The Settling Parties' execution and/or implementation of the Settlement Agreement and the Settlement, and any negotiations or proceedings related thereto, shall not under any circumstances be construed as, offered as, received as, used as or deemed to be evidence of, an admission or concession by the Settling Defendants of any of Plaintiffs' claims and shall not be offered or received in evidence in this

Action, any other action, or any other judicial, administrative, regulatory or other proceeding for any purpose whatsoever, except as evidence of the Settlement or to enforce the provisions of this Order and the Settlement Agreement. Notwithstanding the foregoing or anything else herein, this Order, as well as the Settlement Agreement, may be filed in any action in support of any defense asserted by any of the Settling Defendants or other Released Defendants based upon *res judicata*, collateral estoppel, release, waiver, good-faith settlement, judgment bar or reduction, full faith and credit, or any other theory of claim preclusion, issue preclusion or similar defense or counterclaim.

16. **Enforcement of the Settlement Agreement.** Nothing in this Order shall preclude any action by any of the Settling Parties to enforce the terms of the Settlement Agreement.

17. **Modification of the Settlement Agreement.** The Settling Parties are hereby authorized, without further approval from the Court, to agree to and adopt such amendments, modifications and expansions of the Settlement Agreement, as necessary, provided that such amendments, modifications and expansions are not materially inconsistent with this Order and the accompanying Judgment, and do not materially limit the rights of Settlement Class Members under the Settlement Agreement. A decision by Plaintiffs to modify the Plan of Allocation shall not be deemed to be a change that materially limits the rights of Settlement Class Members

under the Settlement Agreement to the extent such modification involves an amount equal to or less than ten percent (10%) of the Net Settlement Fund, provided that any change to the Plan of Allocation that precludes one or more Settlement Class Members from receiving an Award that otherwise would have been received requires the Settling Defendants' approval.

18. **Retention of Jurisdiction by the Court.** The Court has jurisdiction to enter this Order. Without in any way affecting the finality of this Order or the accompanying Judgment, this Court expressly retains exclusive and continuing jurisdiction as to all matters relating to the administration, consummation, enforcement and interpretation of the Settlement Agreement, the Settlement and this Order, and for any other necessary purposes, including, without limitation:

(a) Enforcing the terms and conditions of the Settlement Agreement and the Settlement, and resolving any disputes, claims or causes of action that, in whole or in part, are related to or arise out of the Settlement Agreement or this Order or the accompanying Judgment (including, without limitation, the issue of whether a person or entity is or is not a member of the Settlement Class, and whether claims or causes of action allegedly related to this Action are or are not barred by this Order, the accompanying Judgment and/or the Release);

(b) Entering such additional orders as may be necessary or appropriate to protect or effectuate this Order and the Judgment, dismiss all claims against the Settling Defendants with prejudice, and permanently enjoin Settlement Class

Members from initiating or pursuing related proceedings, or to ensure the fair and orderly administration of the Settlement; and

(c) Entering any other necessary or appropriate orders to protect and effectuate this Court's retention of continuing jurisdiction; ***provided, however***, that nothing herein is intended to restrict the ability of the Settling Parties to exercise their rights under §16, above.

(d) Any Settlement Class Member who wishes to appeal this Order and/or the Judgment (if such appeal will delay the distribution of Awards to the Settlement Class) shall post a bond with this Court in an amount to be determined by the Court as a condition of prosecuting such appeal.

Nothing in this Section or in any other provision of this Order shall constitute a basis for nor give rise to personal jurisdiction over (i) any of the Settling Defendants (including their respective current, former or future, direct and indirect parents, subsidiaries and affiliates) whose corporate headquarters, place of incorporation/organization or principal place of business is located outside the United States, to the extent such jurisdiction does not already exist, or (ii) any of the Settling Defendants over which the Court does not otherwise have personal jurisdiction.

19. **Dismissal with Prejudice of the Lawsuit.** This Action is hereby dismissed with prejudice in its entirety against the Settling Defendants, without fees or costs to any of the Settling Parties, except as otherwise provided in this Order.

20. **Entry of Judgment.** Because it is in the best interests of the Settlement Class Members that the Settlement proceeds be disbursed as soon as possible, and because the Settlement resolves all claims as to the Settling Defendants, the Court expressly directs that, pursuant to Federal Rule of Civil Procedure 54(b), the accompanying Judgment be entered as to less than all parties and all claims in the Action.

IT IS SO ORDERED.

DATED: December 18, 2023

THE HONORABLE CLAIRE C. CECCHI
UNITED STATES DISTRICT JUDGE

# APPENDIX A

## SETTLING DEFENDANTS

Syndicate 510

Syndicate 1084

Syndicate 1096

Syndicate 1245

## APPENDIX B

## RELEASED CLAIMS

1. Upon the Effective Date, the Agreement shall be the sole and exclusive remedy for any and all Released Claims, including Unknown Claims, of all Releasing Plaintiffs against all Released Defendants and the sole and exclusive remedy for Releasing Defendants' Claims related to the initiation, prosecution, conduct, and settlement of the Action against all Released Plaintiffs. No Released Defendant shall be subject to liability of any kind to any Releasing Plaintiff with respect to any Released Claim, and no Released Plaintiff shall be subject to liability of any kind to any Releasing Defendant with respect to any Claims related to the initiation, prosecution, conduct, and settlement of the Action. Upon the Effective Date, each and every Releasing Plaintiff shall be permanently barred and enjoined from initiating, asserting and/or prosecuting any Released Claim, including any Unknown Claim, against any Released Defendant in any court or any forum. Upon the Effective Date, each and every Releasing Defendant shall be permanently barred and enjoined from initiating, asserting and/or prosecuting any Claim, including any Unknown Claim, related to the initiation, prosecution, conduct, and settlement of the Action against any Released Plaintiff in any court or any forum.

2. On the Effective Date, the Releasing Plaintiffs release and covenant not to sue on any and all Released Claims against the Released Defendants, including

Settling Defendants' Counsel. Each of the Releasing Plaintiffs shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged each Released Defendant, including Settling Defendants' Counsel, from all Claims (including Unknown Claims) arising out of, relating to, or in connection with the Released Claims or the Action. Releasing Plaintiffs by virtue of the Notices, have been informed of §1542 of the California Civil Code and expressly waive and relinquish any rights or benefits available to them under this statute and any and all similar provisions, rights, and benefits conferred by any law of any state or territory of the United States or principle of common law that is similar, comparable, or equivalent to §1542 of the California Civil Code.

3. On the Effective Date, each of the Releasing Defendants shall release all Claims related to the initiation, prosecution, conduct, and settlement of the Action against the Released Plaintiffs, including Plaintiffs' Counsel. Each of the Releasing Defendants shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged Released Plaintiffs, including Plaintiffs' Counsel, from all Claims (including Unknown Claims) arising out of, relating to, or in connection with the initiation, prosecution, conduct, and settlement of the Action. Releasing Defendants acknowledge that they have been informed by Settling Defendants' Counsel of §1542 of the California Civil Code and expressly waive and relinquish any rights or benefits available to them under this

statute and any and all similar provisions, rights, and benefits conferred by any law of any state or territory of the United States or principle of common law that is similar, comparable, or equivalent to §1542 of the California Civil Code.

4. In exchange for full payment of each Settling Defendant's share of the Settlement Amount and the mutual releases set forth in the Agreement, Plaintiffs agree to dismiss with prejudice the Settling Defendants who paid their share of the Settlement Amount from the Action upon the Effective Date. If for any reason the Court in the Final Approval Order does not dismiss the Action with prejudice as to the Settling Defendants that paid their share of the Settlement Amount, Plaintiffs agree to use best efforts to obtain such dismissal with prejudice pursuant to Rule 41(a)(1)(A)(ii) or Rule 41(a)(2) of the Federal Rules of Civil Procedure.

5. Notwithstanding the above, nothing in the Final Approval Order or Judgment shall bar any action or claim by the Releasing Plaintiffs or Releasing Defendants to enforce the terms of the Agreement or the Judgment.