ZWERLING, SCHACHTER
 & ZWERLING, LLP
ROBERT S. SCHACHTER
JUSTIN M. TARSHIS
41 Madison Avenue
New York, NY 10010
Telephone: 212/223-3900
212/371-5969 (fax)

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

DISTRICT OF NEW JERSEY

| | |
|---|---|
| LINCOLN ADVENTURES, LLC, a Delaware Limited Liability Company, and MICHIGAN MULTI-KING, INC., a Michigan Corporation, on Behalf of Themselves and All Those Similarly Situated,<br><br>                   Plaintiffs,<br><br>vs.<br><br>THOSE CERTAIN UNDERWRITERS AT LLOYD'S, LONDON MEMBERS OF SYNDICATES, et al.<br><br>                   Defendants. | No. 2:08-cv-00235-CCC-JSA<br><br><u>CLASS ACTION</u><br><br>DECLARATION OF ROBERT S. SCHACHTER IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF PARTIAL CLASS ACTION SETTLEMENT |

I, ROBERT S. SCHACHTER, hereby declare and state as follows:

1. I am a partner in Zwerling, Schachter & Zwerling, LLP and one of Plaintiffs' Co-Lead Counsel[1] in the Action. I am a member in good standing of the State Bar of New York and admitted *pro hac vice* before this Court.

2. I submit this Declaration in Support of Plaintiffs' Motion for Preliminary Approval of Partial Class Action Settlement. I am over 18 years of age, and I have personal knowledge of the facts stated in this Declaration. If called as a witness, I could and would testify competently to them.

3. Prior to entering into the Agreement,[2] the parties to the Action worked with Court-appointed mediator, the Honorable Layn R. Phillips (ret.). The Settling Parties accepted the mediator's proposals. Prior mediations that resulted in two other partial settlements, one approved by the Court in 2019 (the "2019 Partial Settlement") and one approved by the Court in 2023 (the "2023 Partial Settlement"). Details regarding these settlements are described in declarations in support of those Partial Settlements. *See* ECFs 89-2 and 273-2.

---

[1] My Co-Lead Counsel are Sam S. Sheldon and Alexandra S. Bernay of Robbins Geller Rudman & Dowd LLP.

[2] The terms of the Settlement are reflected in the Stipulation of Partial Class Action Settlement, which, along with its exhibits, is referred to as the "Agreement" and attached as Exhibit A to the Declaration of Alexandra S. Bernay in support of preliminary approval of the partial settlement ("Bernay Declaration"), which is being filed concurrently herewith. All capitalized terms used herein have the same meaning as set forth in the Agreement unless otherwise noted.

4.  Following execution of a Conditional Term Sheet, Plaintiffs and the Settling Defendants (collectively, the "Settling Parties") negotiated the Agreement and its exhibits memorializing the terms of the Settling Parties' agreement, which are attached as Exhibit A to the Bernay Declaration.  Drafts of these documents were exchanged before the Settling Parties came to final agreement on the proposed partial settlement now being submitted to the Court ("Partial Settlement") by way of Plaintiffs' motion for preliminary approval.

5.  For the reasons set forth in the Bernay Declaration, I believe that the Agreement is fair, adequate, and reasonable and in the best interests of Plaintiffs and the Settlement Class Members.

6.  As set forth in the Bernay Declaration, Class Counsel over the last decade have spent a tremendous amount of time litigating the Action.

7.  Class Counsel continued to pursue the Action.  Since the 2023 Partial Settlement, my firm alone has expended hundreds of hours prosecuting this Action.  Over the years, we have expended valuable resources to this case, including staffing partners, associates, senior counsel, law clerks, paralegals, and information technology personnel.  My firm has devoted considerable time and resources to this Action and diligently and adequately represented the interests of the putative Settlement Class throughout.

8. Attached as Exhibit A is my firm's resume, which reflects extensive experience in the class action area, including serving on the Executive Committee of *In re Insurance Brokerage Antitrust Litigation*, MDL 1663 (D.N.J.), which involved both antitrust and RICO claims.

I declare under penalty of perjury that the foregoing is true and correct and this Declaration is executed at Boca Raton, Florida, on April 15, 2025.

_____
ROBERT S. SCHACHTER

# EXHIBIT A

## ZSZ RESUME OF
## ZWERLING, SCHACHTER & ZWERLING, LLP

Zwerling, Schachter & Zwerling, LLP, formed on January 1, 1985 ("ZSZ"), is one of the premier law ZSZs in the prosecution of class actions in the areas of antitrust, securities, corporate governance, human rights, and consumer rights.

ZSZ proudly participated as an active member of The 9/11 Project, where it provided legal representation *pro bono* for the families of union-member victims of the 9/11 World Trade Center attacks. ZSZ was invited to join The Project with eight other collaborating law ZSZs but was the only one which regularly represented plaintiffs in litigation. New York Lawyers for the Public Interest coordinated The Project. The Project successfully obtained relief for those families above what they would have received from the 9/11 fund.

### Antitrust Litigation

ZSZ has acted or is presently acting as a lead counsel or member of an executive committee in numerous class actions. Some examples are:

- *In Re: Google Digital Advertising Antitrust Litigation,* 1:21-md-03010 (S.D.N.Y.) ("*Google Advertising Litigation*");
- *In Re: Passenger Vehicle Replacement Tires Antitrust Litigation,* 5:24-md-3107 (N.D. Ohio) ("*Replacement Tires*");
- *In re: Deere & Company Repair Services Antitrust Litigation,* 3:22-cv-50188 (N.D. Ill.) ("*John Deere*");
- *In re: Juul Labs, Inc. Antitrust Litigation*, 20-cv-2345-WHO (N.D. Cal.) ("*Juul Antitrust Litigation*");
- *In re Restasis (Cyclosporine Ophthalmic Emulsion) Antitrust Litigation,* 18- MD-2819 (E.D.N.Y.);
- *Lincoln Adventures LLC et al v. Certain Underwriters at Lloyd's London Members of Syndicates et. al.,* 2:08-cv-00235 (D. N.J.) ("*Lloyd's Litigation*");
- *White Mountain Fish LLC et al. v. Mowi ASA (f/k/a Marine Harvest ASA,* 19-22121-CIV, (S.D. Fla.) ("*Farmed Salmon Litigation*");
- *In re Cipro Cases I and II*, JCCP Nos. 4154 and 4220 (Cal. Super.) ("*Cipro California*");
- *In re Ciprofloxacin Hydrochloride Antitrust Litigation*, MDL No. 1383

(E.D.N.Y.) ("*Cipro MDL*");

- *In re: National Prescription Opiate Litigation*, MDL No. 2804 (N.D. Ohio); and
- *In re Insurance Brokerage Antitrust Litigation*, MDL No. 1663 (D.N.J.) (*"Insurance Brokers"*).

ZSZ is currently Lead Counsel for the indirect purchasers in the *Juul Antitrust Litigation;*

Co-Lead Counsel in Lloyd's *Litigation.*

Co-Lead Counsel for the reseller plaintiffs in *Replacement Tires;*

Member of the Plaintiffs' Steering Committee in *John Deere Litigation;* and

ZSZ was also Liaison Counsel for end-payor plaintiffs in the *Restasis Antitrust Litigation.* In that capacity, ZSZ participated in all decision- making in connection with the prosecution of the litigation and served as the direct liaison with the Court and other parties.

*In re: National Prescription Opiate Litigation*, MDL No. 2804 (N.D. Ohio), ZSZ represented numerous Indian Tribes and Native Villages seeking relief from pharmaceutical manufacturers and distributors of prescription opioid drugs. ZSZ served on the Tribal settlement committee and participated in the organization and draft an amicus brief submitted on behalf of over 450 Tribes throughout the United States.

In both the *Cipro MDL* and the *Cipro California* cases, ZSZ served as Co-Lead Counsel challenging pay-for-delay pharmaceutical agreements on behalf of a class of indirect purchasers of the drug ciprofloxacin. As Co-Lead Counsel in California, ZSZ was able to revive a case that had been dismissed by numerous courts and abandoned by most other plaintiffs' counsel. In the process, California Co-Lead Counsel were able to reverse a significant error in the application of antitrust law to pharmaceutical reverse payment agreements and achieve a total settlement of $399.1 million – a total more than plaintiffs' expert's estimate of single damages.

ZSZ has also represented union health and welfare funds in other litigation to recover damages for price-fixing and other anti-competitive behavior for over 20 years. Such actions have included *In re Neurontin Antitrust Litigation*, MDL No. 1479 (D.N.J.); *In re Tamoxifen Citrate Antitrust Litigation*, MDL No. 1408 (E.D.N.Y.); *Karofsky v. Abbott Laboratories,* No. CV-95-1009 (Me. Super. Ct. Cumberland County) (as well as in 10 related cases in other state courts)("*Abbott Laboratories Norvir");* *In re*

3

*Lorazepam and Clorazepate Antitrust Litigation,* MDL No. 1290 (D.D.C.) (as well as in 11 related cases in state courts) (*"Lorazepam & Clorazepate")*; and *Newman v. DuPont Merck Pharmaceutical Company,* No. 788358 (Cal. Super. Ct. Orange County).

In *Abbott Laboratories Norvir*, ZSZ represented the SEIU International Health Fund ("SEIU") against Abbott Laboratories in an action for monopoly leveraging under Section 2 of the Sherman Antitrust Act, as well as the California Unfair Competition law and state law unjust enrichment. The parties reached a settlement whereby thirteen not-for-profit organizations shared almost $5 million in *Cy Pres* funds.

ZSZ was appointed co-lead counsel for plaintiffs in numerous related indirect purchaser actions brought against Mylan Laboratories, Inc. and DuPont Merck Pharmaceutical Company (*Newman v. DuPont Merck Pharmaceutical Company,* No. 788358 (Cal. Super. Ct. Orange County)) regarding injury to competition and monopolization, as well as price fixing. Those actions included a separate action in federal court and resulted in settlements of over $100 million. The plaintiffs represented by ZSZ included several institutions, such as private insurers, as well as union health and welfare funds.

ZSZ was co-lead counsel and a member of the Executive Committee in eleven actions filed against the major pharmaceutical manufacturers alleging violations of state antitrust laws for charging higher prices to consumers who purchased brand name prescription drugs from retail pharmacies. The courts presiding over those cases commented on ZSZ's expertise:

- I think the lawyering in this case is most commendable. I think that both sides have accorded themselves in a manner that allows us to be proud of the profession. . ..

Transcript of Hearing at 16-17, *Kerr v. Abbott Laboratories,* No. 96-2837 (Minn. Dist. Ct. Nov. 24, 1998).

- [T]his Court, in particular, has been helped along every step of the way by some outstanding lawyering You can hardly say that there's been anything but five star attorneys involved in this case.

Transcript of Hearing at 31 & 33, *Scholfield v. Abbott Laboratories,* No. 96 CV 460 (Wis. Cir. Ct. Oct. 5, 1998).

- I think the quality of counsel is excellent.

Transcript of Hearing at 28, *McLaughlin v. Abbott Laboratories,* No. CV 95-628 (Ariz. Super. Ct. Oct. 28, 1998).

- I'll join my learned colleagues from this and other jurisdiction[s] in

>commending counsel in arriving at something that represents a great deal of hard work and a great deal of ingenuity in putting together a settlement of this magnitude and complexity, and especially the cost effective way in which this settlement is proposed to be distributed.

Transcript of Hearing at 17, *Karofsky v. Abbott Laboratories,* No. CV-95-1009 (Me. Super. Ct. Dec. 2, 1998).

In *Insurance Brokers*, settlements totaling over $198 million were reached with three of the many defendant groups. ZSZ was one of the three class counsel in *Rodriguez v. West Publishing Corporation*, No. 2:05-cv-3222 R(MCx) (C.D. Cal.), where the a $49 million settlement of antitrust claims was approved by the Court and afZSZed by the Ninth Circuit Appeals on behalf of a class of law graduates enrolled in the BAR/BRI bar review courses.

**Consumer Litigation**

ZSZ represented consumers who were victims of overcharging in the sale of toys in *In re Playmobil Antitrust Litigation*, No. 9:95-cv-2896 (JS) (E.D.N.Y.). Judge Seybert complimented the work of Class Counsel, including ZSZ, stating in her opinion certifying the Class:

>As set forth in greater detail in the ZSZ resumes…: (1) Zwerling, Schachter & Zwerling, LLP [and three other ZSZs] … all have extensive familiarity with the prosecution of complex litigations, class actions and specifically, antitrust litigations. This is further borne out by counsels' submissions and conduct to date before this Court.

*In re Playmobil Antitrust Litigation*, 35 F. Supp. 2d 231, 245 (E.D.N.Y. 1998) (citation omitted).

In the area of deceptive trade practices, ZSZ represented union health and welfare funds in litigation against the tobacco industry. *Eastern States Health & Welfare Fund v. Philip Morris, Inc.*, Index No. 603869/97 (N.Y. Sup. Ct. N.Y. County). Those claims were for the excess costs incurred by the funds in providing health care to the members of their unions as a result of the fraudulent and deceptive practices of the tobacco industry.

ZSZ was lead counsel in coordinated nationwide actions against the world's leading passenger cruise lines regarding their advertising practices concerning "port charges." (*Cicogna v. Royal Caribbean Cruises, Ltd.*, No. 96-8075 (Fla. Cir. Ct. Dade County); *Espinet v. Kloster Cruise Ltd.*, No. 96-8076 (Fla. Cir. Ct. Dade County); *Bellikoff v. Celebrity Cruises Inc.*, No. 96-8077 (Fla. Cir. Ct. Dade County); *Hackbarth v. Carnival Cruise Lines Inc.*, No. 96-8078 (Fla. Cir. Ct. Dade County); *Glassman v. Renaissance Cruises, Inc.*, No. 96-5490 (Fla. Cir. Ct. Broward County); *Pickett v. Holland America Line- Westours, Inc.*, No. 96-2-10831 (Wash. Super. Ct. King County)

("*Pickett*"), *Barton v. Princess Cruises Inc.*, No. BC 148448 (Cal. Super. Ct. Los Angeles County); *Millheiser v. Dolphin Cruise Line*, No. 96-18146 (Fla. Cir. Ct. Dade County); *Latman v. Costa Cruise Lines N.V.*, No. 96-18139 (Fla. Cir. Ct. Dade County); and *Cronin v. Cunard Cruise Line Ltd.*, Index No. 115899/96 (N.Y. Sup. Ct. N.Y. County)).  In *Pickett*, the Court complimented ZSZ by declaring that "[t]his has been litigated very professionally from the beginning to the end."

Among other consumer cases, ZSZ was involved in cases regarding defective automobile brakes (*McGill v. General Motors Corporation*, Index No. 15525/95 (N.Y. Sup. Ct. Bronx County) (related to *Garcia v. General Motors Corporation*, No. L- 4394-95 (N.J. Super. Ct.)).

**Constitutional and Civil Rights Litigation**

ZSZ is and has been counsel in high profile constitutional and civil rights actions.

Currently, in *Yayla, et al. v. Refinitiv US LLC, et. al* 8:23-cv-00830 (C.D. Cal.), plaintiffs claim that they have been damaged by virtue of having been improperly targeted as terrorists by the defendant.

*In Haley v. Pataki*, No. 3:95-cv-550 (TJM) (N.D.N.Y.), the ZSZ obtained an order forcing the Governor of the State of New York to stop withholding salaries from legislative employees in an attempt to coerce members of the State Legislature to vote on his state budget. In a related case, *Dugan v. Pataki*, Index No. 16341/95 (N.Y. Sup. Ct. Kings County), ZSZ obtained the same relief for the elected members of the State Legislature.

ZSZ has represented the New York City Council in *Mayor of New York v. Council of New York,* Index No. 402354/95 (N.Y. Sup. Ct. N.Y. County), an action in which the Mayor challenged the legislative powers of the City Council in connection with the establishment of a board to review allegations of police corruption.

ZSZ also represented the Straphangers Campaign, a mass transit advocacy group, in *New York Urban League, Inc. v. Metropolitan Transportation Authority*, No. 1:95-cv-9001 (RPP) (S.D.N.Y.), an action to compel the State of New York and the MTA to allocate transit subsidies in a manner which does not have a discriminatory impact on minority ridership in New York City.

**Securities Litigation**

ZSZ has acted as a lead counsel or as a member of an executive committee for plaintiffs in many securities related lawsuits, including those in which ZSZ has represented public employee pension funds and union pension funds.

The following is a representative sample of the complex securities claims which ZSZ has litigated:

· *Anwar v. Fairfield Greenwich Limited*, Master File No. 1:09-cv-118 (VM) (S.D.N.Y.) which obtained a recovery on behalf of investors in "feeder funds" that, in turn, invested with Bernard L. Madoff Securities, LLC.

· *Hayman v. PricewaterhouseCoopers, LLP*, No. 1:01-cv-1078 (KMO) (N.D. Ohio) brought on behalf of investors in Telxon Corp. securities against the company's auditors for issuing false opinions on the company's financial statements. ZSZ obtained a recommendation for a default judgment against PricewaterhouseCoopers, LLP and then settled the action.

· *In re Telxon Corp. Securities Litigation*, No. 5:98-cv-2876 (KMO) (N.D. Ohio) - a securities fraud class action where ZSZ, as sole lead counsel. Class members in the related *PricewaterhouseCoopers* and *Telxon* actions received over 70% of their losses in settlement.

*In re Old Banc One Shareholders Securities Litigation*, No. 00C2100 (N.D. Ill.) – a securities case regarding the merger of Banc One and First Chicago Bank. ZSZ, as Co-Lead Counsel, obtained sanctions for the spoliation of evidence and the case settled.

· *In re Bennett Funding Group, Inc. Securities Litigation*, No. 1:96-cv-2583(S.D.N.Y.) - securities fraud class action involving the single largest alleged Ponzi scheme in the United States at that time. ZSZ was on the Executive Committee which successfully prosecuted the accou ntants, insurers, and sellers of the alleged fraudulent securities.

*Rosenberg v. Stauth*, No. 5:96-cv-1808-M (W.D. Okla.) - shareholders' derivative action involving alleged improper business practices at Fleming Companies, Inc. in which the demand futility defense was successfully defeated.

· *In re ICN/Viratek Securities Litigation*, No. 1:87-cv-4296 (S.D.N.Y.) - securities fraud class action involving FDA sought approval of an HIV drug. The case settled after trial.

· *In re Adaptec Inc. Derivative Litigation*, Master File No. CV 772590 and *In re Network Associates Derivative Litigation*, Master File No. CV 781854 (Cal. Super. Ct. Santa Clara County) – shareholders' derivative lawsuits pursuant to California's insider trading statute to recover profits from the company's officers and directors.

· *In re Ames Department Stores, Inc. Stock Litigation*, No. 2:90-cv-27 (PCD) (D. Conn.) - securities fraud class action in which the Second Circuit reafZSZed the scope of the "in connection with" requirement of the Securities Exchange Act § 10(b).

7

Courts have commented favorably upon the expertise of ZSZ. In appointing the ZSZ as lead counsel in *In re Old Banc One Shareholders Securities Litigation*, No. 00C2100 (N.D. Ill.), the Court noted that the "attorneys have extensive experience, many successes on their resumes, and have obtained sizable recoveries on behalf of their clients." Minute Order dated December 21, 2000.

In appointing it as lead counsel in *In re Telxon Corporation Securities Litigation*, No. 5:98- cv-2876 (KMO) (N.D. Ohio), the Court determined that ZSZ has "the requisite ability and expertise to prosecute and manage this litigation effectively." Memorandum and Order at 39, August 25, 1999.

As a member of a team of plaintiffs' trial counsel in *In re ICN/Viratek Securities Litigation*, No. 1:87-cv-4296 (S.D.N.Y.), ZSZ was complimented by Judge Kimba Wood as having done a "superb job on behalf of the class. This was a very hard- fought case. You had very able, superb opponents, and they put you to your task. The trial work was beautifully done and I believe very efficiently done."

In *In re Par Pharmaceutical, Inc. Derivative Litigation*, No. 1:89-cv-5742 (RPP) (S.D.N.Y.), Judge Patterson, in commenting on ZSZ, said "[they] acted skillfully and resourcefully [ZSZ] exercised wisdom and judgment and negotiated a skillful settlement with the defending company and with the officer and director/defendants." Slip opinion dated June 15, 1992.

Partner Robert Schachter was appointed as Proof-of-Claim Counsel in connection with the loss analysis in *In re Washington Public Power Supply System Securities Litigation*, MDL No. 551 (D. Ariz.). The Special Master appointed by the Court, commented, : "I...find that the services of Mr. Schachter were efficiently and reasonably performed by him personally. Mr. Schachter specifically was appointed by the District Court to serve as Claims Counsel. It was not unreasonable for a senior partner like Mr. Schachter, with his vast knowledge of the case, to directly oversee the claims administration process rather than relying upon less knowledgeable junior attorneys. The class received its money's worth for Mr. Schachter's services."

## Members of ZSZ

### Jeffrey C. Zwerling

Jeffrey C. Zwerling was admitted to the bar of the State of New York in 1972 and to the bar of the State of Arizona in 1981; he is admitted to the following federal courts: the United States District Court for the Southern and Eastern Districts of New York, and the United States Court of Appeals for the Second Circuit. He received a Bachelor of Science degree with Honors from Lehigh University in 1968 and a Juris Doctor degree from Columbia University School of Law in 1971. He was Articles Editor of the Columbia Journal of Transnational Law. His professional affiliations include: the Second Circuit

8

Federal Bar Council, New York State Bar Association, Association of the Bar of the City of New York, Nassau County Bar Association, and State Bar of Arizona. Mr. Zwerling was chosen as among the top 5% of attorneys in the New York City area as a "Super Lawyer"; he is rated in Martindale Hubbell as a "Preeminent Lawyer".

On July 1, 1977, Mr. Zwerling founded the Law Offices of Jeffrey C. Zwerling; on January 1, 1985, that ZSZ became Zwerling, Schachter & Zwerling, LLP. Prior to 1977, Mr. Zwerling was associated with the ZSZs of Gasperini, Koch & Savage; Koch & Gluck; and Murray A. Gordon, P.C., with emphasis on civil litigation, real estate, and general corporate and commercial matters. Mr. Zwerling has represented and advised the Uniformed Fire Officers Association in regard to its pension funds and annuity plans.

Mr. Zwerling has extensive experience in all phases of complex litigation, including jury and non-jury trials, mediation, expert discovery, and settlement negotiations. He has negotiated several innovative corporate governance and structural changes in the resolution of shareholders' complaints. He is highly knowledgeable about economic and finance issues. Mr. Zwerling co- authored "The Dell Case: The Doors To The Courts Close Further For Investors" in the Aspatore Special Report (Thomson Reuters/Aspatore 2008).

**Robert S. Schachter**

Robert S. Schachter was admitted to the bar of the State of New York in 1972; he is admitted to the following federal courts: the United States District Court for the Southern and Eastern Districts of New York, the Central District of California, the Eastern District of Wisconsin, the United States Court of Appeals for the Federal Circuit, the Second, Fifth, Seventh, Ninth and Eleventh Circuits, and the Supreme Court of the United States. He received a Bachelor of Arts degree from Syracuse University in 1968 and a Juris Doctor degree from Brooklyn Law School in 1971. His professional affiliations include: The American Bar Association (Lecturer, Panels in Class Actions, 1980 and 1998) and the Second Circuit Federal Bar Council. Mr. Schachter was chosen as among the top 5% of attorneys in the New York City area as a "Super Lawyer"; he is rated in Martindale Hubbell as a "Preeminent Lawyer".

Mr. Schachter was a panelist at the Public Funds Summit (2002-2004), Investment Education Symposium sponsored by the Council of Louisiana Trustees (2002), and Fire & Police Pension Summit (2002). Mr. Schachter is a panelist for a series of seminars moderated by the late Professor Francis McGovern of the Duke University Law School

concerning "Distribution of Securities Litigation Settlements—Improving the Process." These seminars are aimed to develop solutions to improve the efficiency and effectiveness of securities litigation settlement distributions. Participants in the conference include attorneys, judges, regulators, institutional filers and claims administrators. The purpose of the seminars is to prepare a report for presentation to the Federal Judicial Conference.

Prior to the formation of ZSZ, Mr. Schachter was associated from 1973 through 1984 with the ZSZ now known as Labaton Sucharow LLP. Mr. Schachter became a partner of that ZSZ on January 1, 1978, concentrating in complex multi-district litigation.

Mr. Schachter has extensive experience in all phases of complex litigation. He has been involved in many settlement negotiations, as well as the drafting of complex settlement documents, and has expertise in the administration of class settlements. Mr. Schachter has been instrumental in crafting novel settlements which have been applauded by courts in securities, as well as antitrust matters, including corporate governance issues.

**Robin F. Zwerling**

Robin F. Zwerling was admitted to the bar of the State of New York in 1976; she is admitted to the following federal courts: the United States District Court for the Southern and Eastern Districts of New York, the United States Court of Appeals for the Second, Fourth, Sixth, Seventh and Ninth Circuits, and the Supreme Court of the United States. She received a Bachelor of Arts degree *cum laude* from Jackson College of Tufts University in 1972, and a Juris Doctor degree from Georgetown University Law Center in 1975. Her memberships include: the American Bar Association and the National Association of Securities and Commercial Law Attorneys, and the Second Circuit Federal Bar Council.

As a member of the Program Committee of the Second Circuit Federal Bar Council, Ms. Zwerling plans and coordinates Continuing Legal Education programs. She was chosen as among the top 5% of attorneys in the New York City area as a "Super Lawyer"; she is rated in Martindale Hubbell as a "Preeminent Lawyer".

Ms. Zwerling has concentrated in litigation since her graduation from law school. At that time, she became associated with Martin, Clearwater & Bell, becoming a partner in 1982 and remained there until the formation of ZSZ in 1985. Ms. Zwerling has extensive experience in all phases of litigation, including trials and appellate arguments. She has tried cases in both state and federal courts. Ms. Zwerling successfully completed the National Institute of Trial Advocacy's Advanced Trial Practice course after having tried a number of cases.

## Senior Counsel of
## ZSZ

### Justin M. Tarshis

Justin M. Tarshis was admitted to the bar of the State of New York in 2003; he is also admitted to the United States District Court for the Southern and Eastern Districts of New York and the United States Court of Appeals for the Second Circuit. He received a Bachelor of Science degree from the University of Wisconsin in 1999, and a Juris Doctor degree *cum laude* from Brooklyn Law School in 2002.

While in law school, Mr. Tarshis was the recipient of the Samuel L. Sporn Academic Achievement Scholarship and the CALI Excellence for the Future Award in Civil Practice. In addition, Mr. Tarshis served as an intern to the Honorable Shira A. Scheindlin of the Southern District of New York, as well as an intern in the New York State Attorney General's Office.

Since joining the Zwerling ZSZ after graduating from law school, Mr. Tarshis has been involved in nearly all phases of ZSZ's antitrust, securities and complex litigation practices from investigation, drafting complaints, motion practice, discovery, pre-trial preparation and appeals.

## Associates of ZSZ

### Donatella P. Keohane

Donatella P. Keohane was admitted to the bar of the State of New York in 2003; she is also admitted to the Brazilian bar (State of Rio de Janeiro chapter). She received a Bachelor of Laws degree from Universidade Federal do Rio de Janeiro in 1998, and a Master of Laws degree from Fordham University School of Law in 2002. Prior to her association with ZSZ, Ms. Keohane had been associated with Clifford Chance US LLP.

Ms. Keohane has concentrated on investigations and all aspects of discovery, including depositions, in complex class actions.

### Jessica C. Hermes

Jessica C. Hermes was admitted to the bar of the State of New York in 2016. She received a Bachelor of Arts degree from Villanova University in 2012 and a Juris Doctor degree from New York University School of Law in 2015, where she was Notes Editor and Staff Editor for the *Journal of Legislation & Public Policy*.

Ms. Hermes has been involved in all phases of litigation, including drafting and

11

responding to discovery requests, preparing for depositions, drafting motions, and preparing for and participating in hearings and trials. She has been involved in complex litigation matters related to securities and antitrust law.