# EXHIBIT A

ROBBINS GELLER RUDMAN
  & DOWD LLP
SAM S. SHELDON
ALEXANDRA S. BERNAY
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)

Attorneys for Plaintiffs

[Additional counsel appear on signature page.]

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEW JERSEY

| | |
|---|---|
| LINCOLN ADVENTURES, LLC, a Delaware Limited Liability Company, and MICHIGAN MULTI-KING, INC., a Michigan Corporation, on Behalf of Themselves and All Those Similarly Situated,<br><br>                                Plaintiffs,<br><br>        vs.<br><br>THOSE CERTAIN UNDERWRITERS AT LLOYD'S, LONDON MEMBERS OF SYNDICATES, et al.<br><br>                                Defendants. | No. 2:08-cv-00235-CCC-JSA<br><br>CLASS ACTION<br><br>STIPULATION OF PARTIAL CLASS ACTION SETTLEMENT |

This Stipulation of Partial Class Action Settlement is made and entered into by and among: (i) Plaintiffs, on behalf of themselves and the Settlement Class, by and through their counsel of record; and (ii) those Certain Underwriters at Lloyd's, London who are members of Syndicates 727, 2791, 1003, 2003 and 2020 (defined below as the "Settling Defendants"), by and through their respective counsel of record.[1]  This Stipulation is intended to fully, finally, and forever resolve, discharge, and settle the Released Claims against all Released Defendants and Released Plaintiffs, subject to the approval of the Court.  This Stipulation embodies a settlement of this Action among the Plaintiffs and the Settling Defendants (collectively, the "Settling Parties") only and does not release any Claims pending against any Defendant that is not a Settling Defendant.

## I.    RECITALS[2]

1.    WHEREAS, since the Court approved the most recent Partial Class Action Settlement on December 18, 2023 (ECF 305), the parties have continued to litigate this Action.

2.    WHEREAS, the Court ordered that the parties remaining in this Action return to mediation before the Court-appointed mediator, Judge Phillips, and that, to

---

[1]    All capitalized terms have the meanings set forth below, unless otherwise noted.

[2]    The recitals numbered 1 through 27 from the April 19, 2019, Stipulation of Partial Class Action Settlement are incorporated by reference as though set forth fully herein (*see* ECF 89-2 (Ex. A) at 1-7).  Another Partial Class Action Settlement was approved on October 3, 2019 (ECF 125).

4876-8739-4547.v1

the extent it would be of assistance, Judge Phillips present the remaining parties with mediator's proposals.  ECF 314.

3.     WHEREAS, following the mediator's proposals, the Settling Parties reached agreements in principle to settle the Action; and

4.     WHEREAS, taking into account the costs, burden, and uncertainty inherent in any litigation, the Settling Parties have each concluded that it is desirable and beneficial that the Action be fully and finally settled and terminated in the manner and upon the terms and conditions set forth in this Agreement because the terms set forth herein will, among other things, put an end to the substantial time, expense, uncertainty, and other burdens associated with continued litigation of the Action; and

5.     WHEREAS, Plaintiffs and Plaintiffs' Counsel have concluded that this Settlement is fair, reasonable, adequate, and in the best interests of the Settlement Class with respect to the Settling Defendants; and

6.     WHEREAS, the Settling Defendants expressly deny any and all wrongdoing in connection with the facts and claims that have or could have been alleged in the Action and reserve their objection to class certification in the event that the Settlement is not approved and upheld on appeal or terminated; and

7.     WHEREAS, the Settling Parties acknowledge that Plaintiffs' and the Settlement Class Members' claims and the Settling Defendants' defenses and motions were brought and litigated at all times in good faith and in accordance with Federal

Rule of Civil Procedure 11, and all other federal laws and rules of professional responsibility, and the Settling Parties will request a Final Approval Order and Judgment reflecting that the Settling Parties and their respective counsel have conducted themselves in good faith throughout the Action.

8.     NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED, by and among the Settling Parties, by and through their duly authorized counsel, that this Action, as to the Settling Parties only, is hereby settled and compromised as to each of the Settling Defendants, and that the Second Amended Class Action Complaint ("SAC") will be dismissed with prejudice as to each of the Settling Defendants, and that the Released Claims will be released as to the Released Defendants and Released Plaintiffs based upon the terms and conditions set forth in this Agreement and the mutual releases set forth herein, subject to the Court's approval and such approval becoming Final.

## II.    DEFINITIONS

For purposes of this Agreement, the following capitalized terms shall have the meanings set forth below, unless otherwise noted:

1.     "Action" means the putative class action pending before this Court, styled as *Lincoln Adventures, LLC, et al. v. Those Certain Underwriters at Lloyd's, London Members of Syndicates, et al.*, No. 2:08-cv-00235-CCC-JSA (D.N.J.).

4876-8739-4547.v1

2.      "Agreement" means this Stipulation of Partial Class Action Settlement, including all the attached Exhibits, which are an integral part of the Agreement and incorporated in their entirety by reference.

3.      "Approval Date" means the date on which the Judgment and the Final Approval Order are entered by the Court.

4.      "Attorneys' Fee and Expense Award" means the amount awarded by the Court to Plaintiffs' Counsel for their time and litigation expenses and charges incurred in the initiation, prosecution, and resolution of this Action.

5.      "Award(s)" means the monetary relief provided under this Agreement to a Settlement Class Member whose Claim Form has been determined by the Claims Administrator to be eligible for an Award.

6.      "Claim(s)" means any and all claims, actions, causes of action, proceedings, adjustments, executions, offsets, contracts, judgments, obligations, suits, debts, dues, sums of money, accounts, bonds, bills, specialties, variances, covenants, damages, demands (whether written or oral), agreements, promises, liabilities, controversies, costs, expenses, attorneys' fees and losses, whether in law, in admiralty or in equity, and whether based on federal law, state law, foreign law, common law doctrine, rule, regulation or otherwise, foreseen or unforeseen, matured or un-matured, accrued or not accrued, existing now or arising in the future.

7.     "Claims Administrator" means A.B. Data, Ltd., the entity chosen by Plaintiffs, with the advance approval of the Settling Defendants, and requested to be appointed by the Court in the Preliminary Approval Order to act in accordance with the terms of this Agreement and work diligently and efficiently in the implementation of the Settlement.  If necessary, "Claims Administrator" also includes any substitute administrator selected by Plaintiffs with approval of the Settling Defendants and appointed by the Court to perform the functions described herein.

8.     "Claims Deadline" means the date by which Settlement Class Members are required to submit their Claim Form, which the Settling Parties will request to be 120 calendar days after the date of completion of the mailing and emailing of notice.

9.     "Claim Form" means the form that must be submitted by Settlement Class Members to the Claims Administrator to be eligible for monetary relief from this Settlement, a proposed form of which is attached hereto as Exhibit A.

10.     "Co-Lead Counsel" or "Class Counsel" mean the law firms of Robbins Geller Rudman & Dowd LLP and Zwerling, Schachter & Zwerling, LLP.

11.     "Contract of Insurance" means a policy for direct insurance and expressly does not include reinsurance.

12.     "Court" means the United States District Court for the District of New Jersey, the Honorable Claire C. Cecchi presiding (and any other judge assigned to preside over the Action).

13.    "Defendant(s)" means those Certain Underwriters at Lloyd's, London who are members of Syndicates 727, 2791, 1003, 2003 and 2020, all of which were named defendants in this Action.

14.    "Effective Date" means three business days after the date on which the Judgment and the Final Approval Order become Final.

15.    "Escrow Account" means an interest-bearing account controlled and maintained by the Escrow Agent in which the Settlement Amount shall be deposited.

16.    "Escrow Agent" means Co-Lead Counsel.

17.    "Execution Date" means the date on which this Agreement has been executed by all of the Settling Parties.

18.    "Fairness Hearing" means the hearing at or after which the Court will make a final decision under Federal Rule of Civil Procedure 23 whether to approve this Agreement, to be held no earlier than 90 days after issuance of the Class Action Fairness Act notice, pursuant to 28 U.S.C. §1715(d).

19.    "Final" means that the relevant order or judgment is unmodified and no longer subject to appeal: (a) if no appeal is taken therefrom, on the date on which the time to appeal therefrom has expired; or (b) if any appeal is taken therefrom, on the date on which all appeals therefrom, including petitions for rehearing or reargument, petitions for rehearing *en banc* and petitions for certiorari or any other form of review, have been finally disposed of, such that the time to appeal therefrom has expired, in a

4876-8739-4547.v1

manner resulting in an affirmance of the order or judgment.  Any appeal pertaining solely to the Attorneys' Fee and Expense Award shall not in any way delay or affect the time set forth above for the Judgment and Final Approval Order to become Final, or otherwise preclude them from becoming Final.

20.    "Final Approval Order" means the Court's order finally approving this Agreement, a proposed form of which is attached hereto as Exhibit B.

21.    "Interest" shall mean interest at the same rate earned by funds deposited in the Escrow Account or interest at a reasonable rate earned by funds deposited in the account set forth in §V of this Agreement.

22.    "Judgment" means the judgment entered by the Court pursuant to the Final Approval Order, a proposed form of which is attached hereto as Exhibit C.

23.    "Net Settlement Fund" means the Settlement Amount, plus Interest, less any Notice and Administration Expenses, Taxes, Tax Expenses, and Attorneys' Fee and Expense Award.

24.    "Notice(s)" means the forms of notice to Settlement Class Members as approved by the Court, specifically the Notice of Proposed Partial Class Action Settlement, Settlement Hearing, and Right to Appear ("Long-form Notice") and Summary Notice, proposed forms of which are attached hereto as Exhibits D and E, respectively, which shall be disseminated by the Claims Administrator as set forth in this Agreement and directed by the Court and shall inform Settlement Class Members

- 7 -

of: (i) the substantive terms of this Agreement; (ii) the process by which Settlement Class Members may submit a Claim Form for an Award from the Net Settlement Fund; (iii) the process by which Settlement Class Members may request exclusion or object; (iv) the date, time, and location of the Fairness Hearing; and (v) the application for an Attorneys' Fee and Expense Award.

25.     "Notice and Administration Expenses" means all reasonable expenses, authorized by the Settling Parties and within limitations to be approved by the Court or, in the absence of agreement among the Settling Parties, approved by the Court, incurred or to be incurred by the Claims Administrator in connection with the administration of the Settlement, including, but not limited to, the expenses associated with printing, mailing, publishing, or otherwise disseminating the Notices; obtaining current Settlement Class Member names and addresses, including those reasonable costs that may be sought by coverholders; establishing, staffing, and maintaining a toll-free telephone number, a website, and an email address; determining the Award amount (pursuant to the terms of the Plan of Allocation) of the Net Settlement Fund to be allocated to each Settlement Class Member; and distributing Awards to eligible Settlement Class Members; provided however, that Notice and Administration Expenses shall not include any amounts attributable to the Attorneys' Fee and Expense Award.

26.    "Opt-out" means a person or entity that has timely submitted a request for exclusion pursuant to the Preliminary Approval Order and the Notices.

27.    "Plaintiff(s)" are Lincoln Adventures, LLC and Michigan Multi-King, Inc.

28.    "Plaintiffs' Counsel" means any attorney or firm who has appeared in the Action on behalf of Plaintiffs or the Settlement Class.

29.    "Plan of Allocation" means the terms for distributing the Net Settlement Fund to Settlement Class Members who are determined by the Claims Administrator to be eligible for an Award, as approved by the Court, a proposed form of which is attached hereto as Exhibit F.

30.    "Preliminary Approval Order" means the order entered by the Court preliminarily approving this Agreement and authorizing the Notice to be issued, a proposed form of which is attached hereto as Exhibit G.

31.    "Qualified Settlement Fund" means a fund within the meaning of Treasury Regulations §1.468B-1.

32.    "Released Claims" means each and every Claim, arising or accruing in the period from January 1, 1997 through the Execution Date of this Agreement, including any Unknown Claim, that was advanced or could have been advanced in the Action, including, but not limited to: (a) claims relating to broker compensation, so-called "contingent commissions," commissions paid on lineslips, binding authorities

or open market placements, alleged overriders, alleged steering, and alleged bid-rigging arising from or related to the purchase or renewal of any insurance policy; (b) claims relating to the structure and subscription nature of the Lloyd's market and the Society of Lloyd's and its Franchise Performance Directorate and any successor, and the Lloyd's Market Association and its predecessors, including, but not limited to, Federal and State RICO, civil conspiracy, unjust enrichment, antitrust, fraud, unfair business practices, and consumer protection claims; (c) claims relating to anti-competitive conduct in the Lloyd's market; and (d) the conduct and settlement of the Action.

Provided, however, that (a) "Released Claims" shall not include Unknown Claims for, or Released Defendants' defenses to, coverage under Contracts of Insurance issued to a Settlement Class Member (including either Plaintiff) or Releasing Plaintiff by a Released Defendant; and (b) Releasing Plaintiffs and Releasing Defendants will retain the right to enforce this Agreement and Exhibits, Preliminary and Final Approval Orders, Judgment, and other orders or judgments issued by the Court relating to Notice or the Settlement.

33.     "Released Defendant(s)" means the Settling Defendants and each of their current, former, or future managing agents, any other syndicates managed by the Settling Defendants' managing agent on or before the Execution Date, their current, former, or future underwriting members, and the current, former, or future directors,

officers, parents, subsidiaries, and affiliates of the Settling Defendants, their underwriting members or their managing agents (including syndicates managed by the same managing agent that manages or managed any of the Settling Defendants on or before the Execution Date), the Settling Defendants' current, former, or future coverholders, agents, attorneys, predecessors and successors (including successors by reinsurance to close), and predecessor syndicates reinsured to close into a Settling Defendant and successor syndicates into which a Settling Defendant was reinsured to close for the period from January 1, 1997 through the Execution Date of the Agreement. Specifically excluded from this definition are Lloyd's Corporation, The Society of Lloyd's, and any Defendant that is not a Settling Defendant.

34.    "Released Plaintiff(s)" means the Plaintiffs, Plaintiffs' Counsel, Settlement Class Members, and each of their current, former, or future subsidiaries, affiliates, divisions, related companies, controlling persons, employees, representatives, officers, directors, shareholders, parents, families, children, partners, joint venturers, insurers (other than Settling Defendants), creditors, agents, attorneys, experts, heirs, executors, administrators, estates, predecessors, successors, and assigns.

35.    "Releasing Defendant(s)" means the Settling Defendants and each of their current, former, or future managing agents, any other syndicates managed by the Settling Defendants' managing agent on or before the Execution Date, their current, former, or future underwriting members, and the current, former, or future directors,

4876-8739-4547.v1

officers, parents, subsidiaries, and affiliates of the Settling Defendants, their underwriting members or their managing agents (including syndicates managed by the same managing agent that manages any of the Settling Defendants on or before the Execution Date), the Settling Defendants' current, former, or future attorneys, predecessors and successors (including successors by reinsurance to close), and predecessor syndicates reinsured to close into a Settling Defendant from January 1, 1997 through the Execution Date of this Agreement. Specifically excluded from this definition are Lloyd's Corporation, The Society of Lloyd's, and any Defendant that is not a Settling Defendant.

36. "Releasing Plaintiff(s)" means the Plaintiffs, Plaintiffs' Counsel, Settlement Class Members, and each of their current, former, or future subsidiaries, affiliates, divisions, related companies, controlling persons, employees, representatives, officers, directors, shareholders, parents, families, children, partners, joint venturers, insurers (other than Settling Defendants), creditors, agents, attorneys, experts, heirs, executors, administrators, estates, predecessors, successors, and assigns.

37. "Settlement" means the terms embodied by this Agreement.

38. "Settlement Amount" means $3,570,000, the combined settlement consideration paid by or on behalf of all Settling Defendants, with the Settling Defendants' respective shares of the Settlement Amount as follows:

4876-8739-4547.v1

| Syndicate | Settlement Amount |
|---|---|
| 727 | $375,000 |
| 2791 | $745,000 |
| 1003, 2003, 2020 | $2,450,000 |

39.     "Settlement Class" or "Settlement Class Member(s)" mean all persons

and entities in the United States (including its territories) who, from January 1, 1997,

through the Execution Date of this Agreement, purchased or renewed a Contract of

Insurance with any Lloyd's Syndicates named as a Defendant in the Action.  Excluded

from the Settlement Class are Released Defendants, Defendants formerly named as

such in the Action, all Lloyd's syndicates, Opt-outs, and judges presiding over the

Action and their immediate families.

40.     "Settlement Fund" means the Settlement Amount, plus all Interest earned

thereon.

41.     "Settling Defendants" means Syndicates 727, 2791, 1003, 2003 and

2020.

42.     "Settling Defendants' Counsel" shall mean:

> SMITH, GAMBRELL & RUSSELL, LLP
> Thomas F. Bush
> Patrick Frye
> 311 South Wacker Drive, Suite 3000
> Chicago, Il 60606
> Email:  tbush@sgrlaw.com; pfrye@sgrlaw.com
> (Syndicates 2791, 1003, 2003 and 2020)
>
> ROBINSON & COLE LLP
> Wystan M. Ackerman
> Kevin P. Daly
> One State Street
> Hartford, CT  06103

- 13 -

Email: wackerman@rc.com; kdaly@rc.com
(Syndicate 727)

43.    "Tax" or "Taxes" mean any and all taxes, fees, levies, duties, tariffs, imposts, or other charges of any kind (together with any and all interest, penalties, additions to tax and additional amounts imposed with respect thereto) imposed by any governmental authority.

44.    "Tax Expenses" means expenses and costs incurred in connection with the filing (or failing to file) of any tax returns relating to the taxation of the Escrow Account (including expenses of tax attorneys and accountants).

45.    "Unknown Claim(s)" means all Released Claims which any Plaintiff, Defendant, or Settlement Class Member does not know or suspect to exist in his, her, or its favor at the time of the release.  With respect to any and all Released Claims, the Settling Parties stipulate and agree that upon the Effective Date, the Settling Parties, to the fullest extent permitted by law, fully, finally, and forever expressly waive and relinquish with respect to the Released Claims, any and all provisions, rights, and benefits of §1542 of the California Civil Code, and any and all similar provisions, rights, and benefits conferred by any law of any state or territory of the United States or principle of common law that is similar, comparable, or equivalent to §1542 of the California Civil Code, which provides:  "A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have

- 14 -

materially affected his or her settlement with the debtor or released party." Cal. Civ. Code §1542.

## III.  PRELIMINARY APPROVAL ORDER

Within 15 days of the Execution Date, Co-Lead Counsel shall submit this Agreement to the Court, along with a motion for a Preliminary Approval Order, to which the Settling Defendants will not oppose (such motion being subject to review by Settling Defendants' Counsel at least five days in advance of filing, after which only non-substantive edits can be made), requesting preliminary approval of this Settlement, certification of the Settlement Class, and setting forth deadlines for the Notices, Claim Forms, objections, and requests for exclusion as set forth in Exhibit G hereto.

## IV.  SETTLEMENT FUND

1.      Within 14 days of the entry of the Preliminary Approval Order, Co-Lead Counsel shall provide the Settling Defendants' Counsel with wire transfer instructions, including SWIFT codes, for paying the Settlement Amount into the Escrow Account and a completed form W-9.

2.      Before the later of April 11, 2025 or 30 days of the entry of the Preliminary Approval Order, the Settling Defendants shall make the settlement payments for each of their respective shares of the Settlement Amount less the amounts wire transferred to the Claims Administrator pursuant to §XII.4.

- 15 -

3.      The Settlement Amount is an all-in figure, meaning that it is the only amount that the Settling Defendants will pay associated with the resolution of the Action.  The Settlement Amount, including any Interest earned thereon, shall be the sole source of funding for the Attorneys' Fee and Expense Award, Notice and Administration Expenses, and any other cost of any kind associated with the resolution of the Action as to the Settling Defendants.  Under no circumstances shall any of the Settling Defendants have any obligation to make further payments into the Settlement Fund after their respective payments of the Settlement Amount are made pursuant to §§IV.2 and XII.4 of this Agreement.

4.      The Escrow Agent shall not disburse the Settlement Fund except as provided in this Agreement or by Court order.

## V.    ESCROW ACCOUNT

1.      The Escrow Agent shall establish and maintain the Escrow Account, which shall be a segregated account into which only the Settlement Amount, plus any Interest earned thereon, is deposited.

2.      The Escrow Agent shall invest the Settlement Fund exclusively in instruments backed by the full faith and credit of the United States Government or fully insured by the United States Government or an agency thereof, or in any money funds holding only instruments backed by the full faith and credit of the United States Government.  The Escrow Agent shall reinvest the proceeds of these instruments as

they mature in similar instruments at their then-current market rates. The Settling Defendants shall have no liability, obligation, or responsibility whatsoever with respect to the investment, management, use, administration or distribution of the Settlement Fund or any portion thereof, including, but not limited to, the costs and expenses of such investment, management, use, administration or distribution of the Settlement Fund, and any taxes arising therefrom or relating thereto. All risks related to the investment of the Settlement Fund in accordance with the investment guidelines set forth in this paragraph shall be borne by the Settlement Fund.

3.      Subject to further order(s) and/or directions by the Court, or as provided in the Agreement, the Escrow Agent is authorized to execute such transactions as are consistent with the terms of this Agreement. The Released Defendants shall bear no responsibility for, or liability whatsoever with respect to, the actions of the Escrow Agent, or any transaction executed by the Escrow Agent.

4.      All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court and shall remain subject to the jurisdiction of the Court, until such funds shall be distributed pursuant to the Agreement and further order(s) of the Court.

5.      Disbursements, other than those described in §§II.25 and XV.1, including disbursements for distribution of the Net Settlement Fund, must be authorized by an Order of the Court.

4876-8739-4547.v1

6.      The Escrow Agent shall furnish to counsel for the Settling Parties statements of transactions and Interest, which statements shall be furnished by the Escrow Agent, every 60 days and within 10 days of a request by Settling Defendants' Counsel.

7.      If the Agreement terminates for any reason, the balance of the Settlement Fund, together with any Interest earned thereon, less any Notice and Administration Expenses and Taxes and Tax Expenses expended or incurred, shall be returned to the Settling Defendants within 10 days of the termination.  If the termination is as to less than all Settling Defendants, only the portion of the Settlement Fund paid by such terminating Settling Defendant(s), with Interest and less their respective shares of the Notice Credit, to the extent incurred or expended, shall be returned to the terminating Settling Defendant(s).

## VI.    AWARDS TO SETTLEMENT CLASS MEMBERS

1.      Plaintiffs shall seek the Court's approval of the Plan of Allocation and any modification thereto.

2.      All Settlement Class Members will have the opportunity to submit a Claim Form for an Award according to the terms of the Plan of Allocation.  Payment in the manner set forth in the Plan of Allocation shall be deemed conclusive against all Settlement Class Members, subject to the Court's approval.  If the total authorized

4876-8739-4547.v1

claimed amount from all valid Claim Forms exceeds the amount of the Net Settlement Fund, the Net Settlement Fund will be distributed on a *pro rata* basis.

3.      Only Settlement Class Members who submit timely and valid Claim Forms shall be eligible for an Award.  To be valid, a Claim Form, substantially in the form attached hereto as Exhibit A, must be submitted to the Claims Administrator by the deadline set by the Court, by regular First-Class mail, electronic mail, or electronically via the website, www.SyndicateSettlement.com (the "Settlement Website").

4.      The Settling Parties will request that the Court set the Claims Deadline to expire 120 days after the date of completion of the mailing and emailing of notice. All Settlement Class Members who fail to timely submit a valid Claim Form by that date shall be forever barred from receiving any Award pursuant to this Agreement but will in all other respects be subject to and bound by the provisions of this Agreement, the Releases contained herein, the Final Approval Order, and the Judgment. Notwithstanding the above, Co-Lead Counsel shall have the discretion (but not the obligation) to accept late-submitted Claim Forms for processing by the Claims Administrator so long as the distribution of Awards is not materially delayed thereby.

5.      In administering the Net Settlement Fund, the Claims Administrator shall act in good faith and make reasonable efforts to determine whether a Claim Form is valid and payable in accordance with the Plan of Allocation, this Agreement, and the

Court's settlement-related orders. The Claims Administrator's determination with respect to a particular Claim Form shall be based on: (i) the information provided on the Claim Form; (ii) any records provided by the Settling Defendants; and (iii) any documentation provided by the Settlement Class Member. The Claims Administrator shall have discretion to review and approve Claim Forms with the objectives of efficiency and substantial justice to Settlement Class Members. The Claims Administrator shall have the right to contact Settlement Class Members to complete or validate their Claim Forms, even after the deadline for filing Claim Forms has expired. The validity of a Claim Form and amount of any Award will be assessed based on the totality of the information provided.

6.      The inability of a Settlement Class Member to provide certain details will not *per se* invalidate a Claim Form but will be assessed with other factors for validation. If a timely Claim Form is rejected by the Claims Administrator as deficient, the Claims Administrator shall notify the Settlement Class Member in writing and provide the Settlement Class Member a chance to cure if the deficiency is curable within 30 days. The Claims Administrator will also provide such Settlement Class Member with Co-Lead Counsel's contact information for further assistance.

7.      If a Settlement Class Member wishes to dispute the rejection of a Claim Form or the calculation of his, her, or its Award (if any), he, she, or it may so notify the Claims Administrator and produce any supporting information or documentation

requested. The Claims Administrator will evaluate the information submitted, consult with Co-Lead Counsel, and make the decision as to whether the Claim Form should be approved, rejected, or paid in part. The Claims Administrator shall notify the Settlement Class Member in writing of its determination, which shall be final and binding, and not subject to appeal or review by the Court or otherwise.

8. If after the Award check stale date (*i.e.*, more than 90 days from the Award check's issue date), there is a balance remaining in the Net Settlement Fund, due to any Award checks being undeliverable or not being cashed, the Claims Administrator shall distribute such remaining funds by way of additional *pro rata* Awards to those who cashed their prior Award checks in the previous distribution. The Claims Administrator shall use best efforts to distribute any remaining Net Settlement Fund within a reasonable period of time after the stale date. This process shall continue until the Net Settlement Fund is exhausted to a *de minimus* amount, at which point the Claims Administrator will provide written notice to Co-Lead Counsel of the same, and such balance shall be paid to one or more charitable organizations to be agreed upon by the Settling Parties and approved by the Court, but in no event shall any such monies revert to the Settling Defendants or be paid to Plaintiffs' Counsel.

9. All determinations as to the extent to which each of the Settlement Class Members are eligible for an Award from the Net Settlement Fund in accordance with the Plan of Allocation shall be made by Co-Lead Counsel, their designees or agents,

the Claims Administrator, or such other persons or entities as Co-Lead Counsel may, in their sole discretion, deem necessary or advisable to assist them in the administration of the Settlement. The administration of the Settlement, the Settlement Fund, the Escrow Account and the Net Settlement Fund, and decisions with respect to all disputed questions of law and fact relating to distributions therefrom, shall remain under the exclusive and continuing jurisdiction of the Court.

10.    No person shall have any claim against Plaintiffs, Plaintiffs' Counsel, the Settling Defendants, Settling Defendants' Counsel, the Claims Administrator, the Escrow Agent, or any of their agents or have any right to challenge the releases and waivers provided in this Agreement with respect to or arising out of any determinations or distributions, or lack thereof, made under this Agreement and the Settlement contained herein, the Plan of Allocation, or pursuant to any orders of the Court.

11.    No Released Defendant or its respective counsel shall have any role in, responsibility for or liability whatsoever with respect to: the Plan of Allocation; the form, substance, method or manner of allocation, administration, or distribution pursuant thereto; and/or any tax liability that any Settlement Class Member may incur as a result of this Agreement or as a result of any action taken pursuant to this Agreement.

- 22 -

12.    The Released Defendants shall have no responsibility, obligation, or liability whatsoever with respect to: the administration of the Settlement; the payment or withholding of Taxes that may be due or owing by the Escrow Agent or any recipient of funds from the Settlement Fund; the determination, administration, calculation, review, or challenge of Awards; or any losses, attorneys' fees, expenses, vendor payments, expert payments, or other costs incurred in connection with any of the foregoing matters.

## VII.    NOTICE TO OFFICIALS AND THE SETTLEMENT CLASS

1.    Not later than ten days after the filing of this Agreement with the Court, the Settling Defendants' Counsel, or the Claims Administrator, at the Settling Defendants' expense, shall serve notice of this Agreement to the appropriate federal and state officials, as provided by the Class Action Fairness Act, 28 U.S.C. §1715.

2.    The Settling Defendants will use reasonable efforts to provide information identified in this Section to facilitate notice to the Settlement Class.

3.    Within 30 days of the Execution Date, or such later date as may be required for good cause shown, the Settling Defendants shall provide to the Claims Administrator, to the extent reasonably available, names and/or addresses of Settlement Class Members located through a reasonable electronic search of their underwriting systems for insurance placed during the period from January 1, 1997 through the Execution Date, provided that they not be required to restore data systems

- 23 -

that are no longer in use or otherwise reconstruct data that is not available on their current underwriting systems. The Claims Administrator shall search databases available to it to update or identify addresses for the names of Settlement Class Members provided by the Settling Defendants.

4.    Each Settling Defendant shall write to those coverholders acting on its behalf that wrote a majority of the Settling Defendant's business in the United States under binding authorities during the five-year period from October 1, 2017, to September 30, 2022. Each Settling Defendant shall request that these coverholders provide to the Claims Administrator, to the extent reasonably available, names and addresses of policyholders to which insurance policies were issued on behalf of the Settling Defendant under binding authorities for this five-year period. The costs incurred by the coverholders to comply with this request shall constitute Notice and Administration Expenses that will be reimbursed by the Claims Administrator out of the Settlement Fund.

5.    The identifying information for the Settlement Class Members shall be kept confidential by the Claims Administrator and shall not be disclosed to anyone without written authorization of the Settling Defendant that provided the information. The Claims Administrator shall not use this information for any purpose other than providing notice of the Settlement. Upon completion of all aspects of this Settlement,

4876-8739-4547.v1

the Claims Administrator shall delete all identifying information for the Settlement Class Members and certify such deletion to counsel for the Settling Parties.

6.      Within 14 days of receipt by the Claims Administrator of the information necessary to provide Notice to the Settlement Class described above, the Claims Administrator shall provide Notice to all Settlement Class Members via: (a) mailing the Summary Notice to those Settlement Class Members for whom a current or last known address is available, or emailing the Summary Notice to those Settlement Class Members for whom a current and valid email address is available; (b) posting the Long-form Notice and Summary Notice on the Settlement Website, www.SyndicateSettlement.com; (c) publication of the Summary Notice in selected media as set forth in Exhibit H hereto; and (d) digital dissemination of the Summary Notice as set forth in Exhibit H hereto.

(a)      If a mailed Summary Notice is returned to the Claims Administrator with an updated address, the Summary Notice shall be re-mailed to the addressee as soon as practicable following the receipt of the updated address.

(b)      Before disseminating the Notices, the Claims Administrator shall re-establish a toll-free hotline, a dedicated email address for Settlement Class Members to make inquiries, and update the Settlement Website. Co-Lead Counsel shall also post the Long-form Notice, Claim Form, and a link to the Settlement

- 25 -

Website on their firm websites as soon as reasonably practicable after entry of the Preliminary Approval Order.

7.      The Settling Parties believe that the notice procedures described in this Agreement satisfy all the requirements of the Federal Rules of Civil Procedure, the Due Process Clause, the Rules of the Court, and all other applicable laws.  Upon the Court's approval, such notice procedures shall be timely implemented.

## VIII.  COMMUNICATIONS WITH THE SETTLEMENT CLASS

1.      Plaintiffs' Counsel acknowledge and agree that the Settling Defendants have the right to communicate with Settlement Class Members, provided that to the extent any Settlement Class Member has a question about this Agreement, the Settling Defendants agree to refer him, her, or it to the Claims Administrator and/or Co-Lead Counsel.

2.      The Settling Defendants shall not discourage Settlement Class Members from filing Claim Forms.

3.      Prior to the Approval Date, neither any of the Settling Parties nor their counsel shall make any public announcement concerning the Settlement without prior written agreement of all of the Settling Parties, except as approved by the Court and/or required by the Notice program and as described in §VII 6(b) above.

4876-8739-4547.v1

## IX.    REQUESTS FOR EXCLUSION

1.    Any Settlement Class Member who wishes to be excluded from the Settlement Class must mail or deliver a written request for exclusion, postmarked or delivered no later than the deadline ordered by the Court, in the manner specified in the Preliminary Approval Order and the Notices.  Group opt-outs, including "mass" or "class" opt outs, are prohibited.  A list of Opt-outs shall be provided by the Claims Administrator to the Settling Parties and to the Court no later than 14 calendar days before the Fairness Hearing.

2.    Unless otherwise ordered by the Court, a request for exclusion must include:  (i) name,  (ii) address,  (iii) telephone number,  (iv) email address  (if applicable), and (v) information about each Contract of Insurance related to this Settlement, including: (a) the insurer(s) that issued the Contract of Insurance, (b) the policy number, (c) the face amount of each Contract of Insurance, (d) the annual premium, and (e) the approximate dates of coverage.

3.    Any Settlement Class Member who does not submit a timely request for exclusion in accordance with the above requirements shall be bound by the Releases provided for in this Agreement and by all proceedings, orders, and judgments in this Action, whether or not he, she, or it timely submits a Claim Form or receives an Award.

- 27 -

## X.    OBJECTIONS

1.      Any Settlement Class Member who wishes to object to the fairness, reasonableness, or adequacy of this Agreement, the Plan of Allocation, Plaintiffs' Counsel's application for an Attorneys' Fee and Expense Award, must do so in writing no later than the deadline ordered by the Court and satisfy all other requirements set forth in the Preliminary Approval Order.

2.      Any Settlement Class Member that files an objection must provide evidence of Settlement Class membership and state the specific reason or reasons, if any, for the objection, including any legal support or evidence he, she, or it believes supports the objection.

3.      Any Settlement Class Member may file an objection on his, her, or its own, or through an attorney hired at his, her, or its own expense.  If a Settlement Class Member hires an attorney in connection with an objection, the attorney must serve on Co-Lead Counsel, the Settling Defendants' Counsel, and the Court a notice of appearance no later than the deadline ordered by the Court.

4.      Any person or entity filing an objection shall, by doing so, submit himself, herself, or itself to the exclusive jurisdiction and venue of the Court, and shall agree to be subject to discovery by the Settling Parties with respect to both the objection and any objections to other class action settlements previously filed by such person or entity.

4876-8739-4547.v1

5.      The Settling Parties will request that the Final Approval Order and Judgment require any Settlement Class Member who wishes to appeal the Final Approval Order and/or Judgment (if such appeal will delay the distribution of Awards to the Settlement Class) to post a bond with this Court in an amount to be determined by the Court as a condition of prosecuting such appeal.

6.      Any Settlement Class Member who fails to comply with any of these provisions and settlement-related Court orders shall waive and forfeit any and all rights he, she, or it may have to appear separately at the Fairness Hearing and/or to object to this Agreement and shall be bound by all the terms of this Agreement and by all proceedings, orders, and judgments in this Action.

## XI.    RELEASES AND ORDER OF DISMISSAL

### A.    Releases and Waiver

1.      Upon the Effective Date, the Agreement shall be the sole and exclusive remedy for any and all Released Claims, including Unknown Claims, of all Releasing Plaintiffs against all Released Defendants and the sole and exclusive remedy for Releasing Defendants' Claims related to the initiation, prosecution, conduct, and settlement of the Action against all Released Plaintiffs.  No Released Defendant shall be subject to liability of any kind to any Releasing Plaintiff with respect to any Released Claim, and no Released Plaintiff shall be subject to liability of any kind to any Releasing Defendant with respect to any Claims related to the initiation,

- 29 -

prosecution, conduct, and settlement of the Action. Upon the Effective Date, each and every Releasing Plaintiff shall be permanently barred and enjoined from initiating, asserting, and/or prosecuting any Released Claim, including any Unknown Claim, against any Released Defendant in any court or any forum. Upon the Effective Date, each and every Releasing Defendant shall be permanently barred and enjoined from initiating, asserting, and/or prosecuting any Claim, including any Unknown Claim, related to the initiation, prosecution, conduct, and settlement of the Action against any Released Plaintiff in any court or any forum.

2.      On the Effective Date, the Releasing Plaintiffs release and covenant not to sue on any and all Released Claims against the Released Defendants, including Settling Defendants' Counsel. Each of the Releasing Plaintiffs shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged each Released Defendant, including Settling Defendants' Counsel, from all Claims (including Unknown Claims) arising out of, relating to, or in connection with the Released Claims or the Action. Releasing Plaintiffs by virtue of the Notices, have been informed of §1542 of the California Civil Code and expressly waive and relinquish any rights or benefits available to them under this statute and any and all similar provisions, rights, and benefits conferred by any law of any state or territory of the United States or principle of common law that is similar, comparable, or equivalent to §1542 of the California Civil Code.

4876-8739-4547.v1

3.     On the Effective Date, each of the Releasing Defendants shall release all Claims related to the initiation, prosecution, conduct, and settlement of the Action against the Released Plaintiffs, including Plaintiffs' Counsel.  Each of the Releasing Defendants shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged Released Plaintiffs, including Plaintiffs' Counsel, from all Claims (including Unknown Claims) arising out of, relating to, or in connection with the initiation, prosecution, conduct, and settlement of the Action.  Releasing Defendants acknowledge that they have been informed by Settling Defendants' Counsel of §1542 of the California Civil Code and expressly waive and relinquish any rights or benefits available to them under this statute and any and all similar provisions, rights, and benefits conferred by any law of any state or territory of the United States or principle of common law that is similar, comparable, or equivalent to §1542 of the California Civil Code.

4.     In exchange for full payment of each Settling Defendant's share of the Settlement Amount and the mutual releases set forth in this Agreement, Plaintiffs agree to dismiss with prejudice the Settling Defendants who paid their share of the Settlement Amount from the Action upon the Effective Date.  If for any reason the Court in the Final Approval Order does not dismiss the Action with prejudice as to the Settling Defendants that paid their share of the Settlement Amount, Plaintiffs agree to

4876-8739-4547.v1

use best efforts to obtain such dismissal with prejudice pursuant to Rule 41(a)(1)(A)(ii) or Rule 41(a)(2) of the Federal Rules of Civil Procedure.

5.    Notwithstanding the above, nothing in the Final Approval Order or Judgment shall bar any action or claim by the Releasing Plaintiffs or Releasing Defendants to enforce the terms of this Agreement or the Judgment.

### B.    Final Approval Order and Judgment

1.    The Final Approval Order and Judgment shall, among other things, (i) approve this Agreement as fair, reasonable, and adequate; (ii) dismiss the Action with prejudice as to the Settling Defendants only; (iii) incorporate the mutual releases herein; and (iv) enter the Bar Order as described below.

2.    The Settling Parties will request that the Court include in the Final Approval Order and Judgment a Bar Order with the following language:

Bar Order

(a)    (i)    Any and all persons and entities are permanently barred, enjoined, and restrained from commencing, prosecuting, continuing to prosecute or asserting any claim (including any claim for indemnification, contribution, or attorneys' fees) against any of the Released Defendants where the alleged injury to the barred person or entity is based upon that person's or entity's alleged liability to the Settlement Class or any of the Settlement Class Members; (ii) any and all Released Defendants are permanently barred, enjoined, and restrained from commencing, prosecuting, continuing to prosecute, or asserting any claim (including any claim for indemnification or contribution) against a person barred by subdivision (a)(i) of this paragraph where the Released Defendant's alleged injury is based solely upon the Released Defendant's alleged liability to the Settlement Class or any of the Settlement Class Members other than with respect to claims related to

- 32 -

coverage under Contracts of Insurance issued by Released Defendants to Plaintiffs or any Settlement Class Members; and (iii) there shall be a judgment-reduction credit reducing any judgment that the Settlement Class or any of the Settlement Class Members might obtain against any barred person or entity in connection with any of the Released Claims by the greater of the settlement amount paid by the Settling Defendants or an amount that corresponds to the Settling Defendants' percentage of responsibility for the loss to the Settlement Class or any of the Settlement Class Members.

(b)    Notwithstanding paragraph (a), above, or anything else in the Agreement, the Final Approval Order, or the Judgment, nothing shall release, interfere with, limit, or bar the assertion by any Released Defendant of any claim for insurance coverage under any insurance or indemnity policy that provides coverage in connection with the matters at issue or which could have been at issue in the Action.

3.    In the event a person or entity is not barred by the Bar Order, the Court adopts a Bar Order that does not bar all contribution and indemnity claims against the Released Defendants, or the Court declines to adopt a Bar Order, Plaintiffs and the Settlement Class shall reduce any judgment that they or any Settlement Class Members may obtain based in whole or in part on the conduct alleged in the SAC against a third party that is not barred by a Bar Order as set out in §XI (B)(2) by the greater of the Settlement Amount paid by the respective Settling Defendant or an amount that corresponds to the Settling Defendant's percentage of responsibility for the loss to the Settlement Class or any Settlement Class Member.

## XII.  NOTICE AND ADMINISTRATION EXPENSES

1.    Subject to the Court's approval in the Preliminary Approval Order, A.B. Data, Ltd. shall serve as the Claims Administrator.

4876-8739-4547.v1

2.      Except as provided in §XII.4, all reasonable Notice and Administration Expenses shall be paid solely from the Escrow Account.

3.      On or before the date of entry of the Preliminary Approval Order, Co-Lead Counsel shall provide the Settling Defendants' Counsel with wire transfer instructions, including SWIFT codes, for payment to the Claims Administrator and a completed W-9 form.

4.      The Settling Parties agree that, before the later of April 11, 2025 or ten days after entry of the Preliminary Approval Order, $200,000 of the Settlement Amount ($21,008 to be paid by Syndicate 727 and $178,992 to be paid by Syndicates 2791, 1003, 2003 and 2020) will be wired by the Settling Defendants to the Claims Administrator ("Notice Credit").  The Notice Credit for each Settling Defendant will reduce that Settling Defendant's respective share of the Settlement Amount to be paid pursuant to §IV.  If one or more Settling Defendants fails to fund its share of the Notice Credit, this Settlement will proceed with respect to any Settling Defendant that has funded its share of the Notice Credit, so long as it is economically feasible.

5.      If the expenses relating to disseminating the Notices exceed or it appears will exceed the total Notice Credit, each Settling Defendant may, in its sole discretion, allocate additional money from its share of the Settlement Amount to increase its share of the Notice Credit.

- 34 -

6.     After the Effective Date, Notice and Administration Expenses in excess of the Notice Credit shall be paid solely from the Settlement Amount.

7.     The Notice and Administration Expenses shall not include any amounts attributable to the Attorneys' Fee and Expense Award discussed below.

## XIII. ATTORNEYS' FEE AND EXPENSE AWARD

1.     Co-Lead Counsel, on behalf of Plaintiffs' Counsel, may apply to the Court for an Attorneys' Fee and Expense Award no later than 35 calendar days prior to the date of the Fairness Hearing.  After entry of the Preliminary Approval Order, Plaintiffs' Counsel will apply to the Court for an award of attorneys' fees and litigation costs and expenses incurred and future costs and expenses to be incurred in the ongoing Action from the Settlement Amount paid into the Escrow Account. Plaintiffs' Counsel will not seek more than $200,000 in future costs and expenses to be incurred in the ongoing Action.

2.     The Attorneys' Fee and Expense Award shall constitute the sole aggregate compensation for all Plaintiffs' Counsel with respect to the Settlement and all Claims against the Settling Defendants.

3.     Any Attorneys' Fee and Expense Award shall be paid in its entirety from the Escrow Account and will be payable within five days of the later of entry of the order awarding fees and expenses or entry of the Final Approval Order.

4.      The amount of the Attorneys' Fee and Expense Award shall be within the sole discretion of the Court (or any appellate court) and may be less than the amount requested.  Co-Lead Counsel have sole discretion to allocate any such Award among Plaintiffs' Counsel.  The amount or allocation of the Attorneys' Fee and Expense Award shall not constitute a basis for any Settling Party to terminate the Settlement.

5.      If this Agreement is properly and timely terminated in accordance with its terms after any Attorneys' Fee and/or Expense Award has been paid, then Plaintiffs' Counsel, including Co-Lead Counsel, shall, within 15 days after such termination, return to the Escrow Account any amounts paid, with any Interest earned from the date on which it was paid from the Escrow Account through the date on which it is returned to the Escrow Account.

6.      If, after payment of the Attorneys' Fee and Expense Award, the amount is reduced by the Court or any appellate court, Plaintiffs' Counsel, including Co-Lead Counsel, shall, within 15 days, return to the Escrow Account the amount by which it has been reduced (the "Surplus Award"), with any Interest earned on such Surplus Award to be calculated from the date on which any such amount(s) was paid from the Escrow Account through the date on which the Surplus Award is returned to the Escrow Account.

7.      Plaintiffs' Counsel, including Co-Lead Counsel and their respective partners, members and/or shareholders, agree and acknowledge expressly their joint

and several obligations to return to the Escrow Account the Attorneys' Fee and Expense Award or the Surplus Award as set forth herein and that the Court may, upon application of any one or more of the Settling Defendants, on notice to Co-Lead Counsel, issue orders against Plaintiffs' Counsel or any of them if they should fail timely to repay amounts due to the Escrow Account, including, but not limited to, the Attorneys' Fee and Expense Award or the Surplus Award.

8.      No Released Defendant shall be liable or obligated to pay any fees, expenses, costs, or disbursements to, or incur any expense on behalf of, any person or entity (including, without limitation, Plaintiffs and Plaintiffs' Counsel), directly or indirectly, in connection with the Action or this Agreement, except as provided herein.

9.      Co-Lead Counsel, Plaintiffs' Counsel, and Plaintiffs shall not seek any service award for the Plaintiffs.

## XIV.  TAXES LIABILITIES AND TAX EXPENSES

1.      All Taxes and Tax Expenses, if any, arising from or in connection with the Settlement, the Settlement Fund, the Net Settlement Fund, or the Escrow Account shall be paid solely from the Escrow Account.

2.      All Taxes and Tax Expenses shall be treated as and considered to be a cost of administration of the Settlement Fund.  The Escrow Agent shall timely pay such Taxes and Tax Expenses out of the Settlement Fund, as appropriate, without prior order of the Court.

4876-8739-4547.v1

3.    No opinion, advice, or warranty concerning the tax consequences to Settlement Class Members relating to this Agreement and/or the Settlement is being given or will be given by the Settling Parties or their counsel.

4.    The Award letter shall direct Settlement Class Members to consult their own tax advisors regarding the tax-reporting and tax-payment obligations, if any, created by this Agreement.  All tax-reporting and tax-payment obligations are the sole responsibility of each Settlement Class Member.

## XV.    QUALIFIED SETTLEMENT FUND

1.    The Settling Parties and the Escrow Agent agree to treat the Settlement Fund as being at all times a "qualified settlement fund" within the meaning of Treasury Regulation §1.468B-1.  It is intended that all payments made by or on behalf of the Settling Defendants to the Settlement Fund will satisfy the "all events test" and the "economic performance" requirement of §461(h)(1) of the Internal Revenue Code of 1986, as amended, and the regulations promulgated thereunder (the "Code") and Treasury Regulation §1.461-1(a)(2).  As such, the Settling Defendants shall not be taxed on the income of the Settlement Fund.  The Settlement Fund shall be taxed on its modified gross income, excluding the sums, or cash equivalents of things, transferred to it.  In computing the Settlement Fund's modified gross income, deductions shall be allowed for, *inter alia*, administrative costs and other incidental deductible expenses incurred in connection with its operation, including, without

- 38 -

limitation, state and local taxes, and legal, accounting, and actuarial fees.  All such computations of the Settlement Fund's modified gross income, as well as any exclusions or deductions thereto, shall be compliant with and consistent with Treasury Regulation §1.468B-2(b)(1)-(4).

2.    The Escrow Agent shall timely make such elections as necessary or advisable to carry out the provisions of this Agreement, including, if appropriate: (i) the "relation-back election" (as defined in Treasury Regulation §1.468B-1(j)(2)) to treat the Settlement Fund as coming into existence as a qualified settlement fund as of the earliest permitted date; or (ii) an election to apply settlement fund rules as described in Treasury Regulation §1.468B-5(b)(2).  Such elections shall be made in compliance with the procedures and requirements contained in such regulations.  It shall be the responsibility of the Escrow Agent to timely and properly prepare and deliver the necessary documentation for signature by all necessary parties, and thereafter to cause the appropriate filing to occur.

3.    For purposes of §1.468B of the Treasury Regulations, the "transferor" shall be the Settling Defendants.  The transferor shall supply to the Escrow Agent the statement required by Treasury Regulation §1.468B-3(e) by February 15 of the year following the calendar year in which the Settlement Amount is paid under this Agreement.

4876-8739-4547.v1

4.      For purposes of §1.468B of the Treasury Regulations, the "administrator" shall be the Escrow Agent.  The Escrow Agent shall apply for an employer identification number for the Settlement Fund pursuant to Internal Revenue Service Form SS-4, and in accordance with Treasury Regulation §1.468B-2(k)(4).  The Escrow Agent shall timely and properly file all informational and other tax returns as are necessary or advisable with respect to the Settlement Fund (including, without limitation, the returns described in Treasury Regulation §1.468B-2(k)).

5.      Furthermore, in accordance with the provisions of Treasury Regulation §1.468B-2(l), the Escrow Agent shall cause to be filed all required federal, state, and local tax returns as are necessary or advisable with respect to any payments made to Settlement Class Members.  The Escrow Agent may retain certified public accountants and legal counsel to consult with and advise the Escrow Agent (as well as the Claims Administrator) with respect to the preparation of any and all appropriate tax returns, information returns, or compliance withholding requirements.  The Settling Defendants shall have no liability or responsibility whatsoever for filing any statements, other than the statement required by Treasury Regulation §1.468B-3(e), or tax returns, or for paying any taxes due or expenses incurred in administering the Settlement Fund, the Escrow Account, or the Net Settlement Fund, or for obtaining or maintaining the tax status desired for the Settlement Fund.

4876-8739-4547.v1

6.    The Escrow Agent shall be empowered to take all such actions as it deems necessary to ensure that the Settlement Fund is treated as a "qualified settlement fund" under §468B of the Code.  Further, the Escrow Agent may request a petition to the Court to amend, either in whole or in part, any administrative provision of this Agreement, which causes unanticipated tax consequences or liabilities inconsistent with the foregoing.

7.    In accordance with Treasury Regulation §1.468B-2(j), the taxable year of the Settlement Fund shall be the calendar year and the Settlement Fund shall use an accrual method of accounting, within the meaning of §446(c) of the Code.

8.    All (i) Taxes (including any estimated Taxes, interest, or penalties) arising with respect to the income earned by the Escrow Account, including any Taxes or tax detriments that may be imposed upon the Released Defendants or Released Plaintiffs or their respective counsel with respect to any income earned by the Escrow Account for any period during which the Settlement Fund does not qualify as a "qualified settlement fund" for federal or state income tax purposes, and (ii) expenses and costs incurred in connection with the operation and implementation of this section of the Agreement (including, without limitation, expenses of tax attorneys and/or accountants and mailing and distribution costs and expenses relating to filing, or failing to file, the returns described in this paragraph), shall be paid out of the Settlement Fund; in all events the Released Defendants and their counsel shall have no

- 41 -

liability or responsibility for the Taxes or the Tax Expenses. The Settlement Fund shall indemnify and hold each of the Released Defendants and their counsel harmless for Taxes and Tax Expenses (including, without limitation, Taxes payable by reason of any such indemnification).

9.    Taxes and Tax Expenses shall be treated as, and considered to be, a cost of administration of the Settlement Fund and shall be timely paid by the Escrow Agent out of the Settlement Fund without prior order from the Court, and the Escrow Agent shall be authorized (notwithstanding anything herein to the contrary) to withhold from distribution to Settlement Class Members any funds necessary to pay such amounts, including the establishment of adequate reserves for any Taxes and Tax Expenses (and amounts that may be required to be withheld under Treasury Regulation §1.468B-2(l)(2)); Released Defendants are neither responsible nor have any liability for any Taxes or Tax Expenses. The Settling Parties agree to cooperate with the Escrow Agent, each other, and their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions of this Section of the Agreement.

10.    Released Defendants are not and will not be obligated to compute, estimate, or pay any taxes on behalf of any Plaintiff, any Settlement Class Member, Plaintiffs' Counsel, and/or the Claims Administrator.

- 42 -

11.     This Settlement is non-recapture.  As of the Effective Date, the Settling Defendants, and/or any other person funding the Settlement on their behalf, shall not have any right to the return of the Settlement Amount or any portion thereof.

## XVI.  MODIFICATION OR TERMINATION OF AGREEMENT

1.     This Agreement embodies the full and complete understanding of the Settling Parties and, upon execution, supersedes and renders null and void any and all prior understandings and agreements (written or oral) among or between them, including all prior drafts of this Agreement.  Any modification or amendment of this Agreement shall be deemed null and void unless made in a single writing signed by an authorized representative of each of the Settling Parties (and approved by the Court if required).

2.     In entering into this Agreement, none of the Settling Parties has relied upon any representation or warranty not set forth expressly herein.

3.     If Settlement Class Members representing more 5% of the overall Settlement Class opt out of the Settlement, each Settling Defendant shall have the option to terminate this Agreement.  In such instance, the Settling Defendant(s) that exercises this termination option ("Terminating Settling Defendants") shall be entitled to the return of all amounts paid to the Settlement Fund within ten days, with interest and less the Notice Credit to the extent that it has been incurred or expended.  If the Settling Defendants seek to invoke the provisions of this Section, they must advise

Co-Lead Counsel of their decision to terminate no later than seven days prior to the Fairness Hearing.  If the termination right provided in this Section is reached after the date that is seven days prior to the Fairness Hearing, the Settling Defendants must advise Co-Lead Counsel of their decision to terminate no later than ten days after such Settling Defendants receive notice that a sufficient number of the Settlement Class Members have opted out of the Settlement to trigger this termination right.

4.    Each Settling Party shall have the right, in its sole discretion, to terminate this Agreement and withdraw from the Settlement as to that Party if: (i) the Court or any appellate court rejects, modifies, or denies approval of any portion of the Agreement that such Settling Party reasonably and in good faith determines is material to it including, without limitation, the Bar Order, the provisions relating to Notices, the definition of the Settlement Class, the terms of the Releases (but excluding the Attorneys' Fee and Expense Award), and/or the dismissal with prejudice of the Settling Defendants from the Action; or (ii) the Court, or any appellate court(s), does not enter or completely affirm, or alters or expands, any portion of the proposed Preliminary Approval Order, or the proposed Judgment or the proposed Final Approval Order, in a manner that such Settling Party reasonably and in good faith determines is material to it, including the Bar Order.  The option to terminate this Agreement and withdraw from the Settlement pursuant to this Section must be exercised no later than ten days after the Settling Party desiring to do so receives

- 44 -

notice of such ruling by the Court or appellate court. If fewer than all Settling Defendants terminate this Agreement pursuant to this Section, the Agreement will remain in effect among Plaintiffs and remaining Settling Defendants.

5.    If this Agreement is terminated in whole or in part, then as between Plaintiffs and any Terminating Settling Defendant: (i) the Agreement shall be null and void and shall have no force or effect; (ii) Plaintiffs and any Terminating Settling Defendant and all Settlement Class Members shall be restored to their respective positions existing immediately before the Execution Date and no such party shall be bound by any of the Agreement's terms, except for the terms of this Section and each such party expressly reserves all defenses, arguments, and motions as to all claims that have been or might later be asserted in the Action, including, but not limited to, all arguments that a plaintiff class may not be properly certified in the Action; and (iii) the Terminating Settling Defendants shall be entitled to the return of all of the amounts paid by them respecting the Settlement Amount and interest less their respective shares of the Notice Credit and Taxes and Tax Expenses, to the extent incurred or expended, within ten days, with the exception of any paid Attorneys' Fee and Expense Award, attributable to a Terminating Settling Defendant, which shall be returned to such Terminating Settling Defendant within five days after repayment to the Escrow Account in accordance with §V.7 and the last sentence of this Section. In connection with this Section, the Attorneys' Fee and Expense Award attributable to a

Terminating Settling Defendant, shall be the percentage of the Terminating Settling Defendant's contribution to the Settlement Amount divided by the total Settlement Amount. If the Agreement remains in effect as to at least one of the Settling Defendants, then the right of any Terminating Settling Defendants to the return of funds shall be limited to the amount that the Terminating Settling Defendants contributed to the Settlement Amount or disclosed pursuant to §XVI.7, plus Interest (based on the amount of its contribution) and less its Notice Credit, to the extent incurred or expended. If the Agreement is terminated in part after the Attorneys' Fee and Expense Award has been paid, but remains in effect as to at least one of the Settling Defendants, then Co-Lead Counsel's obligation to return those funds to the Escrow Account pursuant to §XIII shall be limited to the Attorneys' Fee and Expense Award multiplied by the percentage of the Settlement Amount paid by the Terminating Settling Defendants as compared to all Settling Defendants, plus the corresponding amount of Interest.

6.     In the event that any of the Settling Defendants fail to deposit their individual share of the Settlement Amount in the Escrow Account as provided in this Agreement, Plaintiffs shall give ten days' written notice to the counsel for the Settling Defendant(s) who have failed to make the required deposit demanding deposit into the Escrow Account. If the default has not been cured within the 10-day period, Plaintiffs may terminate this Settlement with respect to the defaulting Settling Defendant(s) by

- 46 -

sending a written notice to the counsel for the defaulting Settling Defendant(s) and take other actions as permitted by law. If fewer than all Settling Defendants default in the payment of their share of the Settlement Amount, the Agreement will remain in effect among Plaintiffs and remaining Settling Defendants. Notwithstanding the foregoing, if this Settlement is terminated pursuant to this §XVI.6, Plaintiffs will have the option of requesting that the Court delay any remaining steps to effectuate the Settlement for a period not to exceed six months.

7.      If (a) one or more of, but not all of, Syndicates 727, 2791, 1003, 2003 and 2020 exercise a termination right pursuant to this §XVI (including, but not limited, to the termination rights set forth in §§XVI.3, XVI.4, and XVI.6), or any other provision in this Agreement, or (b) any member of the Settling Defendants fails to pay its share of the Settlement Amount, then the terminating or non-paying member of the Settling Defendants shall immediately disclose to Plaintiffs and the other Settling Defendants the portion of the Settling Defendants' collective share of the Settlement Amount paid by and the Notice Credit allocated to that member of the Settling Defendants (unless specified herein) so that the provisions of this Agreement may be applied in these circumstances and the remaining Settling Parties may identify and exercise their rights and obligations under this Agreement.

- 47 -

## XVII. MISCELLANEOUS MATTERS AND RESERVATIONS

1.    This Agreement shall be construed in accordance with the laws of New Jersey without regard to any applicable conflict-of-laws rules or principles.

2.    The Court retains exclusive jurisdiction over this Agreement, the Settlement, the Settling Parties, Settlement Class Members, and Opt-outs for the purpose of adjudicating issues relating to this Agreement.  The Settling Parties agree that any lawsuit to enforce the Agreement shall be brought only in this Court, except that the Settling Defendants, if seeking to enforce this Agreement in a lawsuit brought by Settlement Class Member(s), shall have the discretion to seek such enforcement in that other lawsuit rather than bringing a separate lawsuit in this Court.

3.    As of the Execution Date, the Settling Parties will stay all discovery or motions relating to the Settling Parties.  If the Court does not agree to stay all discovery or motions with respect to the Settling Parties, the Settling Parties shall withdraw any applicable discovery or motions without prejudice to renewing any requests or motions if this Settlement does not become Final.  The Settling Defendants shall not, however, object to Plaintiffs' ability to use the discovery provided to date in the Action in prosecuting their claims against the Non-Settling Defendant.[3]

---

[3]    The Lloyd's Syndicate who is a Defendant in the case but who has not settled is Syndicate 2488 (the "Non-Settling Defendant").

4876-8739-4547.v1

4.      At the conclusion of the Action, the Settling Parties will return or certify to the applicable Settling Party the destruction of discovery materials. Within 30 days of the dismissal of the Settling Defendants (exclusive of any Settling Defendant with respect to which the Agreement is terminated) and the distribution of the Settlement Amount, Class Counsel shall instruct the Claims Administrator to destroy all policyholder name, address, and any other identifying information received in connection with this Settlement.  Within 30 days of such notice, the Claims Administrator shall certify completion of this destruction to Class Counsel and Settling Defendants' Counsel.

5.      The Settling Parties intend this Settlement to be a final and complete resolution of all disputes between them with respect to the Action. The Settlement compromises claims that are contested and shall not be deemed an admission by any Settling Party as to the merits of any claim or defense. The Settling Parties agree that each has complied fully with the strictures of Rule 11 of the Federal Rules of Civil Procedure, and the Judgment will contain a statement that during the course of the Action, the parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.  In addition, neither Plaintiffs nor the Settling Defendants will make any application for fees, costs, or sanctions except for the application for the Attorneys' Fee and Expense Award provided for in this Agreement.

- 49 -

4876-8739-4547.v1

6.     Undersigned counsel represent and warrant that they are authorized to enter into this Agreement on behalf of their respective clients.

7.     Plaintiffs warrant that: (i) they have agreed to serve as representatives of the Settlement Class; (ii) they are willing, able, and ready to perform all of the duties and obligations as class representatives; (iii) they are familiar with the pleadings, including the SAC; (iv) they have been kept apprised of the progress of the Action and the settlement negotiations, and are familiar with the terms of this Agreement; (v) they have authorized Co-Lead Counsel to execute this Agreement on their behalf; and (vi) they will remain and serve as representatives of the Settlement Class until the terms of this Agreement are effectuated.

8.     To the extent consistent with their ethical obligations, Plaintiffs' Counsel represent that they do not have any clients on whose behalf they presently plan to file a request for exclusion to pursue a claim against the Settling Defendants, and Plaintiffs' Counsel have no present intention of filing or participating in any litigation or claims against the Settling Defendants based upon or arising from the subject matter of the Action.

9.     Each of the Settling Defendants warrants and represents as to itself only, that it is not "insolvent" within the meaning of 11 U.S.C. §101(32), as of the Execution Date and will not be insolvent as of the deadline for their Settlement payment.

4876-8739-4547.v1

10.     This Agreement shall not be admissible or used in any way in any judicial, regulatory, administrative, or other proceeding for any purpose other than to seek approval of the Settlement or to enforce its terms.  Neither the act of entering into or carrying out this Settlement Agreement nor any statements, documents, negotiations or proceedings related thereto shall be used, offered or received in any action or proceeding in any court, administrative agency, or other tribunal for any purpose whatsoever other than to seek approval of the Settlement or to enforce the terms thereof.  All communications between and/or among the Settling Parties, their counsel, and/or their respective representatives relating to, concerning or in connection with this Agreement or the matters covered hereby shall be governed and protected in accordance with Federal Rule of Evidence 408 and/or similar state law to the fullest extent permitted by law.

11.     This Agreement may be signed in counterparts, each of which shall constitute an original.  The Settling Parties' signatures on this Agreement in electronic form shall fully bind the Settling Parties to the terms of this Agreement.

12.     The Settling Parties reserve the right, subject to the Court's approval, to agree to any reasonable extension of time that might be necessary to carry out any of the provisions of this Agreement.

4876-8739-4547.v1

13.     The Settling Parties undertake to implement the terms of this Agreement in good faith and to act in good faith in resolving any disputes that may arise in connection with its implementation.

14.     Whenever this Agreement requires that a Settling Party shall or may give notice to another, notice shall be provided by next-day express delivery service (excluding Saturday and Sunday) and email to the undersigned counsel below.

15.     The Settling Parties agree that this Agreement was drafted collectively by counsel for the Settling Parties at arm's length, and that no parol or other evidence may be offered to explain, construe, contradict, or clarify its terms, the intent of the Settling Parties or their counsel, or the circumstances under which the Agreement was made or executed.  Nor shall there be any presumption for or against any Settling Party that drafted all or any portion of this Agreement.

DATED: April 15, 2025                    ROBBINS GELLER RUDMAN
                                           & DOWD LLP
                                         SAM S. SHELDON
                                         ALEXANDRA S. BERNAY


                                         _____
                                               SAM S. SHELDON

                                         655 West Broadway, Suite 1900
                                         San Diego, CA  92101
                                         Telephone:  619/231-1058
                                         619/231-7423 (fax)

ROBBINS GELLER RUDMAN
  & DOWD LLP
PAUL J. GELLER
225 NE Mizner Boulevard, Suite 720
Boca Raton, FL 33432
Telephone: 561/750-3000
561/750-3364 (fax)

DATED: April 15, 2025

ZWERLING, SCHACHTER
  & ZWERLING, LLP
ROBERT S. SCHACHTER
JUSTIN M. TARSHIS

_____
ROBERT S. SCHACHTER

41 Madison Avenue
New York, NY 10010
Telephone: 212/223-3900
212/371-5969 (fax)

LIEFF CABRASER HEIMANN
  & BERNSTEIN, LLP
DAN DRACHLER
1215 Fourth Avenue, Suite 1350
Seattle, WA 98161
Telephone: 206/895-5005
206/895-3131 (fax)

COHN LIFLAND PEARLMAN
  HERRMANN & KNOPF LLP
MATTHEW F. GATELY
Park 80 West – Plaza One
250 Pehle Avenue, Suite 401
Saddle Brook, NJ 07663
Telephone: 201/845-9600
201/845-9423 (fax)

BONNETT, FAIRBOURN, FRIEDMAN
  & BALINT, P.C.
H. SULLIVAN BUNCH
2325 E. Camelback Road, Suite 300
Phoenix, AZ  85016
Telephone:  602/274-1100
602/274-1199 (fax)

FOOTE, MIELKE, CHAVEZ
  & O'NEIL, LLC
ROBERT M. FOOTE
KATHLEEN C. CHAVEZ
10 West State Street, Suite 200
Geneva, IL  60134
Telephone:  630/232-7450
630/232-7452 (fax)

CAFFERTY CLOBES MERIWETHER
  & SPRENGEL LLP
ELLEN MERIWETHER
205 N. Monroe Street
Media, PA  19063
Telephone:  215/864-2800
215/864-2810 (fax)

Attorneys for Plaintiffs

DATED: April 15, 2025               SMITH, GAMBRELL & RUSSELL, LLP
THOMAS F. BUSH
PATRICK FRYE

_____

THOMAS F. BUSH

311 South Wacker Drive, Suite 3000
Chicago, Il  60606
Telephone: 312/360-6000
312/360-6520 (fax)

Counsel for Certain Underwriters at
Lloyds, London Organized as Syndicates
2791, 1003, 2003 and 2020

- 54 -

DATED: April 15, 2025

ROBINSON & COLE LLP
WYSTAN M. ACKERMAN
KEVIN P. DALY

_____
WYSTAN M. ACKERMAN

One State Street
Hartford, CT 06103
Telephone: 860/275-8200
860/275-8299

Counsel for Certain Underwriters at
Lloyds, London Organized as Syndicate
727

# EXHIBIT A

| RESPONSE DUE DATE<br>Postmarked or Submitted<br>Online By _____, 202[] | Syndicate Settlement<br>c/o A.B. Data, Ltd.<br>P.O. Box 17XXXX<br>Milwaukee, WI 53217 | FOR OFFICIAL<br>USE ONLY |
|---|---|---|

## SYNDICATE SETTLEMENT CLAIM FORM

If you are a Settlement Class Member as defined on page __ of the Notice of Proposed Partial Class Action Settlement, Settlement Hearing, and Right to Appear ("Notice") with respect to the purchase of insurance coverage from the Defendants described on page __ of the Notice where the coverage incepted or renewed during the period January 1, 1997, through [the Execution Date of the Agreement], you must complete the following form for each such insurance that you purchased or renewed and mail it to the address listed above in order to participate in the Settlement for such policies. You may also complete the form online at www.SyndicateSettlement.com. This claim form must be postmarked or submitted online or by email to info@SyndicateSettlement.com by _____, 202[].

**Claimant Information**

Contact Name

Contact Title

Company/Organization/Insuerd Name

Address

City

State

Zip Code

Phone Number/Extension

Email Address

**Policy Information**

| Name(s) of Lloyd's Syndicate(s) | Policy Number | Total Premium Paid ($000,000.00) | Date of Policy (MM/DD/YYYY) |
|---|---|---|---|
| | | | |
| Broker Name | | | |
| | | | |
| Broker Street Address | | | |
| | | | |

| Broker City | Broker State | Broker Zip Code | Broker Phone Number |
|---|---|---|---|
| | | | |

**I certify under the penalty of perjury that the information above is true and correct and that the submission of false information may subject me to civil and/or criminal penalties.**

_____    ___ ___ / ___ ___ / ___ ___
Signature                                              Date

_____    _____
Print Name                                             Title

| Name(s) of Lloyd's Syndicate(s) | | Policy Number | Total Premium Paid ($000,000.00) | Date of Policy (MM/DD/YYYY) |
|---|---|---|---|---|
| | | | | |
| Broker Name | | | | |
| | | | | |
| Broker Street Address | | | | |
| | | | | |
| Broker City | Broker State | Broker Zip Code | Broker Phone Number | |
| | | | | |

| Name(s) of Lloyd's Syndicate(s) | | Policy Number | Total Premium Paid ($000,000.00) | Date of Policy (MM/DD/YYYY) |
|---|---|---|---|---|
| | | | | |
| Broker Name | | | | |
| | | | | |
| Broker Street Address | | | | |
| | | | | |
| Broker City | Broker State | Broker Zip Code | Broker Phone Number | |
| | | | | |

| Name(s) of Lloyd's Syndicate(s) | | Policy Number | Total Premium Paid ($000,000.00) | Date of Policy (MM/DD/YYYY) |
|---|---|---|---|---|
| | | | | |
| Broker Name | | | | |
| | | | | |
| Broker Street Address | | | | |
| | | | | |
| Broker City | Broker State | Broker Zip Code | Broker Phone Number | |
| | | | | |

IF YOU NEED ADDITIONAL SPACE TO LIST YOUR TRANSACTIONS YOU MUST PHOTOCOPY THIS PAGE AND CHECK THIS BOX☐

4855-3656-8819.v1

# EXHIBIT B

COHN LIFLAND PEARLMAN
 HERRMANN & KNOPF LLP
MATTHEW F. GATELY
Park 80 West – Plaza One
250 Pehle Avenue, Suite 401
Saddle Brook, NJ  07663
Telephone:  201/845-9600
201/845-9423 (fax)

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

DISTRICT OF NEW JERSEY

| | |
|---|---|
| LINCOLN ADVENTURES, LLC, a Delaware Limited Liability Company, and MICHIGAN MULTI-KING, INC., a Michigan Corporation, on Behalf of Themselves and All Those Similarly Situated, <br><br>                 Plaintiffs, <br><br>      vs. <br><br> THOSE CERTAIN UNDERWRITERS AT LLOYD'S, LONDON MEMBERS OF SYNDICATES, et al. <br><br>                 Defendants. | No. 2:08-cv-00235-CCC-JSA <br><br> <u>CLASS ACTION</u> <br><br> FINAL ORDER APPROVING PARTIAL CLASS ACTION SETTLEMENT |

**WHEREAS**, all capitalized terms herein not otherwise defined below shall have the same meaning as ascribed to them in the Stipulation of Partial Class Action Settlement ("Settlement Agreement"); and

**WHEREAS**, on _____, 202[], the Court held a hearing to determine whether to preliminarily approve the Settlement and, among other things, preliminarily certify a Settlement Class for settlement purposes only and to authorize the issuance of notice to members thereof; and

**WHEREAS**, on _____, 202[], the Court entered the Preliminary Approval Order (ECF ___), which:

1.      Preliminarily approved the Settlement;

2.      Preliminarily certified a Settlement Class, defined in §3 below, in accordance with Federal Rule of Civil Procedure 23(b)(3) for settlement purposes only;

3.      Directed that the Claims Administrator provide notice to advise the members of the Settlement Class (the "Settlement Class Members") of: (i) the pendency of the Action; the Settlement Agreement; the Settlement; the Plan of Allocation; the application by Plaintiffs' Counsel for an Attorneys' Fee and Expense Award; (ii) their right to exclude themselves from the Settlement Class; and (iii) their right to appear at the Fairness Hearing; and

4.    Scheduled a hearing for _____, 202[], at which the Court would consider the fairness of the foregoing and any objections thereto; and

**WHEREAS**, the Court held a hearing on _____, 202[], at which the Court considered:

(a)    Whether the Settlement Class should be finally certified as a class for settlement purposes only;

(b)    Whether the Settlement should be approved as fair, reasonable, and adequate and the Action be dismissed with prejudice as to the Settling Defendants pursuant to the terms of the Settlement Agreement;

(c)    Whether the Notice Plan (Exhibits D, E, and H to the Settlement Agreement): (i) constituted the best practicable notice; (ii) constituted notice that is reasonably calculated, under the circumstances, to apprise Settlement Class Members of (1) the pendency of the Action, (2) the effect of the Settlement Agreement, including the release described in Appendix B attached hereto (the "Release"), (3) their right to object to the Settlement, the Plan of Allocation, and/or the application by Plaintiffs' Counsel for an Attorneys' Fee and Expense Award, (4) their right to exclude themselves from the Settlement Class, and (5) their right to appear at the Fairness Hearing; (iii) was reasonable and constituted due, adequate, and sufficient notice to persons entitled to notice; and (iv) met all applicable requirements of the Federal Rules of Civil Procedure, the United States Constitution

- 2 -

(including the Due Process Clause), the Rules of this Court, and any other applicable law;

(d)    Whether Plaintiffs and Plaintiffs' Counsel have adequately represented the Settlement Class for purposes of entering into and implementing the Settlement Agreement;

(e)    Whether Settlement Class Members, on behalf of themselves, their respective current, former or future, direct or indirect parents, subsidiaries, affiliates, directors, officers, principals, employees, agents, attorneys, executors, administrators, beneficiaries, predecessors, successors, heirs and assigns should be bound by the Release;

(f)    Whether Settlement Class Members, on behalf of themselves, their respective current, former or future, direct or indirect parents, subsidiaries, affiliates, directors, officers, principals, employees, agents, attorneys, executors, administrators, beneficiaries, predecessors, successors, heirs and assigns should be permanently barred, enjoined, and restrained from filing, commencing, prosecuting, continuing to prosecute, intervening in, participating in (as Settlement Class Members or otherwise), or receiving any benefits or other relief from any other action, arbitration, or other proceeding brought against any or all of the Released Defendants defined in §II.33 of the Settlement Agreement that is based upon, arises

4858-5900-5939.v1

out of or relates to any of the Released Claims defined in §II.32 of the Settlement

Agreement;

(g)     Whether a Bar Order as described in §XI.B.2 of the Settlement

Agreement should be entered that, among other things, provides that: (i) any and all

persons and entities are permanently barred, enjoined, and restrained from

commencing, prosecuting, continuing to prosecute or asserting any claim (including

any claim for indemnification, contribution, or attorneys' fees) against any of the

Released Defendants where the alleged injury to the barred person or entity is based

upon that person's or entity's alleged liability to the Settlement Class or any of the

Settlement Class Members; (ii) any and all Released Defendants are permanently

barred, enjoined, and restrained from commencing, prosecuting, continuing to

prosecute, or asserting any claim (including any claim for indemnification or

contribution) against a person barred by subdivision (i) above, where the Released

Defendant's alleged injury is based solely upon the Released Defendant's alleged

liability to the Settlement Class or any of the Settlement Class Members other than

with respect to claims related to coverage under Contracts of Insurance issued by

Released Defendants to Plaintiffs or any Settlement Class Members; and (iii) there

shall be a judgment-reduction credit reducing any judgment that the Settlement Class

or any of the Settlement Class Members might obtain against any barred person or

entity in connection with any of the Released Claims by the greater of the settlement

- 4 -

amount paid by the Settling Defendants or an amount that corresponds to the Settling Defendants' percentage of responsibility for the loss to the Settlement Class or any of the Settlement Class Members; and

(h)    Whether Plaintiffs' Counsel's application for an Attorneys' Fee and Expense Award should be approved.

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:

1.    **Incorporation of Settlement Agreement and Orders**.  This Order expressly incorporates by reference and makes a part hereof the Preliminary Approval Order and the Settlement Agreement (including all of the exhibits annexed thereto) that was filed with this Court on _____, 202[].  ECF ____.

2.    **Jurisdiction**.  The Court has personal jurisdiction over all Settlement Class Members and has subject matter jurisdiction over this Action, including, without limitation, jurisdiction to approve the Settlement Agreement, the Settlement, the Plan of Allocation, certification of the Settlement Class for settlement purposes, and to dismiss the Action with prejudice as to the Settling Defendants, ***provided***, ***however***, that such jurisdiction to enforce the Settlement Agreement, the Settlement, and this Order shall not constitute a basis for or give rise to personal jurisdiction over (a) any of the Settling Defendants (including their respective current, former, or future, direct and indirect parents, subsidiaries, and affiliates) whose corporate

4858-5900-5939.v1

headquarters, place of incorporation/organization or principal place of business is located outside the United States, to the extent such jurisdiction does not already exist, or (b) any of the Settling Defendants over which the Court does not otherwise have personal jurisdiction.

3.    **Final Settlement Class Certification**.  The Settlement Class, which is hereby finally certified for settlement purposes under Federal Rule of Civil Procedure 23(b)(3), consists of all persons and entities in the United States (including its territories) who, from January 1, 1997 through the Execution Date of the Settlement Agreement, purchased or renewed a Contract of Insurance with any Lloyd's Syndicates named as a Defendant in the Action.  Excluded from the Settlement Class are Released Defendants, Defendants formerly named as such in the Action, all Lloyd's syndicates, Opt-outs, and judges presiding over the Action and their immediate families.

4.    **Adequacy of Representation**.  Plaintiffs and Plaintiffs' Counsel have fully and adequately represented the Settlement Class for purposes of entering into and implementing the Settlement and have satisfied the requirements of Federal Rule of Civil Procedure 23(a)(4).

5.    **Fairness, Reasonableness & Adequacy of Settlement**.  The Settlement Agreement was entered into in good faith and is fully and finally approved as fair, reasonable, and adequate as to, and in the best interests of, each of

- 6 -

the Settling Parties and the Settlement Class Members, and in full compliance with all applicable requirements of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Rules of the Court, and any other applicable law. The Settling Parties and their respective counsel are hereby directed to implement and consummate the Settlement according to its terms and provisions.

6.    **Adequacy of Notice**. The Court finds that the methodology employed in disseminating the Notices and the Claim Form satisfies the directives set forth in the Preliminary Approval Order and that they were simply written and readily understandable. The Court further finds that the Notices and the dissemination of the Notices employed: (a) constituted the best practicable notice; (b) constituted notice that was reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Action, of the effect of the Settlement Agreement (including the Release set forth in Appendix B hereto and defined in §9, below), of their rights to object to the Settlement and to appear at the Fairness Hearing, and of their right to exclude themselves from the Settlement Class; (c) were reasonable and constituted due, adequate, and sufficient notice to persons entitled to notice; and (d) met all applicable requirements of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Rules of this Court, and any other applicable law.

- 7 -

7.    **Plan of Allocation**.  The Plan of Allocation, set forth in the Settlement Agreement at Exhibit F and the Long-form Notice, is approved as a fair and reasonable method to allocate the Settlement's proceeds among Settlement Class Members.  Co-Lead Counsel, through the Claims Administrator, are directed to implement and administer the Plan of Allocation in accordance with its terms and provisions.

8.    **Binding Effect**.    The terms of the Settlement Agreement, the Settlement, this Order, and all proceedings, other orders and judgments relating to the Settlement Agreement and the Settlement, shall be forever binding on Plaintiffs and all Settlement Class Members, on behalf of themselves, their respective parents, subsidiaries, affiliates, directors, officers, principals, employees, agents, attorneys, executors, administrators, beneficiaries, predecessors, successors, heirs, and assigns.

9.    **Release**.  The Settlement Class Members, on behalf of themselves and the Released Plaintiffs, are bound by the Release set forth in §XI of the Settlement Agreement and annexed as Appendix B to this Order (the "Release").

10.    **Permanent Injunction**.  All Settlement Class Members, along with their respective current, former or future, direct and indirect parents, subsidiaries, affiliates, directors, officers, principals, employees, agents, attorneys, executors, administrators, beneficiaries, predecessors, successors, heirs and assigns, are permanently enjoined from filing, commencing, prosecuting, continuing to

- 8 -

prosecute, intervening in, participating in (as Settlement Class Members or otherwise) or receiving any benefits or other relief from any other action, arbitration or administrative, regulatory or other proceeding against any one or more of the Released Defendants that is based upon, arises out of or relates in any way to any of the Released Claims. All persons or entities are permanently enjoined from filing, commencing, prosecuting or continuing to prosecute any other putative class action against any or all Released Defendants on behalf of any of the Settlement Class Members if such action is based upon, arises out of or relates in any way to any of the Released Claims. The Court finds that issuance of this permanent injunction is necessary and appropriate in aid of the Court's jurisdiction over this Action and the Settlement.

11. **Bar Order**.

(a)    (i) Any and all persons and entities are permanently barred, enjoined, and restrained from commencing, prosecuting, continuing to prosecute or asserting any claim (including any claim for indemnification, contribution, or attorneys' fees) against any of the Released Defendants where the alleged injury to the barred person or entity is based upon that person's or entity's alleged liability to the Settlement Class or any of the Settlement Class Members; (ii) any and all Released Defendants are permanently barred, enjoined, and restrained from commencing, prosecuting, continuing to prosecute, or asserting any claim (including

4858-5900-5939.v1

any claim for indemnification or contribution) against a person barred by subdivision (a)(i) of this paragraph where the Released Defendant's alleged injury is based solely upon the Released Defendant's alleged liability to the Settlement Class or any of the Settlement Class Members other than with respect to claims related to coverage under Contracts of Insurance issued by Released Defendants to Plaintiffs or any Settlement Class Members; and (iii) there shall be a judgment-reduction credit reducing any judgment that the Settlement Class or any of the Settlement Class Members might obtain against any barred person or entity in connection with any of the Released Claims by the greater of the settlement amount paid by the Settling Defendants or an amount that corresponds to the Settling Defendants' percentage of responsibility for the loss to the Settlement Class or any of the Settlement Class Members.

(b)    Notwithstanding paragraph (a), above, or anything else in the Settlement Agreement, this Order, or the Judgment, nothing shall release, interfere with, limit, or bar the assertion by any Released Defendant of any claim for insurance coverage under any insurance or indemnity policy that provides coverage in connection with the matters at issue or which could have been at issue in the Action.

12.    **Administrative Expenses**.    The Preliminary Approval Order authorized the Settling Parties to retain A.B. Data, Ltd. as the Claims Administrator

4858-5900-5939.v1

whose fees and expenses associated with the implementation and administration of the Settlement are to be paid solely from the Settlement Fund.

13. **Attorneys' Fee and Expense Award**. Plaintiffs' Counsel are hereby awarded attorneys' fees of $_____ and expenses in the amount of $_____, which amounts shall be paid in their entirety from the Settlement Fund, in accordance with the terms of the Settlement Agreement. The Attorneys' Fee and Expense Award shall constitute the sole aggregate compensation for all Plaintiffs' Counsel with respect to the Settlement and all claims against the Settling Defendants. This §13 covers, without limitation, any and all claims for attorneys' fees and expenses, costs or disbursements incurred by Co-Lead Counsel, Plaintiffs' Counsel, or any other counsel of record representing Plaintiffs or Settlement Class Members in this Action, or incurred by Plaintiffs or Settlement Class Members, or any of them, in connection with or related in any manner to this Action, the Settlement, the administration of the Settlement, and/or the Released Claims, except to the extent otherwise specified in this Order or the Settlement Agreement.

14. **No Admissions**. Neither this Order, the Settlement Agreement, the negotiations leading to the execution of the Settlement Agreement, other documents referred to in this Order, nor any action undertaken to implement this Order is, may be construed as, may be offered as, may be received as, may be used as, or may be deemed to be evidence of any kind in this Action, any other action, or any other

- 11 -

judicial, administrative, regulatory or other proceeding of any liability or wrongdoing whatsoever on the part of any person or entity, including, but not limited to, the Settling Defendants, or as a waiver by the Settling Defendants of any applicable defense. The Settling Parties' execution and/or implementation of the Settlement Agreement and the Settlement, and any negotiations or proceedings related thereto, shall not under any circumstances be construed as, offered as, received as, used as or deemed to be evidence of, an admission or concession by the Settling Defendants of any of Plaintiffs' claims and shall not be offered or received in evidence in this Action, any other action, or any other judicial, administrative, regulatory or other proceeding for any purpose whatsoever, except as evidence of the Settlement or to enforce the provisions of this Order and the Settlement Agreement. Notwithstanding the foregoing or anything else herein, this Order, as well as the Settlement Agreement, may be filed in any action in support of any defense asserted by any of the Settling Defendants or other Released Defendants based upon *res judicata*, collateral estoppel, release, waiver, good-faith settlement, judgment bar or reduction, full faith and credit, or any other theory of claim preclusion, issue preclusion, or similar defense or counterclaim.

15. **Enforcement of the Settlement Agreement**. Nothing in this Order shall preclude any action by any of the Settling Parties to enforce the terms of the Settlement Agreement.

4858-5900-5939.v1

16.      **Modification of the Settlement Agreement**.  The Settling Parties are hereby authorized, without further approval from the Court, to agree to and adopt such amendments, modifications, and expansions of the Settlement Agreement, as necessary, provided that such amendments, modifications, and expansions are not materially inconsistent with this Order and the accompanying Judgment, and do not materially limit the rights of Settlement Class Members under the Settlement Agreement.  A decision by Plaintiffs to modify the Plan of Allocation shall not be deemed to be a change that materially limits the rights of Settlement Class Members under the Settlement Agreement to the extent such modification involves an amount equal to or less than ten percent (10%) of the Net Settlement Fund, provided that any change to the Plan of Allocation that precludes one or more Settlement Class Members from receiving an Award that otherwise would have been received requires the Settling Defendants' approval.

17.      **Retention of Jurisdiction by the Court**.  The Court has jurisdiction to enter this Order.  Without in any way affecting the finality of this Order or the accompanying Judgment, this Court expressly retains exclusive and continuing jurisdiction as to all matters relating to the administration, consummation, enforcement, and interpretation of the Settlement Agreement, the Settlement, and this Order, and for any other necessary purposes, including, without limitation:

4858-5900-5939.v1

(a)    Enforcing the terms and conditions of the Settlement Agreement and the Settlement, and resolving any disputes, claims, or causes of action that, in whole or in part, are related to or arise out of the Settlement Agreement or this Order or the accompanying Judgment (including, without limitation, the issue of whether a person or entity is or is not a member of the Settlement Class, and whether claims or causes of action allegedly related to this Action are or are not barred by this Order, the accompanying Judgment, and/or the Release);

(b)    Entering such additional orders as may be necessary or appropriate to protect or effectuate this Order and the Judgment, dismiss all claims against the Settling Defendants with prejudice, and permanently enjoin Settlement Class Members from initiating or pursuing related proceedings, or to ensure the fair and orderly administration of the Settlement; and

(c)    Entering any other necessary or appropriate orders to protect and effectuate this Court's retention of continuing jurisdiction; *provided*, *however*, that nothing herein is intended to restrict the ability of the Settling Parties to exercise their rights under §16, above.

(d)    Any Settlement Class Member who wishes to appeal this Order and/or the Judgment (if such appeal will delay the distribution of Awards to the Settlement Class) shall post a bond with this Court in an amount to be determined by the Court as a condition of prosecuting such appeal.

Nothing in this Section or in any other provision of this Order shall constitute a basis for nor give rise to personal jurisdiction over: (i) any of the Settling Defendants (including their respective current, former or future, direct and indirect

parents, subsidiaries, and affiliates) whose corporate headquarters, place of incorporation/organization or principal place of business is located outside the United States, to the extent such jurisdiction does not already exist; or (ii) any of the Settling Defendants over which the Court does not otherwise have personal jurisdiction.

18.    **Dismissal with Prejudice of the Lawsuit**.  This Action is hereby dismissed with prejudice in its entirety against the Settling Defendants, without fees or costs to any of the Settling Parties, except as otherwise provided in this Order.

19.    **Entry of Judgment**.  Because it is in the best interests of the Settlement Class Members that the Settlement proceeds be disbursed as soon as possible, and because the Settlement resolves all claims as to the Settling Defendants, the Court expressly directs that, pursuant to Federal Rule of Civil Procedure 54(b), the accompanying Judgment be entered as to less than all parties and all claims in the Action.

DATED: _____    _____
                                                              THE HONORABLE CLAIRE C. CECCHI
                                                              UNITED STATES DISTRICT JUDGE

- 15 -

# APPENDIX A

## SETTLING DEFENDANTS

Syndicate 727

Syndicate 2791

Syndicate 1003

Syndicate 2003

Syndicate 2020

4858-5900-5939.v1

# APPENDIX B

# RELEASED CLAIMS

1.      Upon the Effective Date, the Settlement Agreement shall be the sole and exclusive remedy for any and all Released Claims, including Unknown Claims, of all Releasing Plaintiffs against all Released Defendants and the sole and exclusive remedy for Releasing Defendants' Claims related to the initiation, prosecution, conduct, and settlement of the Action against all Released Plaintiffs.  No Released Defendant shall be subject to liability of any kind to any Releasing Plaintiff with respect to any Released Claim, and no Released Plaintiff shall be subject to liability of any kind to any Releasing Defendant with respect to any Claims related to the initiation, prosecution, conduct, and settlement of the Action.  Upon the Effective Date, each and every Releasing Plaintiff shall be permanently barred and enjoined from initiating, asserting, and/or prosecuting any Released Claim, including any Unknown Claim, against any Released Defendant in any court or any forum.  Upon the Effective Date, each and every Releasing Defendant shall be permanently barred and enjoined from initiating, asserting, and/or prosecuting any Claim, including any Unknown Claim, related to the initiation, prosecution, conduct, and settlement of the Action against any Released Plaintiff in any court or any forum.

2.      On the Effective Date, the Releasing Plaintiffs release and covenant not to sue on any and all Released Claims against the Released Defendants, including

4858-5900-5939.v1

Settling Defendants' Counsel. Each of the Releasing Plaintiffs shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged each Released Defendant, including Settling Defendants' Counsel, from all Claims (including Unknown Claims) arising out of, relating to, or in connection with the Released Claims or the Action. Releasing Plaintiffs by virtue of the Notices, have been informed of §1542 of the California Civil Code and expressly waive and relinquish any rights or benefits available to them under this statute and any and all similar provisions, rights, and benefits conferred by any law of any state or territory of the United States or principle of common law that is similar, comparable, or equivalent to §1542 of the California Civil Code.

3.    On the Effective Date, each of the Releasing Defendants shall release all Claims related to the initiation, prosecution, conduct, and settlement of the Action against the Released Plaintiffs, including Plaintiffs' Counsel. Each of the Releasing Defendants shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged Released Plaintiffs, including Plaintiffs' Counsel, from all Claims (including Unknown Claims) arising out of, relating to, or in connection with the initiation, prosecution, conduct, and settlement of the Action. Releasing Defendants acknowledge that they have been informed by Settling Defendants' Counsel of §1542 of the California Civil Code and

- B-2 -

expressly waive and relinquish any rights or benefits available to them under this statute and any and all similar provisions, rights, and benefits conferred by any law of any state or territory of the United States or principle of common law that is similar, comparable, or equivalent to §1542 of the California Civil Code.

4.      In exchange for full payment of each Settling Defendant's share of the Settlement Amount and the mutual releases set forth in the Settlement Agreement, Plaintiffs agree to dismiss with prejudice the Settling Defendants who paid their share of the Settlement Amount from the Action upon the Effective Date.  If for any reason the Court in the Final Approval Order does not dismiss the Action with prejudice as to the Settling Defendants that paid their share of the Settlement Amount, Plaintiffs agree to use best efforts to obtain such dismissal with prejudice pursuant to Rule 41(a)(1)(A)(ii) or Rule 41(a)(2) of the Federal Rules of Civil Procedure.

5.      Notwithstanding the above, nothing in the Final Approval Order or Judgment shall bar any action or claim by the Releasing Plaintiffs or Releasing Defendants to enforce the terms of the Settlement Agreement or the Judgment.

- B-3 -

# EXHIBIT C

COHN LIFLAND PEARLMAN
  HERRMANN & KNOPF LLP
MATTHEW F. GATELY
Park 80 West – Plaza One
250 Pehle Avenue, Suite 401
Saddle Brook, NJ  07663
Telephone:  201/845-9600
201/845-9423 (fax)

Attorneys for Plaintiffs

### UNITED STATES DISTRICT COURT

### DISTRICT OF NEW JERSEY

| | |
|---|---|
| LINCOLN ADVENTURES, LLC, a Delaware Limited Liability Company, and MICHIGAN MULTI-KING, INC., a Michigan Corporation, on Behalf of Themselves and All Those Similarly Situated,<br><br>                                   Plaintiffs,<br><br>          vs.<br><br>THOSE CERTAIN UNDERWRITERS AT LLOYD'S, LONDON MEMBERS OF SYNDICATES, et al.<br><br>                                   Defendants. | No. 2:08-cv-00235-CCC-JSA<br><br>CLASS ACTION<br><br>[PROPOSED] JUDGMENT PURSUANT TO FED. R. CIV. P. 54(b) |

4855-2726-2707.v1

Pursuant to Rule 54(b) of the Federal Rules of Civil Procedure and consistent with the terms of this Court's Final Order Approving Partial Class Action Settlement of this date (the "**Final Approval Order**"), judgment is hereby entered as follows:

1.    **Defined Terms**.  Unless otherwise noted, capitalized terms herein shall have the same meaning accorded them in the Final Approval Order and the Stipulation of Partial Class Action Settlement ("Agreement") referenced therein.

2.    **Entry of Judgment**.  Because it is in the best interests of the Settlement Class Members that the Settlement proceeds be disbursed as soon as possible, and because the Settlement resolves all claims as to the Settling Defendants, the Court expressly directs that, pursuant to Federal Rule of Civil Procedure 54(b), there is no just reason for delay and judgment as provided herein be entered as to less than all parties and all claims in the Action.

**3.**    **Dismissal of Claims**.  All claims against the Settling Defendants in this Action are dismissed with prejudice according to the terms of the Agreement and the Final Approval Order, without fees or costs to any of the Settling Parties, except as otherwise provided in the Final Approval Order.

4.    **Permanent Injunction**.  All Settlement Class Members, along with their respective current, former or future, direct and indirect parents, subsidiaries, affiliates, directors, officers, principals, employees, agents, attorneys, executors, administrators, beneficiaries, predecessors, successors, heirs and assigns, are

- 1 -

permanently enjoined from filing, commencing, prosecuting, continuing to prosecute, intervening in, participating in (as Settlement Class Members or otherwise) or receiving any benefits or other relief from any other action, arbitration or administrative, regulatory or other proceeding against any one or more of the Released Defendants that is based upon, arises out of or relates in any way to any of the Released Claims. All persons or entities are permanently enjoined from filing, commencing, prosecuting, or continuing to prosecute any other putative class action against any or all Released Defendants on behalf of any of the Settlement Class Members if such action is based upon, arises out of, or relates in any way to any of the Released Claims.

5.     **Bar Order.**  In accordance with the Final Approval Order:

(a)     (i) Any and all persons and entities are permanently barred, enjoined, and restrained from commencing, prosecuting, continuing to prosecute or asserting any claim (including any claim for indemnification, contribution, or attorneys' fees) against any of the Released Defendants where the alleged injury to the barred person or entity is based upon that person's or entity's alleged liability to the Settlement Class or any of the Settlement Class Members; (ii) any and all Released Defendants are permanently barred, enjoined, and restrained from commencing, prosecuting, continuing to prosecute, or asserting any claim (including any claim for indemnification or contribution) against a person barred by subdivision

(a)(i) of this paragraph where the Released Defendant's alleged injury is based solely upon the Released Defendant's alleged liability to the Settlement Class or any of the Settlement Class Members other than with respect to claims related to coverage under Contracts of Insurance issued by Released Defendants to Plaintiffs or any Settlement Class Members; and (iii) there shall be a judgment-reduction credit reducing any judgment that the Settlement Class or any of the Settlement Class Members might obtain against any barred person or entity in connection with any of the Released Claims by the greater of the settlement amount paid by the Settling Defendants or an amount that corresponds to the Settling Defendants' percentage of responsibility for the loss to the Settlement Class or any of the Settlement Class Members.

(b)     Notwithstanding paragraph (a), above, or anything else in the Agreement or the Final Approval Order, nothing shall release, interfere with, limit, or bar the assertion by any Released Defendant of any claim for insurance coverage under any insurance or indemnity policy that provides coverage in connection with the matters at issue or which could have been at issue in the Action.

6.     **Retention of Jurisdiction by the Court**.  Without in any way affecting the finality of the Final Approval Order or this Judgment, this Court expressly retains exclusive and continuing jurisdiction as to all matters relating to the administration, consummation, enforcement, and interpretation of the Agreement, the Settlement,

the Final Approval Order, and the Order on the Fee Motion for any other necessary purposes. Nothing herein shall constitute a basis for nor give rise to personal jurisdiction over (i) any of the Settling Defendants (including their respective current, former, or future, direct and indirect parents, subsidiaries, and affiliates) whose corporate headquarters, place of incorporation/organization or principal place of business is located outside the United States, to the extent such jurisdiction does not already exist; or (ii) any of the Settling Defendants over which the Court does not otherwise have personal jurisdiction. Any Settlement Class Member who wishes to appeal this Judgment (if such appeal will delay the distribution of Awards to the Settlement Class) shall post a bond with this Court in an amount to be determined by the Court as a condition of prosecuting such appeal.

7.    **Rule 11 Findings**. The Court finds that during the course of the Action, the Settling Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.


DATED: _____          _____
                                 THE HONORABLE CLAIRE C. CECCHI
                                 UNITED STATES DISTRICT JUDGE

4855-2726-2707.v1

# EXHIBIT D

**NOTICE OF PROPOSED PARTIAL CLASS ACTION SETTLEMENT, SETTLEMENT HEARING, AND RIGHT TO APPEAR IN A CLASS ACTION LAWSUIT PENDING IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY, KNOWN AS *LINCOLN ADVENTURES, LLC, ET AL. VS. THOSE CERTAIN UNDERWRITERS AT LLOYD'S, ET AL.*, CASE NO. 2:08-CV-00235-CCC-JSA (D.N.J.) (THE "LAWSUIT")**

**THIS NOTICE IS AUTHORIZED BY THE U.S. DISTRICT COURT, DISTRICT OF NEW JERSEY (THE "COURT").**

IF YOU PURCHASED INSURANCE THROUGH CERTAIN SYNDICATES AT LLOYD'S, LONDON DURING THE PERIOD **JANUARY 1, 1997, THROUGH [THE EXECUTION DATE OF THE AGREEMENT],** YOU COULD GET MONEY FROM A PARTIAL CLASS ACTION SETTLEMENT WHICH MAY AFFECT YOUR RIGHTS.

**This Notice is not an opinion by the Court as to the merits of any of the claims or defenses in this class action lawsuit. This is not a solicitation from a lawyer.**

IF YOU HAVE ANY QUESTIONS,
PLEASE CALL THE CLAIMS ADMINISTRATOR TOLL FREE AT _____ OR VISIT THE WEBSITE DEDICATED TO THE SETTLEMENT AT WWW.SYNDICATESETTLEMENT.COM.

| Summary of Your Legal Rights and Options in This Settlement | |
| --- | --- |
| **Submit a Claim Form by _____, 202[]** | **The only way to be eligible to receive money from this Settlement is to complete, sign, and return a Claim Form as more fully described in Section I.H., below.** |
| **Request Exclusion from the Settlement by _____, 202[]** | **The only way to bring a separate case, at your own expense, against any of the Settling Defendants for claims arising out of the facts alleged in this Lawsuit is to request exclusion as more fully described in Section V.A., below.** |
| **Object to the Settlement by _____, 202[]** | **If you do not agree with any part of this Settlement, the Plan of Allocation, or the application for attorneys' fees and expenses, you may file an objection on or before _____, 202[], and ask to speak to the Court at the Fairness Hearing as more fully described in Section V.C., below.** |
| **Do Nothing** | **Receive no payment. Lose rights.** |

# I.    BASIC INFORMATION

## A.    What is this Notice?

This Notice concerns a proposed partial settlement of a class action lawsuit with certain, but not all, of the Lloyd's Syndicates who are Defendants in the Lawsuit that sold insurance to policyholders in the United States (the "Settlement").

The Court has preliminarily approved the Settlement.  If you are a member of the Settlement Class (defined below in Section I.B.), you have legal rights and options that you may exercise before the Court considers whether it will grant final approval to the Settlement at the Fairness Hearing (described below in Section I.E.).  At the Fairness Hearing, the Court will decide whether the Settlement is fair, reasonable, and provides adequate compensation and benefits to the members of the Settlement Class.

The Honorable Claire C. Cecchi of the United States District Court for the District of New Jersey is overseeing this Lawsuit.

## B.    Whom does the Settlement affect?

The Settlement affects members of the Settlement Class, hereafter referred to as the "Class" or "Class Members." The Class is, with certain limited exceptions, all persons and entities in the United States (including its territories) who, during the period **January 1, 1997, through [the Execution Date of the Agreement]**, purchased or renewed a contract of insurance with any Lloyd's Syndicates named as a defendant in the Lawsuit ("Defendants"). A contract of insurance is an insurance policy, not reinsurance.

The Settling Defendants are those Certain Underwriters at Lloyd's, London who are members of Syndicates 727, 2791, 1003, 2003 and 2020.

## C.    What does the Settlement provide?

The Settling Defendants, listed below in Section II.C., have agreed to make a payment to settle the claims against them.  The total amount of these payments is $3,570,000 (the "Settlement Amount").  After deduction of fees and expenses related to providing notice to the Class, taxes and tax expenses, and the award of Court-approved attorneys' fees and litigation expenses for counsel for the Class, the remaining money will be distributed to Class Members as provided in the Plan of Allocation, attached to this Notice as Addendum A.

## D.    Who will receive a payment?

Only Class Members who timely submit a Claim Form, which is attached to this Notice as Addendum B and available at www.SyndicateSettlement.com, and who are entitled to payment under the Plan of Allocation, will receive a payment.  Payments will be calculated and made based on the premium paid for policies (from publicly available information and information provided by you in the Claim Form).  If you are not sure whether you are a Class Member, you can get help at www.SyndicateSettlement.com or by calling toll free at _____.

## E.    What are my legal rights?

If you do not want to be bound by the Settlement, you must exclude yourself in writing from the Class.  The deadline for submitting a request for exclusion is ____, 202[].  The steps you must follow to exclude yourself are described in Section V.A. below.  If you do not exclude yourself, but instead stay in the Class, you may object or comment on the Settlement, the Plan of Allocation, or the application for attorneys' fees and expenses by_____, 202[].

The Court will hold a Fairness Hearing to determine whether to approve the Settlement, the Plan of Allocation, or the application for attorneys' fees and expenses on _____, 202[] at ___a.m./p.m., in Courtroom 5B of the Martin Luther King Building & U.S. Courthouse, located at 50 Walnut Street, Newark, New Jersey 07101. If the Court approves the Settlement: (1) the Settling Defendants will be dismissed from the Lawsuit; and (2) any Class Member that has not properly excluded herself, himself, or itself from the Class will be deemed to have released the Settling Defendants from all claims related to the Lawsuit and will not be able to sue the Settling Defendants for any of the conduct that was the subject of the Lawsuit.

### F.    What claims am I releasing?

**The Release as to the Settling Defendants provides:**

The Releasing Plaintiffs release and covenant not to sue on each and every Claim, arising or accruing in the period from January 1, 1997 through the Execution Date of the Agreement, including, any Unknown Claim, that was advanced or could have been advanced in the Action, including, but not limited to: (a) claims relating to broker compensation, so-called "contingent commissions," commissions paid on lineslips, binding authorities or open market placements, alleged overriders, alleged steering, and alleged bid-rigging arising from or related to the purchase or renewal of any insurance policy; (b) claims relating to the structure and subscription nature of the Lloyd's market and the Society of Lloyd's and its Franchise Performance Directorate and any successor, and the Lloyd's Market Association and its predecessors, including, but not limited to, Federal and State RICO, civil conspiracy, unjust enrichment, anti-trust, fraud, unfair business practices, and consumer protection claims; (c) claims relating to anti-competitive conduct in the Lloyd's market; and (d) the conduct and settlement of the Action (the "Released Claims"). Each of the Releasing Plaintiffs shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged each Released Defendant, including Settling Defendants' Counsel, from all Claims (including Unknown Claims) arising out of, relating to, or in connection with the Released Claims or the Action. Releasing Plaintiffs by virtue of the Notices, have been informed of Section 1542 of the California Civil Code and expressly waive and relinquish any rights or benefits available to them under this statute and any and all similar provisions, rights, and benefits conferred by any law of any state or territory of the United States or principle of common law that is similar, comparable, or equivalent to Section 1542 of the California Civil Code.

**The Release as to the Plaintiffs, the Class, and their Counsel provides:**

The Releasing Defendants shall release any claims they may have against the Releasing Plaintiffs related to the initiation, prosecution, conduct, and settlement of the Action, provided, however, that (a) "Released Claims" shall not include Releasing Plaintiffs' Claims or Unknown Claims for, or Released Defendants' defenses to, coverage under Contracts of Insurance issued to a Settlement Class Member (including either Plaintiff) or Releasing Plaintiff by a Released Defendant; and (b) Releasing Plaintiffs and Releasing Defendants will retain the right to enforce the Stipulation of Partial Class Action Settlement ("Settlement Agreement") and Exhibits, Preliminary and Final Approval Orders, Judgment, and other orders or judgments issued by the Court relating to Notice or the Settlement.

**G.    How will Class Counsel be paid?**

Class Counsel will request to be awarded attorneys' fees in an amount not to exceed one-third of the Settlement Amount and partial payment of their outstanding litigation expenses of no more than $200,000 both of which will be paid out of the Settlement Fund.

**H.    How do I make a claim?**

You may use the attached Claim Form or get one online at www.SyndicateSettlement.com. Once you complete the Claim Form, mail it to the Claims Administrator at _____ or submit it online at www.SyndicateSettlement.com or by email to _____. **The deadline to submit a Claim Form is _____, 202[].** It is your responsibility to provide truthful and accurate information, and to update any information, including contact and address information to the Claims Administrator, when appropriate.

If you send a Claim Form by mail, it is deemed submitted when posted, provided that the envelope: (a) shows that first-class postage was affixed or prepaid; and (b) bears a postmark or postage meter with a date no later than the deadline. If sent by private or commercial carrier (e.g. FedEx, UPS, etc.), a Claim Form shall be deemed submitted on the shipping date reflected on the shipping label. If submitted electronically, a Claim Form shall be deemed submitted when uploaded to www.SyndicateSettlement.com or sent by email to _____. The Claims Administrator or Class Counsel, in their discretion may, accept late Claim Forms.

All Claim Forms will be subject to anti-fraud procedures, and random or selective audit. The Claims Administrator may require Class Members filing claims ("Claimants") to provide supporting documentation and/or additional information as appropriate in connection with: (i) the initial submission of a Claim Form based on information provided by the Claimant; (ii) a request to aggregate claims; or (iii) an audit.

If it is ultimately determined by the Claims Administrator that the foregoing process is not administratively practicable, then, following consultation among the Plaintiffs and the Settling Defendants (the "Settling Parties") and approval by the Court, amendments to the process may be made. Any such amendments will be posted on www.SyndicateSettlement.com.

**I.    Privacy Notice**

Certain of the Settling Defendants (defined below at Section II.C) may as insurer act as data controller of your personal data. For each Settling Defendant, further information regarding its privacy policy may be found in the relevant Settling Defendant's privacy terms on its website.

**II.    HISTORY OF THE LAWSUIT AND THE SETTLEMENT**

**A.    What is this Lawsuit about?**

On July 13, 2007, the Lawsuit was filed in the United States District Court for the Southern District of Florida. In December 2007, the Lawsuit was transferred to the Court.

Plaintiffs assert causes of action against the Defendants for violation of the Racketeer Influenced and Corrupt Organizations Act, civil conspiracy, and unjust enrichment based on allegations that Defendants engaged in a deceptive scheme to conceal an alleged lack of competition in the Lloyd's Market. The Settling Defendants deny the allegations made against them.

**B.    What is the status of this Lawsuit?**

The Court stayed the Lawsuit for approximately five years until 2012.  Since that time, millions of pages of documents were produced and dozens of depositions were taken.  Numerous motions relating to the merits of the Lawsuit and discovery disputes have been filed.  On February 12, 2016, the Plaintiffs filed the current complaint. Defendants moved to dismiss the complaint, and the Court in August 2017 denied the motion.  After this decision, the parties engaged in mediation, which resulted in a settlement with some, but not all, of the Defendants.

The case continued against the remaining Defendants and settlements have been reached with all but one remaining Defendant.

While the case is still currently pending before the Court, in order to avoid the uncertainty of continuing the litigation, the Settling Parties have agreed to settle the Lawsuit.  That way, they avoid the cost of further litigation, and Class Members will get the benefits of the Settlement.  Class Counsel believe the Settlement is best for all Class Members.

The Court preliminarily certified the Class in its Order dated _____.  Excluded from the Class are Released Defendants, Defendants formerly named as such in the Action, all Lloyd's syndicates, persons or entities that request exclusion from the Class (Opt-outs), and the judges presiding over the case and their immediate families.  Released Defendants and the Release are described above and are further described in the Settlement Agreement, which may be found at www.SyndicateSettlement.com.

Plaintiffs' motion for certification of a plaintiff class for litigation purposes has not been decided as of the time the Settlement Agreement was signed.  In connection with this Settlement, Plaintiffs have requested that the Court certify a plaintiff class for settlement purposes only.

**C.    Who are the Settling Defendants?**

Not all of the Defendants have settled, and the case will continue against those that have not settled.  The Settling Defendants consist of the following Lloyd's Syndicates:  Nos. 727, 1003, 2003, 2020, and 2791.  The Lloyd's Syndicate who is a Defendant in the case but who has not settled is Syndicate 2488 (the "Non-Settling Defendant").

**D.    Will your participation in the Settlement affect your ability to obtain relief from the Non-Settling Defendant in the action?**

Your participation in the Settlement will not affect your ability to obtain relief from the Non-Settling Defendant. Accordingly, if a judgment is entered against the Non-Settling Defendant, resulting in a damages award, you will be able to participate in that award even if you participate in the Settlement (as long as you fall within any class that the Court might certify in connection with that judgment).  Similarly, if Plaintiffs reach a settlement with the Non-Settling Defendant, you will be able to participate in that settlement if you participate in this Settlement (as long as you are within any class certified in connection with that other settlement).

**E.    Will Class Members have to give up anything to participate in the Settlement?**

Yes.  If the Settlement is approved, and no longer subject to an appeal, Class Members will release all claims that have been raised or that could have been raised in the Lawsuit against all of the persons and entities as set forth in the Release and the Lawsuit will be dismissed with prejudice as to the Settling Defendants.  The effect of the Release is discussed below in Section IV.

III.    **SETTLEMENT BENEFITS**

A.    **Cash Benefits**

1.    **What benefits will be provided under the Settlement Agreement?**

The Settlement Amount of $3,570,000 will be maintained in an interest-bearing account. The Settlement Amount plus interest, is referred to as the Settlement Fund. The Settlement Fund, less certain Court-approved fees and expenses (the "Net Settlement Fund"), will be distributed to those Class Members that timely submit a valid Claim Form.

2.    **Will the Settlement have tax consequences for you?**

If you receive a payment under the Settlement, there might be resulting tax consequences. Those tax consequences might vary, depending upon individual circumstances. Neither Plaintiffs nor the Settling Defendants can advise you about any tax consequences that might arise from your receipt of monetary settlement relief. You may wish to consult a tax advisor to determine whether any potential federal, state, local, foreign, or other tax consequences to you will arise from receipt of settlement relief in this Lawsuit.

IV.    **WHAT WILL BE THE LEGAL EFFECT OF THE SETTLEMENT IF IT IS APPROVED BY THE COURT?**

If the Court approves the Settlement, the Settling Parties will seek the entry of a Final Order Approving Partial Class Action Settlement ("Final Approval Order") and a Judgment. These documents, which are available at www.SyndicateSettlement.com, will, among other things:

1.    Approve and adopt the terms of the Settlement Agreement.

2.    Find that the Settlement is fair, reasonable, and adequate.

3.    Finally certify a class for settlement purposes only.

4.    Dismiss the Lawsuit with prejudice as to the Settling Defendants, meaning that no Class Members will be able to file another lawsuit or proceeding against any of the persons and entities released in accordance with the Release based upon the claims that have been raised or that could have been raised in the Lawsuit.

5.    Incorporate the Release as part of the Final Approval Order and the Judgment.

6.    Permanently bar Class Members from filing or participating in any lawsuit or other legal action against any of the Released Defendants arising out of or relating in any way to the claims that have been raised or that could have been raised in this Lawsuit.

7.    Enter a Bar Order, the complete text of which is set forth in the Settlement Agreement, available at www.SyndicateSettlement.com, which provides that:

(i)    any and all persons and entities are permanently barred, enjoined, and restrained from commencing, prosecuting, continuing to prosecute or asserting any claim (including any claim for indemnification, contribution, or attorneys' fees) against any of the Released Defendants where the alleged injury to the barred person or entity is based upon that person's or entity's alleged liability to the Class or any of the Class Members;

(ii)    any and all Released Defendants are permanently barred, enjoined, and restrained from commencing, prosecuting, continuing to prosecute, or asserting any claim (including any claim for indemnification or contribution) against a person barred by subdivision (i) above, where the Released Defendant's alleged injury is based solely upon the Released Defendant's alleged liability to the Class or any of the Class Members other than with respect to claims related to coverage under policies issued by Released Defendants to Plaintiffs or any Class Members; and

(iii)    there shall be a judgment-reduction credit reducing any judgment that the Class or any of the Class Members might obtain against a barred person or entity in connection with any of the Released Claims by the greater of the settlement amount paid by the Settling Defendants or an amount that corresponds to the Settling Defendants' percentage of responsibility for the loss to the Class or any of the Class Members.

8.    Set forth the amount of attorneys' fees and expenses to Class Counsel, to the extent they are awarded by the Court.

9.    Retain jurisdiction over all matters relating to the administration, enforcement, and interpretation of the Settlement.

### B.    Can a Settling Party terminate the Settlement or change its terms?

If Class Members representing 5% of the overall number of Class Members mailed the Summary Notice by the Claims Administrator, request exclusion from the Settlement, or certain other events identified in the Settlement Agreement occur, then some or all of the Settling Defendants shall have the option to terminate the Settlement Agreement as to themselves and withdraw from the Settlement.

If the Settlement Agreement is terminated, each of the Plaintiffs, Class Members, and the Settling Defendants will be in the same position as he, she, or it was in before the Settlement Agreement was executed; the Settlement Agreement will have no legal effect; and Plaintiffs and the Settling Defendants will continue to litigate the case in the Court.

If the Settlement Agreement is terminated, you will not receive any benefits under the Settlement.

If the Settlement is approved, the Settling Parties will not be able to change the terms of the Settlement Agreement without further Court approval unless: (a) the Settling Parties all agree in writing to do so; (b) the change is not materially inconsistent with the Final Approval Order and the Judgment entered by the Court; and (c) the change does not materially affect the rights of Class Members under the Settlement Agreement.

## V.    LEGAL RIGHTS AND OPTIONS

### A.    What are your options as to the Settlement?

If you are a member of the Class, you may either: (a) participate in the Settlement by submitting a Claim Form (in which case you may receive benefits under the Settlement in accordance with the Plan of Allocation, if approved, and will be bound by the Release); (b) request exclusion from the Class (in which case you will receive no benefits under the Settlement  and you will not be bound by the Release provided by the Settlement); or (c) do nothing, in which case you give up your ability to receive a payment from the Net Settlement Fund and will be bound by the Release and other settlement terms as approved by the Court.

1.    If you wish to participate in the Settlement, you need only submit a Claim Form by _____, 202[].

2.      If you wish to participate in the Settlement, but you object to or wish to comment on any term of the Settlement, in addition to submitting a Claim Form, you may submit an objection or comment to the Court (but note that if the Court does not approve the Settlement, you will not receive any benefits of the Settlement).

3.      If you are a Class Member, but wish to be excluded from the Class, you must send by first-class mail to the Claims Administrator, a written request for exclusion that must be delivered or postmarked no later than _____, 202[], or as the Court may otherwise direct.  A request to be excluded from the Class must include the following information: (i) name; (ii) address; (iii) telephone number; (iv) email address (if applicable); and (v) information about each contract of insurance relating to the Settlement, including (a) the Syndicate(s) that issued the contract(s), (b) policy numbers, (c) face amount of each policy, (d) annual premium, and (e) effective date and expiration date for each policy.

**IF YOU DO NOT SUBMIT A TIMELY WRITTEN REQUEST FOR EXCLUSION AS PROVIDED ABOVE, YOU WILL BE BOUND BY ALL OF THE TERMS OF THE SETTLEMENT, INCLUDING THE RELEASE, WHICH IS AVAILABLE AT WWW.SYNDICATESETTLEMENT.COM AND BY ALL PROCEEDINGS, ORDERS, AND JUDGMENTS IN THIS LAWSUIT.**

### B.      Fairness Hearing

In its _____, 202[] Order, the Court scheduled the Fairness Hearing for _____, 202[], at _____ Eastern Time, at which the Court will consider whether to approve the Settlement, the Plan of Allocation, and an award of attorneys' fees and expenses.  The hearing will take place in Courtroom 5 in the United States Courthouse located at Martin Luther King Building and U.S. Courthouse, 50 Walnut Street, Newark, New Jersey 07101.  **The Court may choose to change the date and/or time of the Fairness Hearing (or decide to conduct it virtually) without further notice of any kind other than on the settlement website and the Court's docket available at http://ecf.njd.uscourts.gov.**

At the Fairness Hearing, the Court will consider objections and comments by Class Members.  If the Court finds the Settlement to be fair, reasonable, and adequate, it will enter the Final Approval Order and the Judgment.

If you plan to attend the hearing, you should confirm the date and time by checking the settlement website at www.SyndicateSettlement.com or by calling the toll-free number at _____.  You may attend the Fairness Hearing, either in person or through an attorney hired at your own expense, but attendance is not required.  If you have made a written objection, you (or your attorney) may appear at the Fairness Hearing to present the objection, but you are not required to do so.  If you choose to attend the hearing and intend to make a presentation to the Court, you (or your attorney) must file a notice of your intention to appear.

**THE COURT AND THE COUNSEL IDENTIFIED BELOW MUST RECEIVE A NOTICE OF INTENTION TO APPEAR NO LATER THAN _____, 202[].**

### C.      What must you do if you wish to object to the Settlement?

1.      If you are a Class Member and do not exclude yourself from the Class, you may object to the Settlement, any term of the Settlement Agreement, the Plan of Allocation, or Class Counsel's application for attorneys' fees and expenses.

2.      Your objection must be in writing and must provide evidence of your membership in the Class. Your written objection should also state the specific reason(s), if any, for the objection, including any legal support you wish to bring to the Court's attention and any evidence you wish to introduce in support of your objection.

3.      Your written objection (and any support for it) must be received by the Court (Martin Luther King Building and U.S. Courthouse, 50 Walnut Street, Newark, N.J. 07101) and by the following counsel no later than _____, 202[] (or as the Court may otherwise direct):

*For Plaintiffs and the Class:*

Alexandra S. Bernay                            Robert S. Schachter
ROBBINS GELLER RUDMAN                          ZWERLING, SCHACHTER
  & DOWD LLP                                 & ZWERLING, LLP
655 West Broadway, Suite 1900                  41 Madison Avenue
San Diego, CA  92101                           New York, NY  10010

*For the Settling Defendants:*

Thomas F. Bush                                 Wystan M. Ackerman
Patrick Frye                                   Kevin P. Daly
SMITH, GAMBRELL & RUSSELL, LLP                 ROBINSON & COLE LLP
311 South Wacker Drive, Suite 3000             One State Street
Chicago, IL  60606                             Hartford, CT  06103

4.      If you hire an attorney in connection with making an objection, that attorney must file with the Court and serve on the counsel identified above a notice of appearance.  If you hire an attorney in connection with making an objection (or for any other purpose relating to the Settlement), you will be responsible for all fees and expenses that the attorney incurs on your behalf.

**THE COURT AND THE COUNSEL IDENTIFIED ABOVE MUST RECEIVE THE NOTICE OF APPEARANCE NO LATER THAN _____, 202[].**

5.      If you make a written objection as set out above, you either may choose to speak, in person or through an attorney hired at your own expense, at the Fairness Hearing described above.  You are not required to attend the Fairness Hearing.  Failure to attend the hearing will not prevent the Court from considering your objection.  If you (or your attorney) intend to speak at the hearing, you must file with the Court and serve on the counsel identified above a notice of intention to appear.

**THE COURT AND THE COUNSEL IDENTIFIED ABOVE MUST RECEIVE THE NOTICE OF INTENTION TO APPEAR BY NO LATER THAN _____, 202[].**

If you fail to comply with any of the provisions of this Section V, you may waive and forfeit any and all rights that you may otherwise have to object to the Settlement, any of its terms, the Settlement Agreement, the Plan of Allocation, or Class Counsel's application for attorneys' fees and expenses, and you shall be bound by all the terms of the Settlement Agreement and by all proceedings, orders, and judgments in this Lawsuit.

## VI.     COUNSEL REPRESENTING CLASS MEMBERS

### A.      How will Class Counsel be paid?

Class Counsel will file on or before _____, 202[], an application with the Court for an award of attorneys' fees and expenses for their representation of Class Members in this Lawsuit.  A copy of this application will be posted on the settlement website.  The Court will consider this application at the Fairness Hearing, and the Court will decide the amount of fees and expenses to be awarded.

Class Counsel have agreed that they will not apply to the Court for an award of attorneys' fees of more than one-third of the Settlement Amount and will request an award of litigation expenses in an amount not to exceed $200,000. If fees and expenses are awarded, they will be paid solely from the Settlement Fund.

## VII.    GETTING MORE INFORMATION

### A.    Where can I get more information about the Settlement?

The website at www.SyndicateSettlement.com contains a copy of the settlement-related documents, including the Settlement Agreement and all of its attachments. You may also obtain information by calling the Claims Administrator at _____, Monday through Friday from 9:00 a.m. to 5:00 p.m. Central Time.

You may examine the Settlement Agreement, the Court's orders, and the other papers filed in the case at the Office of the Clerk, United States District Court for the District of New Jersey, Martin Luther King Building and U.S. Courthouse, 50 Walnut Street, Room 4015, Newark, New Jersey 07101 during the business hours of the Court.

**PLEASE DO NOT CONTACT THE COURT OR THE CLERK'S OFFICE OR THE SETTLING DEFENDANTS OR THEIR COUNSEL FOR INFORMATION.**

## ADDENDUM A

## PLAN OF ALLOCATION

## INTRODUCTION

This Plan shall govern the administration and distribution of the Net Settlement Fund ("Fund") and the procedures the Claims Administrator will use to administer and pay claims made by Class Members from the Fund.

## DISTRIBUTION TO CLASS MEMBERS

The Fund shall consist of the Settlement Amount and any interest earned, less, as approved by the Court: (i) Taxes and Tax Expenses; (ii) an Attorneys' Fee and Expense Award; and (iii) Notice and Administration Expenses.

Class Members entitled to receive a payment from the Fund ("Authorized Claimants") will receive payment through a process that is fair and equitable and which distributes the Fund in accordance with the relative economic interests as measured by the amount of premium paid to Defendants over the period January 1, 1997, through [the Execution Date of the Agreement] ("Class Period"). At the same time, the Plan ensures that the administration is as simple and cost-effective as possible and imposes minimal burdens on Authorized Claimants. Consistent with these goals, the Plan will allocate the Fund among Authorized Claimants in a way that is proportional to the relative economic interests of Class Members, and will rely, to the extent possible, on data available to Plaintiffs' Counsel and the Claims Administrator, and by information provided by Authorized Claimants on the Claim Form respecting the premium paid.

The Plan proposes to determine the amount that each Authorized Claimant paid in premium to the Defendants during the Class Period based upon the best information available or a reasonable estimate of the total premium attributable to each Authorized Claimant. The premium paid will be determined or estimated by data previously obtained by Plaintiffs' Counsel from Defendants, third-party coverholders, brokers, a settlement database from MDL 1663, publicly available information, and information provided by Authorized Claimants.

The Claims Administrator will make its best estimate of premium paid to the Defendants over the Class Period. The actual claim value amount of any individual Authorized Claimant will be impacted by the amount of premium paid by the entire group of Authorized Claimants. Each Authorized Claimant will receive his, her, or its *pro rata* share of the Fund that is equal to its percentage share of the total premium paid by all Authorized Claimants (the "Initial Distribution").

If an Initial Distribution for an Authorized Claimant is less than $10.00, that Authorized Claimant shall not receive an Initial Distribution.

## DISTRIBUTION OF REMAINING BALANCE OF THE FUND

The Initial Distribution and reallocation(s) shall be consistent with the Settlement Agreement. With respect to any amount remaining in the Fund after the Initial Distribution, a minimum payment threshold amount shall be determined by Class Counsel after consultation with the Claims Administrator regarding factors bearing on the economic feasibility of re-distributions (such as the costs of mailing checks, the total amount of funds to be distributed, and the number of Authorized Claimants that cashed their initial distributions). Class Counsel, with approval of the Court, may

- 11 -

elect to delay the re-distribution of such balance in the event they believe that settlements or judgments may be reached with the Non-Settling Defendant, and waiting to re-distribute would be in the best interest of the Class.

**ADDENDUM B**

**[CLAIM FORM]**

# EXHIBIT E

**Below is a Summary Notice of a proposed partial class action settlement reached
in a class action lawsuit pending in the United States District Court for the District
of New Jersey known as *Lincoln Adventures, LLC, et al. vs. Those Certain
Underwriters at Lloyd's, et al.* A more detailed version of this Notice is contained
in a Long-form Notice posted on the Settlement website at
www.SyndicateSettlement.com. You are encouraged to read the Long-form
Notice for a more in depth explanation of the proposed partial settlement and
your rights as they relate to the Settlement.**

**IF YOU PURCHASED INSURANCE THROUGH CERTAIN SYNDICATES AT
LLOYD'S, LONDON DURING THE PERIOD JANUARY 1, 1997, THROUGH [THE
EXECUTION DATE OF THE AGREEMENT], YOU COULD GET MONEY FROM A
PARTIAL CLASS ACTION SETTLEMENT THAT MAY AFFECT YOUR RIGHTS.**

A proposed partial class action settlement has been reached with some, but not all, of the Lloyd's
Syndicates who are Defendants in the case and sold insurance to policyholders in the United States
(the "Settlement"). Plaintiffs assert causes of action against the Defendants for violation of the
Racketeer Influenced and Corrupt Organizations Act, civil conspiracy, and unjust enrichment
based on allegations that Defendants engaged in a deceptive scheme to conceal the lack of
competition in the Lloyd's Market. The Settling Defendants deny the allegations made against
them.

The Syndicates that have settled are Syndicate Nos. 727, 1003, 2003, 2020, and 2791 (the "Settling
Defendants"). The Syndicate who remains a Defendant in the case, and who has not settled, is
Syndicate No. 2488 (the "Non-Settling Defendant"). The case will continue to be litigated against
the Non-Settling Defendant.

**WHAT ARE YOUR LEGAL RIGHTS AND IMPORTANT DEADLINES**

If you do not want to be legally bound by the Settlement, you must exclude yourself in writing
from the Class by ____, 202[]. The steps you must follow to be excluded are described in the
Long-form Notice, which is available at www.SyndicateSettlement.com. You can also obtain a
copy of the Long-form Notice by mail or email by calling the toll-free number at
_____ between the hours of 8 a.m. and 5 p.m. Central Time. If you do not
exclude yourself, but instead stay in the Class, you may object or comment on the Settlement, the
Plan of Allocation, or the application for attorneys' fees and expenses **by____, 202[]**. The
procedure on how to object or comment is described in the Long-form Notice at
www.SyndicateSettlement.com.

The Court scheduled a Fairness Hearing for **_____, 202[], at _____ Eastern
Time,** at which the Court will consider whether to approve the Settlement, the Plan of Allocation,
and an award of attorneys' fees and expenses. The hearing will take place in Courtroom 5 in the
United States Courthouse located at Martin Luther King Building and U.S. Courthouse, 50 Walnut
Street, Newark, New Jersey 07101. The Court may choose to change the date and/or time of the
hearing (or decide to conduct it virtually) without further notice of any kind other than on the
settlement website and the Court's docket available at http://ecf.njd.uscourts.gov. If you plan to
attend the hearing, you should confirm the date and time by checking the website at

- 1 -

**www.SyndicateSettlement.com** or by calling the toll-free number at
_____. The Court at the hearing will consider objections that have been
properly made by Class Members. If the Court finds the Settlement to be fair, reasonable, and
adequate, it will approve the Settlement. You may choose to attend the hearing, either in person
or through an attorney hired at your own expense, but attendance is not required. If you choose to
attend the hearing and intend to make a presentation to the Court, you or your attorney must follow
the procedures set forth in the Long-form Notice, at www.SyndicateSettlement.com.

**A NOTICE OF INTENTION TO APPEAR MUST BE RECEIVED BY THE COURT AND
THE COUNSEL IDENTIFIED BELOW NO LATER THAN [INSERT DATE].**

If the Court approves the Settlement, then the Settling Defendants will be dismissed from the case.
Class Members who have not properly requested exclusion from the Class will be deemed to have
released the Settling Defendants from all claims related to the case and will not be able to sue the
Settling Defendants for any of the conduct that was the subject of the case. The full text of the
Release is set forth in the Long-form Notice at www.SyndicateSettlement.com.

## WHO IS INCLUDED IN THE CLASS?

The Settlement affects members of the Class, which are with certain limited exceptions, all persons
and entities in the United States (including its territories) who, during the period **January 1, 1997,
through [the Execution Date of the Agreement] (the "Class Period"),** purchased or renewed a
contract of insurance (an insurance policy, not reinsurance) with any of the Defendants. The
complete description of the Class is set forth in the Long-form Notice at
www.SyndicateSettlement.com.

## WHAT DOES THE SETTLEMENT PROVIDE?

The Settling Defendants have agreed to make payments to settle the claims against them. The total
amount of these payments is $3,570,000. After deducting the amounts approved by the Court for
settlement and claims administration costs, and attorneys' fees and litigation expenses, these funds
will be paid to members of the Class. The Settling Defendants will be entitled to the release and
other provisions of the Settlement.

## WHO WILL RECEIVE A PAYMENT?

Payments to Class Members will be according to the Plan of Allocation, which is included in
the Long-form Notice at www.SyndicateSettlement.com. To receive a payment, Class Members
**must** submit a Claim Form by _____**, 202[],** as more fully described in the next paragraph.

## HOW DO I RECEIVE A PAYMENT FROM THE SETTLEMENT?

To be eligible for a payment, a Class Member must submit a Claim Form on or before **[DATE]**.
Claim Forms are available at www.SyndicateSettlement.com. Claim Forms can be requested from
the Claims Administrator by calling the toll-free number at _____ between the
hours of 8 a.m. and 5 p.m. Central Time, or by email at _____. Claim Forms can be completed
online at www.SyndicateSettlement.com, emailed to the Claims Administrator at
_____, or mailed to the Claims Administrator at _____. Each Class

Member who wishes to claim part of the Settlement **must** submit a Claim Form by _____, **202[]**.  It is the responsibility of the Class Member to provide truthful and accurate information, and to update any information, including contact and address information to the Claims Administrator, when appropriate.

## WHO ARE THE ATTORNEYS FOR THE CLASS AND THE SETTLING DEFENDANTS?

The Attorneys for the Class are:

Alexandra S. Bernay
ROBBINS GELLER RUDMAN
  & DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA  92101

Robert S. Schachter
ZWERLING, SCHACHTER
  & ZWERLING, LLP
41 Madison Avenue
New York, NY  10010

The Attorneys for the Settling Defendants are:

Thomas F. Bush
Patrick Frye
SMITH, GAMBRELL & RUSSELL, LLP
311 South Wacker Drive, Suite 3000
Chicago, IL  60606

Wystan M. Ackerman
Kevin P. Daly
ROBINSON & COLE LLP
One State Street
Hartford, CT  06103

## HOW CAN I OBTAIN ADDITIONAL INFORMATION?

If you think that you may be a Class Member, you can obtain more information, including a copy of the Long-form Notice, the Claim Form, the Stipulation of Partial Class Action Settlement, and other documents relating to the Settlement by visiting www.SyndicateSettlement.com or by contacting the Claims Administrator toll free at _____.

## PLEASE DO NOT CONTACT THE COURT OR THE CLERK.

- 3 -

4856-5505-8163.v1

# EXHIBIT F

# PLAN OF ALLOCATION

## I.    INTRODUCTION

This Plan shall govern the administration and distribution of the Net Settlement Fund ("Fund") and the procedures the Claims Administrator[1] will use to administer and pay claims made by Settlement Class Members from the Fund.

## II.    FUNDS TO BE DISTRIBUTED TO SETTLEMENT CLASS MEMBERS

The Fund shall consist of the Settlement Amount and any interest earned, less, as approved by the Court: (i) Taxes and Tax Expenses; (ii) an Attorneys' Fee and Expense Award; and (iii) Notice and Administration Expenses.

Settlement Class Members entitled to receive a payment from the Fund ("Authorized Claimants") will receive payment through a process that is fair and equitable and which distributes the Fund in accordance with the relative economic interests as measured by the amount of premium paid to Defendants over the period January 1, 1997, through [the Execution Date of the Agreement] ("Class Period").  At the same time, the Plan ensures that the administration is as simple and cost-effective as possible and imposes minimal burdens on Authorized Claimants.  Consistent with these goals, the Plan will allocate the Fund among Authorized Claimants in a way that is proportional to the relative economic interests of Settlement Class Members, and will rely, to the extent possible, on data available to Plaintiffs' Counsel and the Claims Administrator, and by information provided by Authorized Claimants on the Claim Form respecting the premium paid.

The Plan proposes to determine the amount that each Authorized Claimant paid in premium to Defendants during the Class Period based upon the best information available or a reasonable estimate of the total premium attributable to each Authorized Claimant.  The premium paid will be determined or estimated by data obtained by Plaintiffs' Counsel from Defendants, third-party coverholders, brokers, a settlement database from

---

[1]    Unless otherwise stated, all capitalized terms shall have the same meaning given to them in the Stipulation of Partial Class Action Settlement ("Settlement Agreement").

MDL 1663, publicly available information, and information provided by Authorized Claimants.

The Claims Administrator will make its best estimate of premium paid to Defendants over the Class Period. The actual claim value amount of any individual Authorized Claimant will be impacted by the amount of premium paid by the entire group of Authorized Claimants. Each Authorized Claimant will receive his, her, or its *pro rata* share of the Fund that is equal to its percentage share of the total premium paid by all Authorized Claimants (the "Initial Distribution").

If an Initial Distribution for an Authorized Claimant is less than $10.00, that Authorized Claimant shall not receive an Initial Distribution.

## III.    DISTRIBUTION OF REMAINING BALANCE OF THE FUND

The Initial Distribution and reallocation(s) shall be consistent with the Settlement Agreement. With respect to any amount remaining in the Fund after the Initial Distribution, a minimum payment threshold amount shall be determined by Class Counsel after consultation with the Claims Administrator regarding factors bearing on the economic feasibility of re-distributions (such as the costs of mailing checks, the total amount of funds to be distributed, and the number of Authorized Claimants that cashed their initial distributions). Class Counsel, with approval of the Court, may elect to delay the re-distribution of such balance in the event they believe that settlements or judgments may be reached with the Non-Settling Defendant, and waiting to re-distribute would be in the best interest of the Settlement Class.

# EXHIBIT G

COHN LIFLAND PEARLMAN
  HERRMANN & KNOPF LLP
MATTHEW F. GATELY
Park 80 West – Plaza One
250 Pehle Avenue, Suite 401
Saddle Brook, NJ  07663
Telephone:  201/845-9600
201/845-9423 (fax)

Attorneys for Plaintiffs


UNITED STATES DISTRICT COURT

DISTRICT OF NEW JERSEY

| | |
|---|---|
| LINCOLN ADVENTURES, LLC, a Delaware Limited Liability Company, and MICHIGAN MULTI-KING, INC., a Michigan Corporation, on Behalf of Themselves and All Those Similarly Situated,<br><br>                              Plaintiffs,<br><br>          vs.<br><br>THOSE CERTAIN UNDERWRITERS AT LLOYD'S, LONDON MEMBERS OF SYNDICATES, et al.<br><br>                              Defendants. | No. 2:08-cv-00235-CCC-JSA<br><br><u>CLASS ACTION</u><br><br>ORDER PRELIMINARILY APPROVING PROPOSED PARTIAL CLASS ACTION SETTLEMENT AND PRELIMINARILY CERTIFYING A CLASS FOR SETTLEMENT PURPOSES |

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED AS FOLLOWS**:

1.    **Settlement Class Findings**.  For purposes of the Settlement[1] only (and without addressing the merits of Plaintiffs' claims or the Settling Defendants' or non-settling Defendant's defenses), the Court preliminarily finds that the requirements of the Federal Rules of Civil Procedure, the United States Constitution, the Rules of the Court, and any other applicable law have been met insofar as:

(a)    The identity of certain of the members of the Settlement Class defined in §2(b) below (the "Settlement Class Members") is ascertainable from the records of the Settling Defendants, and the size of the Settlement Class is so numerous that their joinder before the Court would be impracticable.  The Court therefore finds preliminarily that the numerosity requirement of Federal Rule of Civil Procedure 23(a)(1) is satisfied for settlement purposes only.

(b)    Plaintiffs have alleged one or more questions of fact and law common to the Settlement Class, including whether the Settling Defendants violated RICO and state statutes and/or common law by allegedly making certain misrepresentations and engaging in a deceptive scheme to conceal the claimed lack of competition in the Lloyd's London Market, as described in the Court's Opinion,

---

[1]    Unless otherwise stated, all capitalized terms have the meaning given to them in the Stipulation of Partial Class Action Settlement ("Settlement Agreement").

dated August 23, 2017 (Docket Entry No. 2877). Accordingly, based upon these allegations, the Court finds preliminarily that the commonality requirement of Federal Rule of Civil Procedure 23(a)(2) is satisfied for settlement purposes only.

(c)    Plaintiffs have alleged that the Settling Defendants engaged in uniform misconduct affecting Settlement Class Members. Based upon these allegations, the Court finds preliminarily that the claims of Plaintiffs are typical of the claims of the Settlement Class, and that Plaintiffs, along with Co-Lead Counsel and other Plaintiffs' Counsel representing Plaintiffs, will fairly and adequately protect the interests of the Settlement Class. Accordingly, the Court finds preliminarily that the typicality and adequacy requirements of Federal Rule of Civil Procedure 23(a)(3) and (4) are satisfied for settlement purposes only.

(d)    The Court finds preliminarily that, for settlement purposes only, questions of law or fact common to the Settlement Class Members predominate over questions affecting only individual members of the Settlement Class and that a class action resolution in the manner proposed in the Settlement Agreement would be superior to other available methods for a fair and efficient adjudication of the Lawsuit. Accordingly, the Court finds preliminarily that the requirements of Federal Rule of Civil Procedure 23(b)(3) are satisfied for settlement purposes only.

(e)    The Court does not address or make any findings herein as to whether a plaintiff class may be certified in the Action for any purpose other than

- 2 -

for purposes of this Settlement.  This Order shall not be construed or used as an admission, concession, or declaration in the Action, including, but not limited to, any motion or request for certification of a plaintiff class in the Action.

      2.      **Preliminary Certification of Settlement Class**.

      (a)    Based on the findings set forth in §1, above, the Court preliminarily certifies the Settlement Class under Federal Rule of Civil Procedure 23(b)(3).

      (b)    The class shall consist of all persons and entities in the United States (including its territories) who, between January 1, 1997, through the Execution Date of the Agreement, purchased or renewed a Contract of Insurance with any Lloyd's Syndicates named as a Defendant in the Action.  Excluded from the Settlement Class are Released Defendants, Defendants formerly named as such in the Action, all Lloyd's syndicates, Opt-outs, and judges presiding over the Action and their immediate families (the "Settlement Class").

      (c)    Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, Plaintiffs are preliminarily certified as the Class Representatives, and Co-Lead Counsel is preliminarily certified as Class Counsel.

      3.      **Findings Regarding Proposed Settlement**.  The Court finds that (a) the Settlement Agreement resulted from extensive arm's-length negotiations

conducted with the assistance of the Hon. Layn R. Phillips that were held after Plaintiffs' Counsel had conducted substantial discovery; and (b) the Settlement is sufficiently fair, reasonable, and adequate to warrant sending to Settlement Class Members notice of the Action, the Settlement Agreement, the Settlement, and the Fairness Hearing.

4.      **Fairness Hearing**.  The Court hereby schedules the Fairness Hearing for _____, 202[], at _____ a.m./p.m. Eastern Time [NOTE: date selected should be no earlier than 150 days after the date of this Order], in Courtroom 5B of the Martin Luther King Building & U.S. Courthouse, 50 Walnut Street, Newark, NJ 07101 to consider, among other things:

(a)      Whether the Settlement Class should be finally certified as a class for settlement purposes only;

(b)      Whether the Settlement should be approved as fair, reasonable, and adequate and the Action dismissed with prejudice as to the Settling Defendants pursuant to the terms of the Settlement Agreement;

(c)      Whether the Notice Plan (Exhibits D, E, and H to the Settlement Agreement): (i) constitutes the best practicable notice; (ii) constitutes notice that is reasonably calculated, under the circumstances, to apprise Settlement Class Members of (1) the pendency of the Action, (2) the effect of the Settlement Agreement, including the release defined and described in §XI thereof (the

- 4 -

4889-4686-5907.v1

"Release"), (3) their right to object to the Settlement, the Plan of Allocation (Exhibit F), the application by Plaintiffs' Counsel for an award of attorneys' fees and expenses ("Attorneys' Fee and Expense Award"), (4) their right to exclude themselves from the Settlement Class as described in §11 below, and (5) their right to appear at the Fairness Hearing; (iii) was reasonable and constitutes due, adequate, and sufficient notice to persons entitled to notice; and (iv) meets all applicable requirements of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Rules of this Court, and any other applicable law;

(d)    Whether Plaintiffs and Plaintiffs' Counsel have adequately represented the Settlement Class for purposes of entering into and implementing the Settlement Agreement;

(e)    Whether Settlement Class Members, on behalf of themselves, their respective current, former or future, direct or indirect parents, subsidiaries, affiliates, directors, officers, principals, employees, agents, attorneys, executors, administrators, beneficiaries, predecessors, successors, heirs, and assigns should be bound by the Release and the judgment reduction provisions of §XI of the Settlement Agreement;

(f)    Whether Settlement Class Members, on behalf of themselves, their respective current, former or future, direct or indirect parents, subsidiaries,

- 5 -

affiliates, directors, officers, principals, employees, agents, attorneys, executors, administrators, beneficiaries, predecessors, successors, heirs, and assigns should be permanently barred, enjoined, and restrained from filing, commencing, prosecuting, continuing to prosecute, intervening in, participating in (as Settlement Class Members or otherwise) or receiving any benefits or other relief from any other action, arbitration, or other proceeding brought against any or all of the Released Defendants defined in §II.33 of the Settlement Agreement that is based upon, arises out of or relates to any of the Released Claims defined in §II.32 of the Settlement Agreement;

(g)    Whether a Bar Order as described in §XI.B.2 of the Settlement Agreement should be entered that, among other things, provides that (i) any and all persons and entities are permanently barred, enjoined, and restrained from commencing, prosecuting, continuing to prosecute or asserting any claim (including any claim for indemnification, contribution, or attorneys' fees) against any of the Released Defendants where the alleged injury to the barred person or entity is based upon that person's or entity's alleged liability to the Settlement Class or any of the Settlement Class Members; (ii) any and all Released Defendants are permanently barred, enjoined, and restrained from commencing, prosecuting, continuing to prosecute, or asserting any claim (including any claim for indemnification or contribution) against a person barred by subsection (g)(i) of this paragraph where

- 6 -

the Released Defendant's alleged injury is based solely upon the Released Defendant's alleged liability to the Settlement Class or any of the Settlement Class Members other than with respect to claims related to coverage under Contracts of Insurance issued by Released Defendants to Plaintiffs or any Settlement Class Members; and (iii) there shall be a judgment-reduction credit reducing any judgment that the Settlement Class or any of the Settlement Class Members might obtain against any barred person or entity in connection with any of the Released Claims by the greater of the settlement amount paid by the Settling Defendants or an amount that corresponds to the Settling Defendants' percentage of responsibility for the loss to the Settlement Class or any of the Settlement Class Members; and

(h)    Whether Plaintiffs' Counsel's application for an Attorneys' Fee and Expense Award should be approved.

The Court reserves the right to continue the Fairness Hearing without further written notice.

5.    **Notice to Settlement Class Members**.  Notice of the Action, the Settlement Agreement, the Settlement, and the Fairness Hearing shall be provided to Settlement Class Members as follows:

(a)    The names and/or addresses of the Settlement Class Members shall be obtained, in the first instance by reference to data in the possession of the

- 7 -

Claims Administrator provided previously in conjunction with the 2019 and 2023
Settlements.

(b)    Additional names and/or addresses of the Settlement Class
Members shall be obtained, to the extent reasonably available, from an electronic
search of the underwriting systems of the Settling Defendants within thirty (30)
calendar days of this Order.

(c)    Each Settling Defendant shall write to those coverholders acting
on its behalf that wrote a majority of the Settling Defendant's business under binding
authorities during the **five-year period from October 1, 2017, to September 30,
2022.** Each Settling Defendant shall request that these coverholders provide to the
Claims Administrator, to the extent reasonably available, names and addresses of
policyholders to which insurance policies were issued on behalf of the Settling
Defendant under binding authorities for this five-year period.

(d)    The identity and/or addresses for certain of the Settlement Class
Members will not be identifiable through reasonable effort due to data and collection
issues with the records of the Settling Defendants. Therefore, to inform Settlement
Class Members of their rights relating to the Settlement, the Claims Administrator
(as defined in §7, below) will undertake the additional steps set forth in sub-sections
(e) and (f) below to notify the Settlement Class Members of the Settlement.

- 8 -

(e)    Following the Claims Administrator's receipt from the Settling Defendants of the reasonably available names and/or addresses of Settlement Class Members, the Claims Administrator shall conduct searches of the names that do not have addresses by searching through databases available to it, including vendor databases and databases associated with other settlements in this case.  Then the Claims Administrator shall provide Notice of the Action, the Settlement Agreement, notice of the Settlement and the Fairness Hearing to Settlement Class Members via: (1) the mailing of the Summary Notice, in the form annexed as Exhibit E to the Settlement Agreement (the "Summary Notice"), to those Settlement Class Members for which addresses may be obtained through reasonable efforts identified above on or before _____, 202[]; (2) posting of the Long-form Notice, substantially in the form annexed as Exhibit D to the Settlement Agreement, and the Summary Notice at www.SyndicateSettlement.com, a website dedicated to this Settlement on or before _____, 202[]; (3) publication of the Summary Notice in selected media as set forth in Exhibit H to the Settlement Agreement on or before _____, 202[]; and (4) digital notice as described in Exhibit H to the Settlement Agreement from the Notice Date through the claims deadline (the "Digital Notice").  All of the dissemination dates described above shall be within specified time periods or as close thereto as reasonably possible.

(f)    Any mailed Summary Notice returned to the Claims Administrator with an updated address shall be re-mailed to the addressee as soon as practicable.

(g)    No later than ten (10) calendar days following the entry of this Order ("Notice Date"), Co-Lead Counsel shall cause the Long-form Notice, Claim Form, and a link to the Settlement Website to be posted on their respective firm websites.

(h)    At or before the Fairness Hearing, Co-Lead Counsel and/or the Claims Administrator shall file with the Court proof of: (i) mailing of the Summary Notice; (ii) publication of the Summary Notice; (iii) posting of the Long-form Notice on the website www.SyndicateSettlement.com and on Co-Lead Counsel's firms' websites; and (iv) implementation of the Digital Notice.

6.    **Findings Concerning Notice**. The Court finds that notice given in the form and manner set forth in §5, above, is the best practicable notice and is reasonably calculated, under the circumstances, to apprise Settlement Class Members of: (a) the Action; (b) the Settlement Agreement; (c) the Settlement; (d) their right to object to the Settlement, the Plan of Allocation, or the application for an Attorneys' Fee and Expense Award; (e) their right to be heard in connection therewith at the Fairness Hearing; and (f) their right to exclude themselves from the Settlement Class. The Court further finds that the Summary Notice, the Long-form

- 10 -

Notice, and the Digital Notice, respectively, are written simply and plainly and will be readily understandable by Settlement Class Members and that the Summary Notice, the Long Form Notice, and the Digital Notice, and the manner of disseminating the Notices are reasonable, constitute due, adequate, and sufficient notice to all persons or entities entitled to be provided with notice, and meet the requirements of the Federal Rules of Civil Procedure (including Fed. R. Civ. P. 23(c)(2) and (e)), the United States Constitution (including the Due Process Clause), the Rules of this Court, and any other applicable law.

7.    **Claims Administrator**.  The Court appoints A.B. Data, Ltd. as the claims administrator who will act on behalf of the Court for the purpose of assisting in the implementation of the Settlement.

8.    **Attorneys' Fee and Expense Award**.

Plaintiffs' Counsel may file an application for an Attorneys' Fee and Expense Award no later than thirty-five (35) calendar days prior to the Fairness Hearing. These applications shall be posted to the Settlement website promptly after filing.

9.    **Settling Defendants' Communications with Settlement Class**.

The Settling Defendants may communicate with a Settlement Class Member who is a current, past, or prospective insured regarding a purchase or renewal of an insurance product.  The Settling Defendants may communicate with a Settlement Class Member as may be otherwise necessary to conduct its normal business.  If any

- 11 -

Settlement Class Member has a question about the Settlement, the Settling Defendants agree to refer him, her, or it to the Claims Administrator or Co-Lead Counsel.

      10.    **Claim Forms.**

Settlement Class Members who wish to participate in the Settlement shall complete and submit Claim Forms in accordance with the instructions contained therein.  Unless the Court orders otherwise, all Claim Forms must be postmarked or submitted electronically no later than one hundred twenty (120) calendar days from the date of mailing and emailing of the Notice.  Any Settlement Class Member who does not timely submit a Claim Form within the time provided for, shall be barred from sharing in the distribution of the proceeds of the Settlement Fund, unless otherwise ordered by the Court.  Notwithstanding the foregoing, Co-Lead Counsel may, in their discretion, accept late-submitted claims for processing by the Claims Administrator so long as distribution of the Net Settlement Fund to Authorized Claimants is not materially delayed thereby.

      11.    **Requests for Exclusion from the Settlement Class**.

      (a)    Any Settlement Class Member who wishes to be excluded from the Settlement Class must mail by first class mail with proper postage, or deliver, a written request for exclusion, postmarked or delivered to the attention of the Claims Administrator no later than twenty-one (21) calendar days before the Fairness

Hearing.  A list of the persons and entities requesting exclusion shall be provided by the Claims Administrator to the Settling Parties and to the Court no later than fourteen (14) calendar days before the Fairness Hearing.

(b)    A request for exclusion must include the Settlement Class Member's: (i) name; (ii) address; (iii) telephone number; (iv) email address (if applicable); and (v) information about each Contract of Insurance related to the Settlement, including: (1) the insurer(s) that issued the Contract of Insurance; (2) policy number; (3) face amount of each Contract of Insurance; (4) annual premium; and (5) effective date and expiration date for each policy.

(c)    Any Settlement Class Member who does not submit a timely request for exclusion in accordance with the above requirements shall be bound by the Release and by all proceedings, orders, and judgments in this Action.

12.    **Objections to the Settlement, Plan of Allocation, or Attorneys' Fee and Expense Award**.

(a)    Any Settlement Class Members that wish to object to or comment on the fairness, reasonableness, or adequacy of the Settlement, the Plan of Allocation, any term(s) of the Settlement Agreement, or to the application for an Attorneys' Fee and Expense Award must serve on Co-Lead Counsel and respective counsel for the Settling Defendants and file with the Court a statement of his, her, or its objection or comment; *provided* that such statement of objection or comment

- 13 -

must be received no later than twenty-one (21) calendar days before the Fairness Hearing.

(b)    Any statement of objection shall provide evidence of the Settlement Class Member's membership in the Settlement Class and shall state the specific reason(s), if any, for each such objection, including any legal support and evidence that the Settlement Class Member wishes to introduce in support of such objection.

(c)    Settlement Class Members may file an objection on his, her, or its own or through an attorney hired at his, her, or its own expense.  If the Settlement Class Member hires an attorney in connection with filing an objection to the Settlement, the attorney must serve on Co-Lead Counsel and respective counsel for the Settling Defendants, and file with the Court a notice of appearance; *provided* that any such notice of appearance must be received by Co-Lead Counsel and respective counsel for the Settling Defendants no later than twenty-one (21) calendar days before the Fairness Hearing.

(d)    Only a Settlement Class Member that files and serves a written objection pursuant to this §12 may appear at the Fairness Hearing, either in person or through an attorney hired at the Settlement Class Member's own expense, to object to the fairness, reasonableness, or adequacy of: (i) the Settlement; (ii) the Plan

of Allocation; (iii) any term of the Settlement Agreement; or (iv) the application for an Attorneys' Fee and Expense Award.

(e)    Any Settlement Class Member that fails to comply with any of the provisions of this §12 shall waive and forfeit any and all rights that the Settlement Class Member may otherwise have to appear separately at the Fairness Hearing and/or to object to the Settlement, and shall be bound by all of the terms of the Settlement Agreement and by all proceedings, orders, and judgments in this Action.

13.    **Filing of Opening and Reply Briefs**.

All opening briefs and supporting documents in support of the Settlement, the Plan of Allocation, and Plaintiffs' Counsel's application for an Attorneys' Fee and Expense Award shall be filed thirty-five (35) calendar days prior to the Fairness Hearing.  Replies to any objections shall be filed seven (7) calendar days prior to the Fairness Hearing.

14.    **Preliminary Injunctions**.

All Settlement Class Members, along with their respective current, former, or future, direct and indirect parents, subsidiaries, affiliates, directors, officers, principals, employees, agents, attorneys, executors, administrators, beneficiaries, predecessors, successors, heirs and assigns, are preliminarily enjoined from filing, commencing, prosecuting, continuing to prosecute, intervening in, participating in (as class members or otherwise) or receiving any benefits or other relief from any

- 15 -

other action, arbitration or administrative, regulatory or other proceeding against any one or more of the Released Defendants that is based upon, arises out of or relates in any way to any of the Released Claims defined in §II.32 of the Settlement Agreement. All persons or entities are preliminarily enjoined from filing, commencing, prosecuting, or continuing to prosecute any other putative class action against any or all such Released Defendants on behalf of any of the Settlement Class Members if that action is based upon, arises out of or relates in any way to any of the Released Claims defined in §II.32 of the Settlement Agreement. The Court finds that issuance of this preliminary injunction is necessary and appropriate in aid of the Court's jurisdiction over this Action and the Settlement.

15. **Binding Effect**.

All Settlement Class Members, along with their respective current, former, or future, direct and indirect parents, subsidiaries, affiliates, directors, officers, principals, employees, agents, attorneys, executors, administrators, beneficiaries, predecessors, successors, heirs and assigns, will be bound by all proceedings, orders, and judgments relating to the Settlement Agreement and the Settlement, even if such Settlement Class Members have previously initiated or subsequently initiate litigation, arbitration, or other proceedings, or have any other claim against any or all of the Released Defendants relating to any of the Released Claims.

4889-4686-5907.v1

16.    **Termination of the Settlement**.

(a)    This Order shall become null and void, and shall be without prejudice to the rights of the Settling Parties, each of which shall be restored to the position it occupied immediately before the Court entered this Order, if: (i) the Settlement is not finally approved by the Court, or does not become final due to a ruling from any appellate court; or (ii) as to any Settling Parties for whom the Settlement Agreement is terminated, the Settlement Agreement does not become effective in accordance with its terms or is otherwise terminated.

(b)    In the event that this Order shall become null and void pursuant to this §16, the Settlement Agreement and this Order shall be of no force or effect as to any Settling Party for whom §16 of this Order applies and shall not be construed or used as an admission, concession, or declaration by or against any of the Settling Parties of any fault, wrongdoing, breach or liability, or as a waiver by any of the Settling Parties of any claims or defenses, including, but not limited to, any argument against the certification of a plaintiff class in the Action for any purpose other than settlement.   Notwithstanding this §16, the terms of §§XVI.5 and XVII.5 of the Settlement Agreement shall not be affected if this Order becomes null and void.

DATED: _____    _____
                                THE HONORABLE CLAIRE C. CECCHI
                                UNITED STATES DISTRICT JUDGE

4889-4686-5907.v1

# EXHIBIT H



A. B. Data, Ltd.
Class Action Administration Company
600 A.B. Data Drive
Milwaukee, WI 53217

# Proposed Notice Plan

---

*Lincoln Adventures, LLC, et al. v. Those Certain Underwriters at Lloyd's, London Members of Syndicates, et al.*
Case No. 2:08-cv-00235-CCC-JSA
United States District Court, District of New Jersey

## Case Background and Class Definition

A.B. Data, Ltd. ("A.B. Data") prepared this Proposed Notice Plan in connection with *Lincoln Adventures, LLC, et al. v. Those Certain Underwriters at Lloyd's, London Members of Syndicates, et al.*, 2:08-cv-00235-CCC-JSA (D.N.J.) (the "Action"), a class action pending before the United States District Court, District of New Jersey (the "Plan"). The Plan sets forth the efforts that will be made to provide notice of a partial settlement to potential Settlement Class Members.[1]

The Settlement Class is:

All persons and entities in the United States (including its territories) who, between January 1, 1997, through [the Execution Date of the Agreement], purchased or renewed a Contract of Insurance with any Lloyd's Syndicates named as a Defendant[2] in the Action. Excluded from the Settlement Class are Released Defendants, Defendants formerly named as such in the Action, all Lloyd's syndicates, Opt-outs, and judges presiding over the Action and their immediate families (the "Settlement Class") (persons and entities belonging to the Settlement Class are referred to as "Settlement Class Member(s)").

## Direct Mail Notice

As stated in Rule 23(c)(2)(B) of the Federal Rules of Civil Procedure (the "Rule(s)"), "individual notice to all members who can be identified through reasonable effort" is the best notice

---

[1] All capitalized terms herein not otherwise defined shall have the same meaning ascribed to them in the Stipulation of Partial Class Action Settlement.

[2] The Settling Defendants are those Certain Underwriters at Lloyd's, London who are members of Syndicates 727, 1003, 2003, 2020, and 2791.

option. A.B. Data will provide direct notice to potential Settlement Class Members in the same manner as the previous direct notice implemented in the settlement with Lloyd's Syndicates 0033, 0102, 0382, 0435, 0570, 0609, 0623, 0958, 1183, 1886, 2001, 2623, and 2987 (the "2019 Syndicate Settlement") and the settlement with Lloyd's Syndicates 510, 1084, 1096, and 1245 (the "2023 Syndicate Settlement"). This includes the names and addresses provided by Settling Defendants from their own records and those of their largest coverholders, the names and addresses identified by the prior settlement administrations in *In re: Ins. Brokerage Antitrust Litig.*, Civil Action No. 05-1079 ("*Brokers*"), and the names and addresses of any claimant that submitted an eligible claim in the 2019 Syndicate Settlement or 2023 Syndicate Settlement. Direct-mail notice will be sent to each of these persons or entities via mail or email, if available.

Because direct mailed notice in this case will not reach all potential Settlement Class Members, and to provide sufficient reach of notice to the Settlement Class, a paid-media notice program targeting unidentified Settlement Class Members is necessary.

# Media Notice Program

The proposed media notice plan is similar to the previous notice done previously. The media program is consistent with the requirements set forth in Rule 23 and meets due process. The methods and tools to be used have been employed in many Court-approved notice programs.

## Objectives

The primary objective is to deliver notice to the Settlement Class leveraging the latest microtargeting technologies, while also meeting the requirements of due process and delivering a reach to potential Settlement Class Members of at least 70%. This document outlines the recommended components for the Plan consistent with the requirements set forth in Rule 23.

## Plan Components

After a thorough research of the demographics of the Settlement Class and their media habits as provided by MRI-Simmons[3], A.B. Data recommends the following elements in a media notice program to supplement the direct mail notice:

---

[3]    MRI-Simmons (formerly known as GfK MRI) Survey of the American Consumer is the country's largest, most comprehensive, and most reliable consumer and media and product/service usage database. Data from MRI's Survey of the American Consumer, conducted continuously since 1979, is used in most media and marketing plans written in the United States. The firm's multidimensional database is the largest and most reliable source for integrated media planning. About 450 U.S. advertising agencies, including 90 of the top 100, subscribe to MRI Research, as does A.B. Data; and more than 200 national marketers access the MRI database. MRI-Simmons offers the most detailed and representative picture of U.S. demographics and lifestyles, including information on usage of nearly 6,000 product and service brands across 550 categories, the magazines and newspapers audiences read, the websites they look at, the television programs they watch, and the radio stations

Page **2** of 11

*Lincoln Adventures, LLC, et al. v. Those Certain Underwriters at Lloyd's, London Members of Syndicates, et al.*
*Case No. 2:08:cv-00235-CCC-JSA (D.N.J)*

a. Digital and social media ads;
b. Google AdWords – search;
c. National newspapers;
d. Trade Publications; and
e. A press release.

These paid media components, which include online platforms, social media, national print publications, industry trade publications and earned-media, are specifically targeted for, and will reach unidentified potential Settlement Class Members.  A dedicated Settlement website will also be created to complement the paid media components.

**The Plan will deliver an estimated minimum reach of 71%.**

The specific components of the Plan are:

| Medium | Description |
|---|---|
| Direct Mailed Notice | • Notice to Settlement Class Members |
| Digital Media<br><br>Served across:<br>• Mobile<br>• Tablet<br>• Laptop<br>• Desktop | • Google Display Network, Google AdWords/Search; LinkedIn<br>• Mobile, website, and in-app<br>• Banner ads<br>• Behavioral, contextual, predictive modeling strategies<br>• Targeting to Settlement Class Member list<br>• Links tracked via Google Analytics Tags<br>• Settlement website |
| Trade Publications | Full page ads and/or digital ads in:<br>• *Business Insurance*<br>• *Risk Management*<br>• *Risk & Insurance* |
| National Newspaper | ¼ page plus ads to run in the following newspapers:<br>• *The Wall Street Journal*<br>• *The New York Times*<br>• *USA Today* |
| Earned Media | PR Newswire<br>• US1 National newswire<br>• Tweeted via PR Newswire and A.B. Data Twitter accounts |

# Target Audience

they listen to.  MRI has been accredited by the Media Ratings Council ("MRC") since 1988.  MRC requires its members to disclose all the methodological aspects, meet MRC standards for rating research, and submit to MRC-designed audits.

Page **3** of **11**

*Lincoln Adventures, LLC, et al. v. Those Certain Underwriters at Lloyd's, London Members of Syndicates, et al.*
*Case No. 2:08-cv-00235-CCC-JSA (D.N.J)*

A.B. Data utilized **audited 2022 MRI-Simmons data to research the following categories of respondents:**

- Adults with professional/managerial full-time employment; and
- Adults who have purchased small business insurance.

Below are some of the key demographic statistics that will assist in targeting potential Settlement Class Members.

| | Adults with professional/managerial full-time employment | Adults who purchased small business insurance |
|---|---|---|
| Men | 63.83% | 53.25% |
| Women | 36.17% | 46.75% |
| Age 25-69 | 92.69% | 90.35% |
| Attended/Graduated College/Post College | 88.66% | 65.07% |
| Home Owned | 83.48% | 76.45% |
| HHI $100k+ | 80.50% | 58.50% |
| County Size A & B[4] | 78.61% | 71.57% |

A complete list of all MRI demographics, including household income, occupation, education, household size, home value, marital status, marketing region, and others is available upon request.

## Digital and Social Media

---

[4]    Counties, as defined by A.C. Nielsen Company ("Nielsen"), are all counties belonging to the 25 largest metropolitan areas. These metro areas correspond to the Metropolitan Statistical Area and include the largest cities and consolidated areas in the U.S. B Counties, as defined by Nielsen, are all counties not included under category A that either have a population greater than 150,000 or are in a metro area with a population greater than 150,000 according to the latest census. C Counties, as defined by Nielsen, are all counties not included under categories A or B that either have a population greater than 40,000 or are in a metro area with a population greater than 40,000 according to the latest census. D Counties are, essentially, rural counties.

*Lincoln Adventures, LLC, et al. v. Those Certain Underwriters at Lloyd's, London Members of Syndicates, et al.*
*Case No. 2:08:cv-00235-CCC-JSA (D.N.J)*

4857-1141-9123.v1

A.B. Data recommends placing targeted cross platform digital media ads on a variety of websites and mobile applications, enabling maximum exposure and delivering the desired reach.

Based on A.B. Data's in-house ComScore[5] data analysis, it is recommended that a mix of internet banner ads and newsfeed ads be scheduled using the Google Display Network via their thousands of websites, mobile devices and apps and LinkedIn where microtargeting can assist in serving the ads to those in the financial, insurance, CFO, "C-suite," and other decision makers. A minimum of 15 million nationally targeted impressions will be purchased to deliver the necessary reach to the target audience.

LinkedIn is a social networking site designed specifically for the business community. It allows registered members to establish and document networks of people they know and trust professionally. Many keep an online list of professional contacts and business connections, search for new job opportunities, and post professional opinions and work-related information.

Banner or newsfeed ads and sponsored posts will be targeted to specific LinkedIn groups that have been formed to address CEO/C-suite level management associated with the major corporations. LinkedIn allows individuals to be targeted by selecting for job title, function, industry, and company size.

The internet campaign will be implemented over a 60-day desktop and mobile program utilizing standard IAB (Interactive Advertising Bureau) banner sizes (300 x 250, 728 x 90, 300 x 600, 3250 x 50, 300 x 50). All banners will include embedded and trackable links to the case-specific website. Links and website visits will be tracked using Google Analytics tracking codes, providing a way to optimize ads for traffic and registrations.

Ads will be served across multiple devices including mobile, tablet and desktop. Ads will be placed in premium positioning on websites ensuring they can be viewed without scrolling and easily seen when visitors first open the page.

The digital media will be chosen first to meet audience notification requirements and secondly to achieve maximum engagement with the ads. Campaigns and creative will be optimized to drive Settlement Class Members to the website. Several campaign optimization strategies will be utilized including:

| Digital Media Strategy | Digital Media Tactics |
|---|---|
| List Targeting | Creation of a target audience based on the direct list of Settlement Class Members that will receive the direct notice as well as company affiliation. |

---

[5]    ComScore is a global internet information provider on which leading companies and advertising agencies rely for consumer behavior insight and internet data usage. ComScore maintains a proprietary database of more than 2 million consumers who have given comScore permission to monitor their browsing and transaction behavior, including online and offline purchasing.

*Lincoln Adventures, LLC, et al. v. Those Certain Underwriters at Lloyd's, London Members of Syndicates, et al.*
*Case No. 2:08-cv-00235-CCC-JSA (D.N.J.)*

4857-1141-9123.v1

| Digital Media Strategy | Digital Media Tactics |
|---|---|
| Mobile In-App | Targeting users inside mobile applications that fit into our data pools. This could include news/financial apps, weather apps, or entertainment/sports apps. |
| Mobile – Websites | Targeting phones and tablets whose users are visiting websites that are contextually relevant or being visited by relevant users in our data pool. |
| Contextual | Targeting websites with relevant content and context, such as websites for insurance companies. |
| Behavioral | Targeting user IDs whose owners have shown activity in the target data pools, such as those interested in insurance companies or products, as well as those with relevant occupations and job titles. |
| Predictive Modeling | Using "look-alike" modeling to target user IDs whose owners have strong similarities to users who previously clicked through to the case website and that are on the purchaser list. |

A full analysis of digital media usage and websites visited by the target audience is available upon request.

**Google AdWords/Search**

To assist further in locating Settlement Class Members, A.B. Data will develop and monitor a Google AdWords and key search terms program. When identified target phrases and keywords to the case are entered in a search on Google and Google syndicated search pages, links to the case website will appear on the search-results pages.

Like the digital-media campaign, the Google AdWords campaign is recommended for 60 days.

A dedicated informational Settlement website will be developed to complement the notice program and to ensure Settlement Class Members' easy access to updated information. The Settlement website will be keyword-optimized, providing the opportunity for it to be listed on the first page of results from search engines.

# Print Media Placement Summary

A targeted list of print media placements is recommended to deliver the settlement message to potential Settlement Class Members and other concerned persons and entities. The following print publications are recommended. Summaries of the audience reached, editorial focus, and recommended media tactics for each consumer newspaper and trade publication follow.

*Lincoln Adventures, LLC, et al. v. Those Certain Underwriters at Lloyd's, London Members of Syndicates, et al.*
*Case No. 2:08-cv-00235-CCC-JSA (D.N.J)*

4857-1141-9123.v1

# THE WALL STREET JOURNAL.

| Publication name/website | https://www.wsj.com/ |
|---|---|
| Media Tactics | Publish Summary Notice two times to U.S. audience |
| Publishing Frequency | Monday – Saturday |
| Average Print Circulation | 697,493 |
| Editorial Focus | Publishing original business news and financial information with expanded content in arts, culture, lifestyle, and sports. |

## The New York Times

| Publication name/website | https://www.nytimes.com/ |
|---|---|
| Media Tactics | Publish Summary Notice two times to U.S. audience |
| Publishing Frequency | Daily |
| Average Print Circulation | 329,781 |
| Editorial Focus | For more than 150 years the New York Times has delivered the most thorough and uncompromising news coverage along with an insightful view of the world to its readers. |

*Lincoln Adventures, LLC, et al. v. Those Certain Underwriters at Lloyd's, London Members of Syndicates, et al.*
*Case No. 2:08:cv-00235-CCC-JSA (D.N.J)*

4857-1141-9123.v1



| Publication name/website | https://www.usatoday.com/ |
|---|---|
| Media Tactics | Publish Summary Notice two times nationally |
| Publishing Frequency | weekly |
| Average Print Circulation | 159,233 |
| Editorial Focus | Presents comprehensive coverage of the American scene including politics, foreign affairs, business and finance, the economy, law and justice, health and entertainment. |



| Publication name/website | https://www.businessinsurance.com/ |
|---|---|
| Media Tactics | Publish Summary Notice one time |
| Publishing Frequency | Monthly |
| Circulation | 58,000 |
| Editorial Focus | Serves senior-level corporate executives who are responsible for the purchase and administration of corporate insurance/self-insurance programs, encompassing both property and liability insurance, risk management and risk financing, and workers comp, rehabilitation and disability management. The readers spend billions of dollars each year protecting the assets of their businesses and their employees. |

*Lincoln Adventures, LLC, et al. v. Those Certain Underwriters at Lloyd's, London Members of Syndicates, et al.*
*Case No. 2:08:cv-00235-CCC-JSA (D.N.J)*

4857-1141-9123.v1



| Publication name/website | http://www.rmmagazine.com/ |
|---|---|
| Media Tactics | Publish Summary Notice one time |
| Publishing Frequency | 6 times per year |
| Circulation | 10,000 |
| Editorial Focus | The official publication of the Risk Management Society.  The readers of Risk Management work in all categories of industry and services from manufacturing to retail, transportation, healthcare and government entities.  In each issue they address the needs of their audience who are dedicated to protecting the operational, financial, and strategic assets of organizations. |



| Publication name/website | http://riskandinsurance.com/ |
|---|---|
| Media Tactics | Publish Summary Notice one time |
| Publishing Frequency | 6 times annually |
| Circulation | 48,823 |
| Editorial Focus | Edited for senior executives with financial responsibility, Risk & Insurance provides in-depth coverage of emerging risks and mitigation strategies its effect on the company's bottom line. |

A.B. Data will make an attempt to publish a print advertisement within Risk Management and Risk & Insurance.  However, due to the limited publishing frequency digital advertisement substitutions may be necessary to maintain notice timeline.

*Lincoln Adventures, LLC, et al. v. Those Certain Underwriters at Lloyd's, London Members of Syndicates, et al.*
*Case No. 2:08:cv-00235-CCC-JSA (D.N.J)*

4857-1141-9123.v1

## Earned Media

In addition to the notice efforts involving print publications and digital media, A.B. Data recommends that a news release be issued via PR Newswire's US1 Newsline distribution list to announce the Settlement. Through PR Newswire the news release will be distributed to the news desks of approximately 10,000 newsrooms, including print, broadcast, and digital websites across the United States.

News about the case will also be broadcast to the news media via Twitter. It will be tweeted from PR Newswire's and A.B. Data's Twitter accounts to thousands of news media and other followers. The news release will also assist with driving search engine results, which will help increase traffic to the case website.

# Notice Design Strategies

The Federal Rules of Civil Procedure require notices in class action cases to be written in "plain, easily understood language." This process will be utilized in developing the Long-Form Notice and Summary Notice for this case. A.B. Data is committed to adhering to the easily-understood-language requirement of Rule 23(c)(2) and Rule 23(b)(3).

The plain-language Summary Notice developed for this Plan will be designed to be easily seen by potential Settlement Class Members with a large, bold headline. The plain, easily understood language in the text of the Notice will allow potential Settlement Class Members the opportunity to read it at their leisure, and ensure they understand the subject of the case and the legal rights of all Settlement Class Members.

Each Summary Notice will prominently display the Settlement website address, a toll-free telephone number, and a mailing address so that potential Settlement Class Members may review the detailed Long-Form Notice and other information available regarding the case.

The online social media and banner ads will be designed to alert potential Settlement Class Members about the case. The ads will each include a link to the case website so potential Settlement Class Members may click on it and go directly to the website for answers and other case information. A.B. Data strongly recommends including product or usage photos as part of the internet, social media, and banner ads to increase awareness, generate interest, and increase the click-through rate to the website.

*Lincoln Adventures, LLC, et al. v. Those Certain Underwriters at Lloyd's, London Members of Syndicates, et al.*
*Case No. 2:08:cv-00235-CCC-JSA (D.N.J)*

**4857-1141-9123.v1**

Below is what a sample banner ad may look like.



A.B. Data will provide a dedicated website to ensure Settlement Class Members' easy access to updated information.  The website will be secure, with an "https" designation.  A.B. Data will use e-commerce best practices to develop the site so it is easy and intuitive for Settlement Class Members to navigate.

The website will contain general information about the action including relevant dates, a contact form and further information about the litigation, along with relevant pleadings.  The Settlement Class Members' legal rights and link to the claim form will be prominent on the home page along with a toll-free telephone number for any questions regarding the litigation and claims process.

## Delivery and Due Process

The proposed Plan will deliver at least 15 million impressions to the target audience, as calculated by ComScore, MRI and A.B. Data experts.  The proposed notice program will deliver an estimated reach of at least 71.0%.

The notice efforts described in this Plan reflect a strategic, microtargeted and contemporary method to deploy Notice to potential Settlement Class Members.  The proposed plan provides a reach and frequency similar to those that Courts have approved and are recommended by the Federal Judicial Center's Judges Class Action Notice and Claims Process Checklist and Plain Language Guide, which considers a 70%-95%, reach among Settlement Class Members reasonable.

*Lincoln Adventures, LLC, et al. v. Those Certain Underwriters at Lloyd's, London Members of Syndicates, et al.*
*Case No. 2:08:cv-00235-CCC-JSA (D.N.J)*

4857-1141-9123.v1